# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STUDENTS FOR FAIR ADMISSIONS, INC.,

        Plaintiff,

        v.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE (HARVARD CORPORATION),

        Defendant.

Civil Action No.
1:14-cv-14176-ADB

### HARVARD'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION

Defendant President and Fellows of Harvard College (Harvard Corporation) ("Harvard"), by and through its undersigned counsel, hereby responds and objects to Plaintiff's First Set of Requests for Production ("Requests").

### GENERAL OBJECTIONS TO ALL REQUESTS

Each of Harvard's responses is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections, or a partial response to any individual Request does not waive any of Harvard's general objections.

1.      Harvard objects to each and every Request to the extent it calls for documents and information that are not relevant to the parties' claims or defenses in this case.

2.      Harvard objects to each and every Request to the extent it seeks documents and information that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity. Any production by Harvard, inadvertent or otherwise, of information protected from disclosure by any such privilege,

protection or immunity shall not constitute or be deemed to constitute a waiver by Harvard of such protections.

3.     Harvard objects to each and every Request to the extent it purports to impose upon Harvard any duty or obligation that is inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rule.

4.     Harvard objects to each and every Request to the extent it seeks information that is publicly available and/or already in the Plaintiff's possession, custody, or control, and is therefore equally available to the Plaintiff as to Harvard.

5.     Harvard objects to each and every Request to the extent it is harassing, oppressive, duplicative, vague, ambiguous, overbroad, unduly burdensome or would require unreasonable investigation by Harvard to respond, including to the extent the Requests seek "all documents" about broad categories of information or are not reasonably limited to a certain time period.

6.     Harvard objects to each and every Request to the extent it purports to impose an obligation on Harvard to ascertain information or collect documents that are not within Harvard's possession, custody or control.  Harvard will provide only information or documents that are within its possession, custody, or control.

7.     Harvard objects to each and every Request to the extent it seeks the production of documents or the disclosure of information that constitutes or contains confidential, sensitive, or proprietary information or trade secrets.   To the extent Harvard agrees to produce documents or information that implicate these concerns, Harvard will produce such documents or disclose such information only subject to a Protective Order to be entered by the Court or such other Order or agreement that may govern production in this Action.

8.     Harvard objects to each and every Request to the extent it seeks the production of documents containing sensitive personal information of or relating to Harvard employees, applicants, alumni, donors, students, or other third parties who are not also parties to this Action or purported members of Students for Fair Admissions, Inc. ("SFFA").   To the extent Harvard agrees to produce documents or information that contain such information, Harvard will produce such documents or disclose such information only subject to a Protective Order to be entered by the Court or such other Order or agreement that may govern production in this Action, and Harvard will redact information that may identify or enable the identification of a specific individual.

9.     Harvard objects to each and every Request to the extent it seeks the production of information relating to the academic or other performance of individual enrolled students after their enrollment at Harvard on the grounds that such documents and information are irrelevant to this Action and that the production of such documents and information would constitute a clearly unwarranted invasion of such students' personal privacy.

10.     Harvard objects to each and every Request to the extent it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.

11.     Harvard objects to each and every Request to the extent it purports to impose a duty on Harvard to seek information or documents through something other than a reasonable search of files or locations where potentially responsive materials or information reasonably would be expected to be found.   Harvard's representation that it will produce responsive documents means that it will make a reasonable effort to locate responsive documents and that it will produce any

non-privileged, responsive documents that are found.   This search will be restricted to a reasonable time period and to identified custodians and, in the case of electronically stored information (ESI), may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.   None of Harvard's responses herein shall constitute a waiver of any defenses, protections, or rights accorded to it.   In addition, none of these responses, including but not limited to any statement that certain information will be provided or a document will be produced, is an admission relative to the existence of any such information or documents, to the relevance or admissibility of any such information or documents, or to the truth or accuracy of any statement or characterization contained in the Request.   Harvard reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use or admissibility of any information or documents that it produces, in whole or in part, in this or in any other action, including at trial.

12.   Harvard objects to each and every Request to the extent it calls for the production of ESI and to the extent it requires Harvard to search sources that are not reasonably accessible and would be unduly burdensome to search.   Harvard has already started—and is willing to continue—to confer with Plaintiff about ESI to be produced based on reasonable lists of search terms, custodians, and sources of ESI to be collected.

13.   Harvard objects to each and every Request to the extent it purports to require Harvard to produce multiple, identical copies of the same document.   Unless otherwise indicated, Harvard will not produce identical copies of any documents.

14.   Harvard objects to each and every Request to the extent it requires Harvard to draw a legal conclusion.

15.     Harvard objects to each and every Request to the extent it is argumentative and/or presupposes the accuracy of Plaintiff's allegations.   Neither the responses herein, nor the production of any documents in response to these Requests shall serve as an admission as to the accuracy of any statement, characterization, or inference in any Request or any of the allegations in Plaintiff's Complaint.

16.     Harvard objects to each and every Request to the extent it calls for the production of documents or information provided to Harvard by any third party.   Any responsive information of third parties shall be produced only to the extent permitted by state and federal law, and to the extent the provision of such information would not breach a contractual obligation.   Harvard's production of such third-party information is also subject to its General Objections Nos. 7 and 8, above.

17.     Harvard's investigation is ongoing.   These objections and responses are made on the basis of Harvard's investigation to date and upon information currently available to and located by it after reasonable inquiry.   Harvard reserves the right to amend, supplement, or modify its responses as further information becomes available and known.

18.     Harvard will make reasonable efforts to respond to the Requests, to the extent no objection is made, as Harvard understands and interprets each Request.   If Plaintiff subsequently asserts any interpretation of any Request that differs from Harvard's interpretation, Harvard reserves the right to supplement and amend its objections and responses.

19.     Unless otherwise expressly indicated, Harvard will not produce any documents encompassed by the foregoing objections.

20.     Harvard further reserves the right to object on any ground at any time to a demand or request for further response, and the right at any time to review, correct, supplement or clarify any of the responses contained herein.

## OBJECTIONS TO INSTRUCTIONS

Harvard objects to the instructions appearing in the Requests and to any specific Request that incorporates those definitions as follows:

1.     Harvard objects to Instruction No. 1 on the grounds that it is overly broad and unduly burdensome to the extent it requires Harvard to search for or produce documents in the possession, custody, or control of "agents and representatives."   Harvard will only search for and produce documents in this Action in its possession, custody, or control.   Harvard further objects to this instruction on the ground that "produce separately" is vague and ambiguous.   Harvard will make a reasonable effort to locate documents responsive to these Requests and will produce any non-privileged, responsive documents that are found.   This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

2.     Harvard objects to Instruction No. 2 on the grounds that it is overly broad and unduly burdensome to the extent it purports to obligate Harvard to search the documents of any and all employees, representatives, or agents of a partnership, limited liability company, or corporate entity about whom a Request is made.   Harvard further objects to Instruction No. 2 to the extent it seeks documents and information that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.   Harvard will make a reasonable effort to locate documents responsive to these

Requests and will produce any non-privileged, responsive documents that are found.   This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

3.     Harvard objects to Instruction No. 3 on the ground that it purports to impose an obligation on Harvard to provide personal information of or relating to individual applicants, admitted students, transfer applicants, or enrolled students, as further explained in General Objections Nos. 7-10, *supra*.   Harvard will not produce documents or information concerning individual transfer applicants on the ground that such documents and information are irrelevant to this Action.   Harvard also will not produce information relating to the academic or other performance of individual enrolled students after their enrollment at Harvard on the grounds that such documents and information are irrelevant to this Action and that the production of such documents and information would constitute a clearly unwarranted invasion of such students' personal privacy.

5.     Harvard objects to Instruction No. 5 on the grounds that it is overly broad and unduly burdensome to the extent it requires Harvard to (i) list the job titles of all persons to whom copies of privileged documents were provided and (ii) state the Request to which the privileged document is responsive.   Harvard further specifically objects to Instruction No. 5 to the extent it requires Harvard to log documents created after the commencement of the Action on November 17, 2014, or prepared in connection with the defense of, or response to, other litigation or investigations.   Harvard further objects to this Instruction to the extent it requires Harvard to

produce a log of documents redacted on the basis of the attorney-client privilege, the work product doctrine, or any other privilege.

Subject to and without waiving the foregoing General and Specific objections, Harvard will produce a log of documents withheld on the basis of privilege, if any, consistent with its obligations under Federal Rule of Civil Procedure 26(b)(5)(A).   Harvard will not log documents created on or after November 17, 2014, as such documents are overwhelmingly likely to be protected from disclosure by the attorney-client privilege and the work product doctrine, nor will Harvard log documents prepared in connection with the defense of, or response to, other litigation or investigations.   Harvard will not log documents redacted on the basis of the attorney-client privilege, the work product doctrine, or any other privilege.

6.      Harvard objects to Instruction No. 6 to the extent it purports to impose an obligation on Harvard to investigate documents not in its possession, custody, or control.

7.      Harvard objects to Instruction No. 7 to the extent it purports to impose obligations on Harvard beyond those established by the Federal Rules of Civil Procedure or agreed to by the parties.   Harvard further objects to this Instruction to the extent it purports to impose an obligation on Harvard to produce documents or portions of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection or immunity.

8.      Harvard objects to Instruction No. 8 to the extent it purports to impose an obligation on Harvard to produce documents created after the November 17, 2014 filing of the Complaint in this Action, as such documents are overwhelmingly likely to be protected from disclosure by the attorney-client privilege and the work product doctrine.

**OBJECTIONS TO TIME PERIOD**

Harvard objects to the definition of Relevant Period to the extent it seeks information about communications that occurred after the filing of the November 17, 2014 complaint, on the ground that such information is overwhelmingly likely to be protected from disclosure by the attorney-client privilege and the work product doctrine. Harvard further objects to the definition of Relevant Period as beginning on September 1, 2011, on the ground that such a temporal scope for these Requests is unduly burdensome and unlikely to lead to the discovery of relevant information. Harvard further objects to any Request that seeks documents "from any time" on the grounds that an unlimited time period is overly broad, unduly burdensome, and unlikely to lead to the discovery of relevant information.

Harvard will make a reasonable effort to locate documents responsive to these Requests and will produce any non-privileged, responsive documents that are found. This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms. Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

**OBJECTIONS TO DEFINITIONS**

1.     Harvard objects to the definition of "Electronic Databases" on the grounds that it is overly broad, unduly burdensome, and not relevant to the extent it seeks information or documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions. Harvard further specifically objects to this definition to the extent that it calls for information of or relating to transfer applicants, financial aid awards offered to admitted students, or the academic or other performance of enrolled students following their enrollment at Harvard, on the grounds that such information is not relevant to the parties' claims and defenses in

9

this Action, and that production of such information would be unduly burdensome and would constitute a clearly unwarranted invasion of personal privacy.

2.      Harvard objects to the definitions of "Harvard," "You," and "Your" on the grounds that they are overly broad, unduly burdensome, and irrelevant to the extent they encompass entities or individuals with no role in Harvard College admissions decisions or who worked for Harvard only outside of a reasonable time period.  Harvard further objects to the definitions of "Harvard," "You," and "Your" to the extent they seek to impose an obligation on Harvard to provide information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.

3.      Harvard objects to the definitions of "the present" or "present time" to the extent they seek to impose an obligation on Harvard to provide information or documents relating to events that occurred after the commencement of this Action on November 17, 2014.

4.      Harvard objects to the definition of "Printed Database" on the grounds that it is overly broad, unduly burdensome, and not relevant to the extent it seeks information or documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this definition on the grounds that it is vague and ambiguous.  Harvard further specifically objects to this definition to the extent that it calls for information of or relating to transfer applicants, financial aid awards offered to admitted students, or the academic or other performance of enrolled students following their enrollment at Harvard, on the grounds that such information is not relevant to the parties' claims and defenses in this Action, and that production of such information would be unduly burdensome and would constitute a clearly unwarranted invasion of personal privacy.

5.      Harvard objects to the definition of "Relate" on the grounds that it is vague, overly broad, unduly burdensome, and calls for irrelevant information and documents.

6.      Harvard objects to the definition of "Representative" on the grounds that it is overly broad, unduly burdensome, and calls for irrelevant information and documents to the extent it encompasses entities or individuals with no role in Harvard College undergraduate freshman admissions decisions.

**RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS**

1.      *All Electronic Databases from any time that include information concerning early action applications, early action admissions, other freshman applications, other freshman admissions, transfer applications, transfer admissions, freshman enrollment, and total undergraduate enrollment.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks Harvard's proprietary Electronic Databases, as opposed to the information contained therein.   Harvard further objects to this Request to the extent it seeks personal information of or relating to individual applicants, transfer applicants, students who have accepted their offers of admission, or enrolled students who are not parties to this litigation or purported members of SFFA.   Harvard further objects to this Request to the extent that it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.   Harvard further objects to the temporal scope of this Request on the ground that it is unduly burdensome.

11

Subject to and without waiving the foregoing General and Specific Objections, and to the extent permitted by law, Harvard will produce, for a reasonable time period, information responsive to this request from electronic databases maintained by the Office of Admissions and Financial Aid ("Office of Admissions"), other than information that could be used to identify individual applicants, and not including data relating to transfer applicants.

2.     *For any Electronic Database responsive to Request No. 1, provide any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other useful information on the content or makeup of the data, variables, and observations in such Electronic Databases.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the ground that it is unnecessary because Harvard will provide the data stored in the database, rather than the database itself.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.   Harvard further objects to this Request to the extent it seeks documents that contain trade secrets or other proprietary information relating to any Electronic Database.

3.     *Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 1.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request to the

12

extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will produce documents from a reasonable time period sufficient to show the fields or variables included in any document or documents produced pursuant to Request No. 1.

4.      *All Printed Databases from the Relevant Period that include any information concerning early action applications, early action admissions, other freshman applications, other freshman admissions, transfer applications, transfer admissions, freshman enrollment, and total undergraduate enrollment.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.  Harvard further objects to this Request on the ground that it implicates privacy concerns to the extent it seeks personal information about applicants, transfer applicants, students who have accepted offers of admission, or enrolled students who are not also parties to this litigation or members of SFFA.   Harvard further objects to this Request to the extent that it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.  Harvard further objects to the temporal scope of this Request on the ground that it is unduly burdensome.   Harvard further objects to this Request on the ground that the term "Printed Database" is vague and ambiguous.

13

Subject to and without waiving the foregoing General and Specific Objections, and to the extent permitted by law, Harvard will produce, for a reasonable time period, information responsive to this request from printed databases maintained by the Office of Admissions and Financial Aid ("Office of Admissions"), other than information that could be used to identify individual applicants, and not including data relating to transfer applicants.

5.     *For any Printed Database responsive to Request No. 4, provide any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other useful information on the content or makeup of the data, variables, and observations in such Printed Databases.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is vague, irrelevant, overly broad, and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.

6.     *Documents sufficient to show the fields or variables included within the Printed Databases responsive to Request No. 4.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is vague, irrelevant, overly broad, and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.

14

7.      *Any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other useful information on the content or makeup of the data, variables, and observations in any Electronic Database that includes information from any time concerning the academic performance of any enrolled student.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it seeks documents or information irrelevant to this Action to the extent it seeks information of or relating to the academic performance of individual enrolled students following their enrollment at Harvard.   Harvard further objects to this Request to the extent that it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.   Harvard further objects that this Request implicates privacy concerns to the extent it seeks documents containing personal information regarding individual applicants who are not parties to this litigation.   Harvard further objects to this request on the grounds that it is vague and ambiguous as to the meaning of the term "observations."   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.   Harvard further objects to the temporal scope of this Request because it is overly broad and unduly burdensome.

8.      *Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 7.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is irrelevant, vague, and ambiguous.   Harvard further

15

objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.

9.      *Any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other useful information on the content or makeup of the data, variables, and observations in any Printed Database that includes information from any time concerning the academic performance of any enrolled student.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it seeks documents or information irrelevant to this Action to the extent it seeks documents of or relating to the academic performance of individual enrolled students following their enrollment at Harvard.   Harvard further objects to this Request on the grounds that it is vague and ambiguous.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.   Harvard further objects to the temporal scope of this Request because it is overly broad and unduly burdensome.

10.      *Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 9.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is irrelevant, vague, and ambiguous, in that this Request refers to "Electronic Databases," while Request No. 9 refers to "Printed Databases." Harvard interprets this Request's reference to databases "responsive to Request No. 9" as referring to the "Printed Databases" requested in Request No. 9.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.   Harvard objects to this Request on the grounds

16

that it is unduly burdensome and seeks documents or information irrelevant to this Action to the extent it seeks documents of or relating to the academic performance of individual enrolled students following their enrollment at Harvard.

11.     *Any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other useful information on the content or makeup of the data, variables, and observations in any Electronic Database that includes information from any time specifically concerning the academic performance of any enrolled Underrepresented Minority student.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it seeks information and documents that are irrelevant to this Action to the extent it seeks documents of or relating to the academic performance of individual enrolled students following their enrollment at Harvard.   Harvard further objects to this Request on the grounds that it is vague and ambiguous.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.   Harvard further objects to the temporal scope of this Request because it is overly broad and unduly burdensome.

12.     *Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 11.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is irrelevant, vague, and ambiguous.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents.   Harvard further objects to this Request on the grounds that it is unduly burdensome and seeks information and documents

17

that are irrelevant to this Action to the extent it seeks documents of or relating to the academic performance of individual enrolled students following their enrollment at Harvard. Harvard further objects to the temporal scope of this Request because it is overly broad and unduly burdensome.

13.   *Any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other useful information on the content or makeup of the data, variables, and observations in any Printed Database that includes information from any time specifically concerning the academic performance of any enrolled Underrepresented Minority student.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is unduly burdensome and seeks information that is irrelevant to this Action to the extent it seeks documents regarding the academic performance of individual enrolled students following their enrollment at Harvard. Harvard further objects to this Request on the grounds that it is vague and ambiguous. Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents. Harvard further objects to the temporal scope of this Request because it is overly broad and unduly burdensome.

14.   *Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 13.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is irrelevant, vague, and ambiguous. Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents. Harvard further objects to the temporal scope of this Request because it is overly broad and unduly burdensome.

18

15.     *All documents from the Relevant Period prepared by You concerning the racial composition of the pool of applicants, admitted persons, or enrollees to Harvard.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions and the racial composition of the pool of applicants, admitted persons, or enrollees.   Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.   Harvard further objects to this Request to the extent it requires Harvard to produce publicly available information.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents sufficient to show the racial composition of the pool of applicants, admitted persons, or enrollees to Harvard.   This search will be restricted to a reasonable time period and may be restricted to identified custodians and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

16.     *Documents sufficient to show all of Your employees within the admissions office during the Relevant Period, including each employee's title, responsibilities within the admissions office, race, and, if applicable, the number of admissions files each employee reviews annually, any geographic area of responsibility, and any other basis for assigning responsibility for review of any application.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is irrelevant to the extent it seeks information

regarding the race of admissions office employees, and Harvard will not produce information responsive to that portion of the Request.   Harvard further objects to this Request to the extent it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to produce such documents.

Subject to and without waiving the foregoing General and Specific Objections, Harvard states that it already produced via e-mail to counsel for SFFA a list of admissions staff identifying their titles and responsibilities on May 22, 2015, and a list of docket chairs, admissions officers, and geographic dockets on June 8, 2015.   Harvard will make a reasonable search restricted to a reasonable time period for documents responsive to this Request and will produce non-privileged documents, if any, that are responsive to this Request.

17.    *All training manuals or other formal instructional materials from any time used to train or guide Your admissions personnel on how to perform admissions tasks, including the evaluation of admissions files, the preparation of admissions reports, outreach activities, and recruitment activities.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to the temporal scope of this Request on the grounds that it is unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will make a reasonable search restricted to a reasonable time period for documents responsive to this Request and will produce non-privileged documents, if any, that are responsive to this Request.

18.     *Documents sufficient to show any forms used to evaluate applicants to Harvard during the Relevant Period, including (but not limited to) copies of forms used by outside and/or alumni interviewers; forms used by staff interviewing or meeting with applicants or potential applicants; forms used by staff in evaluating individual admissions files, and application summary sheets.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that the phrase "used by outside ... interviewers" is vague and ambiguous as used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will make a reasonable search restricted to a reasonable time period for documents in Harvard's possession, custody, or control that are responsive to this Request and will produce non-privileged documents, if any, that are responsive to this Request.

19.     *Documents sufficient to show the alumni interviewers you have used to interview, recruit, or review potential applicants during the Relevant Period in the following geographic areas:*

| State | Jurisdictions |
|-------|---------------|
| California | Entire State |
| Connecticut | Entire State |
| Washington, DC | Entire District |
| Georgia | DeKalb County, Fulton County, Gwinnett County |
| Illinois | Cook County |
| Maryland | Montgomery County |
| New Jersey | Entire State |

21

| New York | New York City, Nassau County, Suffolk County, Westchester County |
|---|---|
| Texas | Arlington, Dallas County, Fort Worth, Harris County, Travis County |
| Virginia | Arlington County, Alexandria, Fairfax County |
| Washington | King County, Pierce County, Snohomish County |

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.  Harvard further objects to this Request on the ground that it seeks the production of information about individuals who are not parties to this litigation, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Harvard further objects to this Request on the ground that the identities of individual alumni interviewers are not relevant to the parties' claims and defenses in this Action.

20.    *All guidelines and manuals used by your admissions office during the Relevant Period, including (but not limited to) the documents described in Section II(I) of your Rule 26(a)(1)(a)(ii) disclosures.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will make a reasonable search restricted to a reasonable time period for documents responsive to this Request and will produce non-privileged documents, if any, that are responsive to this Request.

21.    *All documents concerning any research performed by persons in your admissions office on any prospective applicant during the Relevant Period, including, but not limited to, Internet and social media research on a prospective applicant.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome.   Harvard further objects to this Request to the extent it would impose an obligation on Harvard to recreate any internet research that may have been conducted, or to create any documents that do not already exist.   Harvard further objects to this Request to the extent that it seeks documents that are not in Harvard's possession or purports to create an obligation for Harvard to create such documents. Harvard further objects to this Request on the grounds that it seeks information that is irrelevant to this Action to the extent it seeks documents not related to race, ethnicity, or national origin.   *See* Response to Interrogatory No. 3

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search of ESI for documents that are used in the undergraduate freshman admissions process in connection with admissions decisions.   This search will be restricted to a reasonable time period, to identified custodians, and by the application of search terms.   To the extent documents responsive to this Request are identified in the foregoing search, Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

22.    *All communications from the Relevant Period by or among Your employees or agents regarding the use of race in the admissions process, including (but not limited to): the importance of diversity; any goals or targets for the racial composition of a particular admissions cycle or subset of applicants, admitted students or enrolled students; Your efforts to achieve a*

*critical mass of Underrepresented Minority students; and your efforts to increase or decrease the number of applicants, admitted students, or enrollees at Harvard by race.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions. Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this Request. This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms. Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

23. *All communications from any time by or among Your employees or agents regarding: Your use of race as a tiebreaker in the admissions process; any adjustments made to the criteria of admissions for particular racial groups or subsets; and any changes or evaluations of Your admissions policies in light of U.S. Supreme Court decisions.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions. Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the

24

work product doctrine, or any other privilege, protection, or immunity.   Harvard further objects to the temporal scope of this Request on the grounds that it is unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search of ESI for documents responsive to this Request.   This search will be restricted to a reasonable time period, to identified custodians, and by the application of search terms.   To the extent documents responsive to this Request are identified in the foregoing search, Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

24.   *A preliminary sample, stratified by race, of the complete application files (including summary sheets, notes and other documents You prepared to supplement the application as received) for admission You received and evaluated during the Relevant Period, to be used by the parties to determine the number of complete application files needed to form a statistically significant sample of complete application files from the Relevant Period.   This preliminary sample shall include 400 complete application files from each of the four major racial categories (Asian, Black or African-American, Hispanic or Latino, and White) from each admissions cycle during the Relevant Period.   These complete application files will be randomly selected in a manner mutually agreed upon by the parties.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request to the extent that it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.   Harvard further objects that this Request implicates privacy concerns to the extent it seeks documents containing personal information regarding individual applicants who are not parties to this

25

litigation.   Harvard further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks a burdensomely high volume of applicant files.   Harvard further objects to this Request to the extent it seeks information not relevant to the parties' claims or defenses.   Harvard further objects to the temporal scope of this Request on the grounds that it is unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent permitted by law, Harvard is willing to produce 80 applicant files from the graduating class of 2019 chosen by SFFA based on its review of the applicant data that Harvard will produce in response to RFP No. 1, in addition to 80 applicant files of Harvard's choosing.   Harvard will produce these files only upon receipt of an appropriate request or order as required under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and other applicable laws.   Further, Harvard will produce such documents only subject to a Protective Order to be entered by the Court or such other Order or agreement that may govern production in this Action, and Harvard will redact information that may identify or enable the identification of a specific individual.

25.   *Any documents from the Relevant Period describing efforts of your admissions office to identify or recruit students based upon their or their household's income, wealth, or other socioeconomic factor.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the ground that the term "efforts" is vague and ambiguous as used in this Request.

26

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this request.   This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

26.   *Any documents from the Relevant Period describing efforts of your admissions office to identify or recruit students from geographic regions underrepresented at Harvard.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the ground that the term "efforts" is vague and ambiguous as used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this Request.   This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

27.   *Your forms, policies, rules, guidelines or standards from the Relevant Period for classifying or describing the race of applicants for admission to Harvard, including (but not limited to):*

a.      *descriptions of race on admissions forms;*
b.      *descriptions of race to the government of the United States, any state, or political subdivision thereof;*
c.      *descriptions of race on internal records;*
d.      *descriptions of race to any other party.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the ground that it is overly broad to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the ground that it is vague and ambiguous in its use of the term "descriptions of race to the government of the United States, any state, or political subdivision thereof."

Subject to and without waiving the foregoing General and Specific Objections, Harvard will produce documents sufficient to show how Harvard describes the race of applicants.

28.     *All documents concerning any deviation, exceptions, or departures You made from Your published admissions criteria during the Relevant Period.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the ground that the phrase "deviation, exceptions, or departures" is vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Harvard states, based on current information and its investigation to date, that no documents responsive to this Request exist.   Harvard specifically reserves the right to supplement this response to the extent it identifies responsive documents in the future.

29.     *All documents from the Relevant Period concerning the use in the admissions process of information regarding an applicant's relation to alumni of Harvard or donors of more than $100,000 to Harvard.*

28

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome. Harvard further objects to this Request on the ground that it implicates privacy concerns by seeking the production of documents containing the personal information of applicants, donors, alumni, or other third parties who are not parties to this Action.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search of ESI for documents that are used in the undergraduate freshman admissions process in connection with admissions decisions.   This search will be restricted to a reasonable time period, to identified custodians, and by the application of search terms.   To the extent documents responsive to this Request are identified in the foregoing search, Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

30.     *All documents reflecting the comparison of any two or more individual applicants for admission to Harvard as part of the admission decision-making process during the Relevant Period.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome.   Harvard further objects to this Request on the ground that the term "comparison" is vague and ambiguous as used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search of ESI for documents that are used in the undergraduate freshman admissions process in connection with admissions decisions.   This search will be restricted to a reasonable time period, to identified custodians, and by the application of search terms.   To the

extent documents responsive to this Request are identified in the foregoing search, Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

31.     *All certifications or reports to the government of the United States or any State or political subdivision concerning, in whole or in part, the use of race in the admissions process at Harvard during the Relevant Period.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome.   Harvard further objects to this Request on the ground that it is vague and ambiguous in its use of the phrase "[a]ll certifications or reports."

Subject to and without waiving the foregoing General and Specific Objections, Harvard will produce responsive non-privileged formal certifications or reports from a reasonable time period made to the United States government or any State government on the subject of the use of race in the admissions process at Harvard, if any.

32.     *All communications with third parties (including, but not limited to, testing services, college boards, accreditation bodies, educational associations, ratings providers, and secondary schools, but excluding applicants and their families) during the Relevant Period concerning the use of race in your admissions process or the racial composition of your applicants, admitted students, and enrolled students.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome.   Harvard further objects to this Request to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this Request.  This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.  Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

33.    *All documents from the Relevant Period that seek to measure, estimate, or predict, using race or other demographic variables, the application rate of high school students to Harvard, the rate at which applicants are admitted, the rate at which admitted students enroll, the academic performance at Harvard of enrolled students, the major selection at Harvard of enrolled students, the dropout rate at Harvard of enrolled students, the graduation rate at Harvard of enrolled students, or the debt levels accrued by enrolled students while at Harvard.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad, unduly burdensome, and calls for irrelevant information.  Harvard further objects to this Request on the ground that it implicates privacy concerns to the extent it seeks documents or information regarding students who have accepted their offers of admission or enrolled students.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents in its possession, custody, or control that seek to measure the application rate of high school students to Harvard, the rate at which applicants are admitted, and the rate at which admitted students enroll, using race or ethnicity.   This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

31

34.    *All reports, examinations, accounts, analyses, complaints or other documents from any time describing alleged discrimination against persons of Asian descent in the admissions process at Harvard.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to the temporal scope of this Request on the ground that it is unduly burdensome.   Harvard further objects on the ground that the phrases "reports, examinations, accounts, analyses, complaints or other documents" and "persons of Asian descent" are vague and ambiguous as used in this Request.   Harvard further objects to the extent this Request seeks information that is publicly available.   Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search, limited to a reasonable time period, for documents responsive to this Request, and will produce responsive non-privileged documents, if any, evidencing specific allegations or investigations of discrimination against Asian-Americans in Harvard undergraduate freshman admissions.

35.    *All reports, examinations, accounts, analyses, complaints or other documents from any time describing alleged discrimination against or in favor of Jewish persons in the admissions process at Harvard.*

32

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the ground that it is not relevant and seeks information not related to the parties' claims or defenses in this case.

36.     *All documents concerning any complaint You received about the use of race in Your admissions process during the Relevant Period, including (but not limited to) documents concerning to the investigation and resolution of any complaint.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the grounds that it is vague and ambiguous in its use of the term "complaint."   Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search, limited to a reasonable time period, for documents responsive to this Request, and will produce responsive non-privileged documents, if any, evidencing specific allegations of discrimination on the basis of race in Harvard undergraduate freshman admissions and not already produced in response to Request No. 34.

33

37.     *All reports, analyses, surveys, or other reviews or assessments prepared by Your employees or agents during the Relevant Period concerning race-neutral alternatives.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the grounds that it is vague and ambiguous.   Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this Request.   This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

38.     *All documents from each admissions cycle during the Relevant Period sufficient to show that You considered and determined that no workable race-neutral alternatives would produce the educational benefits of diversity.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request on the grounds that it is vague and ambiguous.   Harvard further objects to this Request to the

34

extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this Request.  This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.  Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

39.    *All documents concerning Your ranking, weighting, and evaluation of secondary schools during the Relevant Period and any documents sufficient to show how You arrived at such rankings, weighting, and evaluation of secondary schools.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad, unduly burdensome, and irrelevant to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.  Harvard further objects that the terms "weighting," "ranking," and "evaluation" are vague and ambiguous as used in this Request. Harvard further objects to this Request on the ground that it is not relevant to the extent it seeks information not related to the parties' claims or defenses in this case.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this Request.  This search will be restricted to a reasonable time period and to identified custodians and, in the case of ESI, may be restricted by the application of search terms.  Harvard will produce responsive, non-privileged documents, to the extent any exist, as they are kept in the ordinary course of business.

40. *All communications during the Relevant Period concerning SFFA, the Plaintiff and its representatives, the Complaint, or this action (before or after it was filed).*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad, unduly burdensome, and irrelevant to the extent it seeks documents beyond those sufficient to show Harvard's relevant policies and practices regarding undergraduate freshman admissions.   Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.   Harvard further objects to this Request to the extent it seeks documents created on or after November 17, 2014.

Subject to and without waiving the foregoing General and Specific Objections, Harvard will conduct a reasonable search for documents responsive to this Request.   This search will be restricted to a reasonable time period and to identified custodians, and, in the case of ESI, may be restricted by the application of search terms.   Harvard will produce responsive, non-privileged documents predating November 17, 2014, to the extent any exist, as they are kept in the ordinary course of business.   Harvard will not include in any privilege log documents created after November 17, 2014 or prepared in connection with the defense of, or response to, other litigation or investigations, as such documents are overwhelmingly likely to be protected from disclosure by the attorney-client privilege and the work product doctrine.

41. *All documents from any time that Harvard contends support any denial or defense in the Answer to the Complaint.*

In addition to and specifically incorporating the foregoing General Objections, Harvard objects to this Request on the grounds that it is overly broad and unduly burdensome.   Harvard further objects to this Request to the extent it seeks information that is protected from disclosure by

36

the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.   Harvard further objects to the temporal scope of this Request on the ground that it is unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Harvard states its investigation is ongoing and it will produce responsive non-privileged documents as it identifies them.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE (HARVARD CORPORATION)

By its attorneys,

/s/ Seth P. Waxman
Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687

37

Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Counsel for Defendant President and
Fellows of Harvard College*

Dated:   June 15, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2015, I caused a true and correct copy of the foregoing

Responses to Plaintiff's First Set of Requests for Production to be served by email on the following

counsel of record:

William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PLLC
3033 Wilson Boulevard
Suite 700
Arlington, VA 22201
Tel:  (703) 243-4923
Fax:  (703) 243-4923
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
Boston, Massachusetts 02109
Tel:  (617) 227-0548
patrick@consovoymccarthy.com

Paul M. Sanford
Benjamin C. Caldwell
BURNS & LEVINSON LLP
One Citizens Plaza
Suite 1100
Providence, RI 02903
Tel:  (617) 345-3000
Fax:  (617) 345-3299
psanford@burnslev.com
bcaldwell@burnslev.com

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth

39