UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

## HARVARD'S RESPONSE TO PROPOSED DEFENDANT-INTERVENORS' MOTION FOR STAY PENDING APPEAL

Proposed Defendant-Intervenors ("Movants") have moved to stay this litigation pending the First Circuit's resolution of their appeal from the denial of intervention. As Defendant President and Fellows of Harvard College ("Harvard") has previously explained (Dkts. 59, 77), this case should be stayed pending the Supreme Court's decision in *Fisher v. University of Texas at Austin*, No. 14-981 (*Fisher II*). Granting Harvard's motion to stay will make it unnecessary, at least at present, for this Court to rule on Movants' motion to stay proceedings pending their appeal to the First Circuit. Should it be necessary for the Court to reach the merits of Movants' motion, Harvard submits that Movants are not entitled to a stay because their appeal is unlikely to succeed. But Harvard agrees with Movants that considerations of burden and efficiency warrant proceeding with care, particularly because SFFA has not shown that a temporary stay would harm any of its members.[1]

---

[1] In opposing *Movants'* request for a stay, SFFA inexplicably devotes the first three pages of its response to a diatribe against *Harvard's* supposedly dilatory conduct—which, in SFFA's account, consists mainly of the apparently outlandish request that costly and intrusive discovery

**I.     If The Court Grants Harvard's Stay Motion, It Need Not Address Movants' Motion At Present**

Harvard and Movants agree that a stay is warranted in this case, but for different reasons: Movants argue that they have a likelihood of success on the merits of their appeal from the Court's denial of intervention and will be prejudiced by fact development during the pendency of that appeal, whereas Harvard has submitted that it would be inefficient and unduly burdensome for the parties to engage in discovery (and for the Court to supervise that discovery) while the Supreme Court is considering *Fisher II*, which may clarify or change the legal standards governing this case.

Granting Harvard's motion would make it unnecessary for this Court to rule on Movants' motion, at least at present and perhaps ever. The Supreme Court is likely to decide *Fisher II* by the end of June 2016. Although it is uncertain when the First Circuit would rule on Movants' appeal, a decision by that time is certainly possible, especially given that Movants have sought to expedite the appeal so that briefing would be complete by October 5, 2015. If Movants' appeal

---

in this action be stayed pending the Supreme Court's decision in a case that could affect the legal standards to be applied to this case and that even SFFA's President has described as closely related. SFFA's invective is completely irrelevant to this motion. It also misrepresents the status of discovery in this case, as discussed extensively at the July 15 status conference. Although neither party has produced documents, both sides have exchanged interrogatories and requests for production, and SFFA has taken a daylong deposition of Harvard's Director of Admissions (which Harvard scheduled promptly). SFFA complains about the time required to negotiate a protective order, but that order was rendered necessary by SFFA's demand for voluminous documents, including records disclosing sensitive details about the lives of applicants to and students at Harvard, and *both* parties took the time to negotiate the inclusion of terms important to them. SFFA would prefer that discovery proceed more quickly, and it can properly give voice to that preference by filing motions to compel (as it has already done). But briefing on a *third-party* request for a stay pending appeal is not the place to address pace-of-discovery issues. Harvard will therefore not burden the Court with a further response to SFFA's threats and accusations, but its forbearance should not be taken as a sign that it agrees with any of what SFFA has said.

remains pending when *Fisher II* is decided, the Court could consider at that time whether a further stay would be warranted.

## II.     Movants' Appeal Is Unlikely To Succeed

Although Harvard agrees that a stay is appropriate in this case, Harvard disagrees with Movants' assertion (at 6) that "there is a 'reasonable possibility'" the First Circuit will reverse this Court's decision to deny intervention.  Movants cite *Cotter v. Mass. Ass'n of Minority Law Enforcement Officers*, 219 F.3d 31 (1st Cir. 2000), for the proposition (at 7) that "intervention is a right for minorities whose underrepresentation as a group is an issue in litigation."  But whether or not Movants have a protectable interest at stake in this litigation, they have no right to intervene because Harvard will adequately represent their interests.  *See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009) (stating inadequacy criterion for intervention as of right); *Cotter*, 219 F.3d at 35-36 (conducting a case-specific, fact-intensive analysis of inadequacy).  As this Court found in denying intervention, "Harvard shares" Movants' "ultimate goal in this litigation … and intends to mount a 'vigorous defense' of its admissions policies," and Movants' arguments that Harvard will not adequately represent their interests are at best "speculative."  Mem. and Order on Proposed Defendant-Intervenors' Motion to Intervene 16 (Dkt. 52) ("Intervention Order").

Movants have pointed to nothing to suggest that the Court erred in concluding that Harvard will adequately—indeed, forcefully—protect their interests in this case.   Movants rely on *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999), in which the Sixth Circuit reversed the denial of intervention in a prior challenge to the consideration of race in university admissions.  But as the Court rightly explained in denying intervention, "the Sixth Circuit applied, in its own words, 'a "rather expansive notion of the interest sufficient to invoke intervention of right"'"—

3

considerably more expansive than the First Circuit's. Intervention Order 14. There is no reason to expect the First Circuit will realign its doctrine in this case.

Finally, Movants do not even argue that the First Circuit is likely to reverse the Court's denial of permissive intervention—and that is indeed unlikely, given the degree of deference owed to the Court's "very broad discretion" on that subject. *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *see also R & G Mortgage*, 584 F.3d at 11.

Respectfully submitted,

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

                                        Debo P. Adegbile (*pro hac vice*)
                                        WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                        7 World Trade Center
                                        250 Greenwich Street
                                        New York, NY 10007
                                        Tel: (212) 295-6717
                                        Fax: (212) 230-8888
                                        debo.adegbile@wilmerhale.com

Dated:  August 17, 2015                             *Counsel for Defendant President and*
                                                       *Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on August 17, 2015.

                  /s/ Felicia H. Ellsworth
                  Felicia H. Ellsworth