# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | |
| Plaintiff, | Civil Action No. 1:14-cv-14176-ADB |
| v. | **EMERGENCY RELIEF REQUESTED** |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION OF PRESIDENT AND FELLOWS OF HARVARD COLLEGE FOR PROTECTIVE ORDER AND A TEMPORARY STAY OF DEPOSITIONS

Defendant President and Fellows of Harvard College ("Harvard") has moved to stay discovery in this litigation pending the Supreme Court's resolution of *Fisher v. University of Texas*  (No. 14-981) ("*Fisher II*"), a case backed by the president of Plaintiff Students for Fair Admissions, Inc. ("SFFA"), and litigated by its counsel, in which they are asking the Supreme Court to clarify the standards that will govern this action.  *See* Memorandum in Support of Harvard's Motion to Stay 1 ("Stay Mem.") (Dkt. 59).  Not content to wait for the Court's ruling on that fully briefed motion, SFFA has subpoenaed the deposition of a former Harvard employee, Caroline Weaver, and noticed the deposition of a current employee, Tia Ray.

Harvard respectfully requests that the Court issue a protective order  staying the depositions of Ms. Ray and Ms. Weaver, and any future depositions SFFA may attempt to notice in this case, until the Court rules on Harvard's pending motion to stay the litigation.  As Harvard explained in asking the Court to stay this litigation, the Supreme Court's ruling in *Fisher II* has the potential to affect this litigation significantly by clarifying the standards that govern the

consideration of race in higher-education admissions.  Stay Mem. 2-6.  It would be grossly

inefficient and burdensome for SFFA to undertake the extensive discovery that it seeks in this

case—including, at present, depositions of two admissions officers (one of whom no longer

works at Harvard)—while SFFA's own leadership and counsel are asking the Supreme Court to

reshape the law that will determine the scope and content of discovery.  *Id.* at 6-8.

Alternatively, should the Court decline to enter such an order, Harvard requests that at a

minimum the Court grant a protective order as to the noticed date of October 9, because that date

provides neither witness a reasonable amount of time to prepare for a deposition and would

present an undue burden.  Moreover, because the depositions of Ms. Weaver and Ms. Ray are

noticed for a date within fourteen days of this motion, Harvard respectfully requests that the

Court rule on this motion before October 9, or temporarily stay the depositions until the Court

has an opportunity to rule on the instant motion.

## BACKGROUND

On July 6, 2015, Harvard filed its motion to stay this litigation (Dkt. 58) pending the

Supreme Court's resolution of *Fisher v. University of Texas*, No. 14-981, *cert granted*, 2015 WL

629286 (U.S. June 29, 2015).  That motion is fully briefed and argued, and is currently pending

before the Court.

On September 15, 2015, notwithstanding the pendency of the stay motion, SFFA noticed

the deposition of former Harvard employee Caroline Weaver for September 30.  Declaration of

Felicia H. Ellsworth in Support of Emergency Motion to Stay (hereinafter "Ellsworth Decl.").

Harvard's counsel promptly contacted SFFA's counsel, reiterated Harvard's position that a

ruling on the pending stay motion was necessary to inform the scope of permissible discovery,

explained that Ms. Weaver no longer worked at Harvard, and stated that Harvard would contact

Ms. Weaver to determine her availability for a deposition in the event the Court declines to stay the litigation.  Counsel informed SFFA the following day that WilmerHale (Harvard's undersigned counsel) would represent Ms. Weaver in connection with any deposition in this litigation.  At SFFA's request, Harvard provided the name of the admissions officer who assumed Ms. Weaver's duties upon her departure.

Several days later, after an opportunity to confer with Ms. Weaver, counsel informed SFFA that Ms. Weaver had recently started new employment; had not yet accrued vacation or leave time; had preexisting commitments, including out-of-state travel plans; and was still working to identify available dates for a potential deposition.  Apparently uninterested in a cooperative scheduling solution, SFFA immediately demanded that counsel provide, by the following business day, (1) the specific dates and destinations of Ms. Weaver's pre-existing out-of-state travel commitments in September and October; (2) written confirmation that Ms. Weaver has inquired with her employer about receiving time to prepare for and provide a deposition, and been denied permission to do so by her employer; and (3) a list of days Ms. Weaver is available between September 28 and October 11.  SFFA also simultaneously noticed the deposition of another admissions officer, Tia Ray, for October 9, 2015.[1]

On September 28, counsel informed SFFA that Ms. Weaver would be available for a deposition on October 29 or November 13, in the event that the Court had by then allowed discovery to proceed.  On September 29, SFFA served a subpoena on Ms. Weaver under Fed. R. Civ. P. 45, demanding that she appear for a deposition on October 9, 2015, and amended its notice of deposition to correspond to the subpoena.

---

[1] As Harvard informed SFFA on September 30, Ms. Ray will be traveling outside of Massachusetts on business from October 3 through October 15, but is available to sit for a deposition on October 23 should the Court rule on the pending stay motion by that date in such a manner that the deposition would be appropriate.

Ms. Weaver left her employment with Harvard's Office of Admissions and Financial Aid at the end of July, and began working for a new employer within the past month. As a new, entry-level, employee, she has not accrued any vacation or leave time. While her employer has a civic leave policy that will permit her to take paid leave to sit for a deposition, she can only meet with counsel to prepare for a deposition outside of business hours. In light of these scheduling constraints, neither the originally noticed date of September 30 nor the newly noticed date of October 9 provides sufficient time for Ms. Weaver or counsel to prepare in advance of a deposition. In addition to her daily professional commitments and standing personal commitments on evenings and weekends, Ms. Weaver is also traveling out of state from October 15 through 18 and has personal obligations from October 21 through 28 that prevent her from sitting for a deposition on those dates. Therefore, Ms. Weaver is available for a deposition on the dates previously provided to SFFA—October 29 or November 13.

## ARGUMENT

**I.     The Depositions Of Ms. Weaver And Ms. Ray Should Not Take Place Until The Court Rules On The Motion To Stay**

A court "may, for good cause, issue an order to protect a party or person from … oppression[] or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12-40007, 2012 WL 1358662, at *10 (D. Mass. Apr. 18, 2012) ("a party may move for a protective order regardless of whether it is seeking to prevent disclosure of information by a nonparty" under Rule 26(c) (citing *Firetrace USA, LLC v. Jesclard*, No. 07-2001, 2008 WL 5146691, at *2 (D. Ariz. Dec. 8, 2008))). The Court should exercise that authority here. The depositions of Ms. Weaver and Ms. Ray clearly would subject them, and Harvard, to "undue burden," inasmuch as they would be pointless while the Supreme Court is considering whether to clarify or alter the law governing this action.

As noted above, Harvard has moved to stay this litigation on the basis that it would be inefficient and inequitable for Harvard, its employees, and its former employees to bear the costs and burdens of discovery while the Supreme Court is considering a case that will clarify the legal framework governing the use of race in higher-education admissions—the subject-matter of this lawsuit.  Stay Mem. 2-6.  After the July 15, 2015 status conference, at the Court's request, the parties submitted proposals as to the possible contours of a partial stay.  Neither party's limited stay proposal included depositions of one-off admissions officers, let alone, in Ms. Weaver's case, *former* admissions officers.  *See* Dkt. 83 (SFFA's proposal for limited discovery, seeking production of electronic databases and a preliminary sample of applicant files); Dkt. 82 (Harvard's proposal to produce certain limited categories of documents and to take discovery regarding SFFA's organizational standing).

SFFA's insistence that current and former Harvard employees submit to depositions on an accelerated schedule, without regard for the witnesses' availability and without any reasonable explanation of the need for sudden haste, should be seen for what it is—an attempt to sneak in as much discovery as possible before the Court has ruled on the pending motion for a stay.  The court should not permit such gamesmanship; it should make clear that discovery should not proceed until it rules on Harvard's motion to stay.

At a minimum, in the alternative, the Court should grant relief against SFFA's insistence on scheduling these depositions for October 9.  SFFA's insistence on proceeding with these depositions on dates it knows to be inconvenient to the witnesses and which would not allow them adequate time to prepare is itself an undue burden, in addition to being a wholly unwarranted tactic at this stage of the litigation.

II.     **The Court Should Enter A Temporary Stay Of Ms. Weaver's And Ms. Ray's Depositions Pending Its Ruling On This Motion**

In order to avoid the parties' incurring unnecessary expense (or forcing Ms. Weaver and Ms. Ray to risk consequences of non-appearance), Harvard respectfully requests that this Court temporarily relieve Ms. Weaver from compliance with the subpoena and Harvard from compliance with the notice of deposition of Ms. Ray during the pendency of this motion for a protective order, while the Court considers whether to grant the fuller relief sought by this motion. In the event the Court denies this motion, Ms. Weaver remains available on October 29 or November 13 for a deposition, and Ms. Ray remains available on October 23.

## CONCLUSION

For the foregoing reasons, the Court should stay all depositions in this litigation pending its ruling on Harvard's motion to stay the litigation (Dkt. 58). It should also temporarily stay the depositions of Ms. Weaver and Ms. Ray pending its ruling on this motion. Alternatively, the Court should grant a protective order requiring that the depositions of Ms. Weaver and Ms. Ray be scheduled for dates on which both witnesses are available and which will afford a reasonable time for preparation.

Respectfully submitted,

/s/ Felicia H. Ellsworth
Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING

HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Dated:  September 30, 2015                    *Counsel for Defendant President and*
*Fellows of Harvard College and*
*Former Employee Caroline Weaver*

Case 1:14-cv-14176-ADB   Document 1041   Filed 09/30/15   Page 8 of 8

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on September 30, 2015.

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth