# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Defendant. | CIVIL ACTION NO: 1:14-cv-14176-ADB |

**DEFENDANT'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Rules, Defendant President and Fellows of Harvard College hereby requests that Plaintiff Students for Fair Admissions, Inc. ("SFFA") produce the following documents and things in accordance with the instructions and definitions contained herein. Production is to be at a place and in a manner to be agreed upon by the parties, or, absent an agreement, at the office of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109.

**DEFINITIONS**

1. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 shall apply to these Requests and are incorporated as if fully set forth herein.

2. "SFFA," "you," "your," and "Plaintiff" means Students for Fair Admissions, Inc., its current and former officers, directors, employees, consultants, attorneys, experts, agents, partners, corporate parents, subsidiaries, subdivisions, predecessors, and affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3. "POFR" means Project on Fair Representation, Inc., its current and former officers, directors, employees, consultants, attorneys, experts, agents, partners, corporate parents,

1

subsidiaries, subdivisions, predecessors, and affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4. "Harvard" or "Defendant" means the President and Fellows of Harvard College.

5. "Complaint" means the Complaint filed on November 17, 2014 in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, Civ. Act. No. 1:14-cv-14176-ADB (D. Mass.) (Dkt. 1), and any amendments to the Complaint.

6. "Action" or "Litigation" means the civil action captioned *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, Civ. Act. No. 1:14-cv-14176-ADB (D. Mass.).

7. "Communication" refers to the transmittal of information (including facts, ideas, inquiries, or otherwise) regardless of form (*e.g.*, email, letter, notes, telephone conversation) including without limitation all correspondence, memoranda, and advertisements.

8. "Relating to" means referencing, concerning, describing, evidencing, reflecting, constituting, documenting, or recording.

9. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, but not limited to, electronic or computerized data compilations, electronic chats, email communications, other electronically stored information from personal computers, voice recordings, handwritten notes, and hard copy documents.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed as outside of their scope.

11. The term "any" includes "all" and "each," and the term "all" includes "any," and the term "each" includes "every."

12. The use of the singular form of any word includes the plural and vice versa.

2

13. To the extent these Requests employ terms used in the Complaint, such use is without prejudice to the rights of Harvard.

## INSTRUCTIONS

1. If any document or information responsive to any of the following Requests is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege: (1) identify the date, the author, and all recipients of the document or information; (2) describe the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.); (3) describe generally the content of the document or the information withheld; (4) state the privilege upon which you rely and the grounds for the assertion of such privilege; (5) identify all persons who have or have had access to the document or information being withheld; and (6) identify each Request to which the document relates.

2. You are reminded of your obligation under Federal Rule of Civil Procedure 26(e) to make further or supplemental productions of responsive documents created, discovered, or acquired between the date of initial production and any time thereafter, including the time of trial.

3. If an objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

4. If you find the meaning of any term in these Requests to be unclear, then assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

5. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), you must produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories enumerated below.

6. Responses to these Requests may be designated for protection pursuant to the terms of a Protective Order the parties expect to enter into in the Action.

7. Unless otherwise stated, these Requests pertain to documents dated from July 1, 2013 through the present.

**REQUESTS FOR PRODUCTION**

1.      All documents, irrespective of the date on which they were created, relating to SFFA's organizational structure, including without limitation its past and present relationships to parent, subsidiary, or other affiliate corporations or organizations, all of its corporate locations, offices, and facilities, and its organizational charts.

2.      All documents relating to any meetings of SFFA's Board of Directors, leadership, or membership (*e.g.*, minutes, agendas, presentations, invitations, attendee lists).

3.      All documents relating to any meetings between SFFA representatives and current or prospective members (*e.g.*, minutes, agendas, presentations, invitations, attendee lists).

4.      All documents filed by SFFA, or any of its affiliate organizations identified in response to Request No. 1, with any governmental agency, including but not limited to IRS Form 990, federal and state tax returns, articles of incorporation, corporate bylaws, corporate amendments, and annual reports.

5.      All documents relating to SFFA's application for 501(c)(3) status from the IRS, including but not limited to drafts and final copies of the application, correspondence with the IRS relating to the application for 501(c)(3) status, revisions or additions made to the application for 501(c)(3) status, and all documents submitted in support therewith.

6.      All documents relating to statements made by SFFA's Board of Directors, leadership, staff, or representatives regarding race-conscious admissions policies.

7.      Documents sufficient to identify all current and former members of SFFA, including their names, cities and states of residence, start and end dates of their membership, and, for those members who applied to college on or after September 1, 2012 or who plan to apply to college, or whose children applied to college on or after September 1, 2012 or plan to apply to college, documents sufficient to identify the institutions of higher education that the members or their children applied to, plan to apply to, and, where applicable, currently attend. This Request includes all documents identified, used, or relied upon in SFFA's response to Harvard's Interrogatory Nos. 5 and 6.

8. As to each of the "Applicant," "Future Applicants," and "Parents" (and any of the "Parents'" children who have applied to or plan to apply to Harvard) referenced in Paragraphs 15, 25, and 27 of the Complaint:

(a) all documents relating to the factual allegations made about them in the Complaint (*e.g.*, high school attended, class rank, grade point average (GPA), test scores, and date of application to Harvard);

(b) all documents relating to membership dues or other financial contributions paid by them to SFFA;

(c) all documents relating to their participation in the Litigation;

(d) all application-related documents submitted to Harvard or any other institutions of higher education;

(e) all correspondence between them and Harvard or any other institutions of higher education regarding their applications; and

(f) all communications with SFFA, its directors, officers, members, or other representatives.

9. All documents relating to the allegation in Paragraph 24 of the Complaint that "Applicant" intends to seek to transfer to Harvard.

10. Documents sufficient to show SFFA's finances, including but not limited to bank statements, financial statements, past and projected sources of revenue and expenditures, forecasts, and budgets.

11. All documents relating to SFFA's identification, recruitment, and selection of members and potential members.

12. All communications or correspondence between SFFA, its directors, officers, members, or other representatives and its donors or other financial supporters relating to the Litigation.

13. All communications or correspondence among or between SFFA and its members or potential members, its Board of Directors, POFR, or any other person relating to the Complaint or the Litigation.

14. All documents, irrespective of the date on which they were created, relating to the formation or creation of SFFA, its mission, and the activities it undertakes to further that mission, including but not limited to the Litigation and other similar lawsuits.

15. All documents relating to membership in SFFA, including but not limited to all membership policies; all documents relating to rights members may have to elect or remove SFFA's leadership, participate in its decision-making, or otherwise control its conduct; and all documents relating to SFFA members' responsibilities, if any, to pay dues, render services, or otherwise contribute to SFFA's work.

16. All documents SFFA relied on to form the allegations in its Complaint.

17. All documents SFFA intends to rely on to support its claims.

    /s/ Felicia H. Ellsworth
Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800

                                          Fax: (202) 663-6363
                                          seth.waxman@wilmerhale.com
                                          paul.wolfson@wilmerhale.com

                                          Debo P. Adegbile (*pro hac vice*)
                                          WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                          7 World Trade Center
                                          250 Greenwich Street
                                          New York, NY 10007
                                          Tel: (212) 295-6717
                                          Fax: (212) 230-8888
                                          debo.adegbile@wilmerhale.com

                                          *Counsel for Defendant President and*
                                          *Fellows of Harvard College*

Dated:  May 13, 2015

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 13, 2015, I caused a true and correct copy of the foregoing First Set of Requests for Production of Documents and Things to be served by email on the following counsel of record:

Paul M. Sanford
Benjamin C. Caldwell
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000
psanford@burnslev.com
bcaldwell@burnslev.com

William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-4923
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
Boston, MA 02109
(617) 227-0548
patrick@consovoymccarthy.com

              /s/ Felicia H. Ellsworth
              Felicia H. Ellsworth

9