

Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
617.227.0548
www.consovoymccarthy.com

July 28, 2016

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
      No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

Plaintiff Students for Fair Admissions, Inc. ("SFFA") submits this letter to respond to Harvard's uninvited July 27 submission to the Court attempting to re-argue various points made at last week's status conference, and to dictate the terms under which SFFA may conduct discovery in this case.

To begin, Harvard's letter is procedurally improper. Per the Court's direction, the parties conferred after the Supreme Court's decision in *Fisher v. University of Texas at Austin*, --- S. Ct. ---, No. 14-981 (June 23, 2016) ("*Fisher II*"). The parties then submitted simultaneous letters of agreed-upon length to the Court outlining their positions on post-*Fisher* discovery. One week after the July 20 conference—and without any effort to meet and confer or even provide notice of its intent to do so—Harvard has submitted yet another unsolicited letter seeking to shore up several points it already has had two chances to address. This practice flouts the parties' agreement and creates unnecessary and repetitive filings. SFFA requests that the Court disregard Harvard's submission.

To the extent the Court does consider the substance of Harvard's letter, it should reject its last-ditch attempt to dictate how SFFA litigates its own case and the scope of discovery it is entitled to under the Federal Rules.

**Harvard's Revised Offer of 15 Custodians is Insufficient.**

At the hearing, the Court indicated that Harvard's proposal of eleven custodians was insufficient and that SFFA's proposal of 40 was excessive. It suggested splitting the difference—which would be 25 custodians. That number is consistent with the offer of 24 custodians UNC made in parallel litigation with SFFA, represents a reasonable middle ground at this juncture, and permits sufficient discovery into the Complaint's

allegations regarding Harvard's use of race and history of invidious discrimination against Asian Americans.[1]

Only now, after the Court rejected its proposal, has Harvard begrudgingly offered *four* additional custodians, contending that "this would be more than sufficient to complete the picture for SFFA." Harvard Letter at 2. But SFFA is not seeking a "picture" of Harvard's admissions practices. It is seeking *evidence* of discrimination, as well as the necessary information to support this Court's required "close analysis" of how Harvard's race-based admissions system "*works in practice.*" *Fisher v. Univ. of Texas*, 133 S. Ct. 2411, 2421 (2013) (emphasis added). Harvard's proposal thus has it backwards. "Broader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination made against an individual supervisor." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013).

With respect to non-admissions custodians, SFFA believes that the list should at least include Lisa Coleman, Harvard's Chief Diversity Officer since 2009, in light of the Supreme Court's recent instruction "to scrutinize the fairness of [the university's] admissions program; to assess whether changing demographics have undermined the need for a race-conscious policy; *and to identify the effects, both positive and negative, of the affirmative-action measures [the university] deems necessary.*" *Fisher II*, Slip Op. at 19 (emphasis added). This same concern underscores the need for at least anonymous, aggregate data regarding performance of matriculating students. In short, denying this discovery will effectively preclude SFFA from litigating an allegation set forth in the complaint: that it is not "'necessary' for [Harvard] to use race to achieve the educational benefits of diversity." *Fisher v. Univ. of Texas at Austin*, 133 S. Ct. 2411, 2420 (2013).

**The Court Correctly Observed That SFFA's Request For Six Years Of Additional Data Was Justified And Reasonable.**

Despite *Fisher II*'s specific statement that *three* years' worth of data was a "narrow" sample that "might yield little insight," and the centrality of data, studies, and other material generated over the course of *eight* years, *id*. at 9, Harvard seeks to restrict discovery of its admissions data on the theory that it has the right to determine what is "sufficient" for SFFA's needs. But relevance—not Harvard's opinion as to how SFFA should litigate its case—is what dictates the scope of discovery.

The data SFFA seeks is irrefutably relevant. As the Court explained at the hearing, the data are necessary to establish patterns of both racial balancing and invidious discrimination—claims that require information on the comparative quality of the individual applicants. Moreover, the applicant-level data are essential to limit the need for discovery of individual files.

---

[1] SFFA is available any day during the next two weeks (other than August 8) for a conference in chambers to discuss the disputed fields.

Harvard's privacy objections are misplaced. SFFA has agreed to the redaction of personally identifiable information, and Harvard already has produced two years worth of this information. Other privacy concerns can be resolved through the parties' separate dispute over the hundreds of withheld fields—not by unreasonably limiting the admissions data to the highest level of generality. The Court thus should reject Harvard's attempt to limit SFFA to only two more years of applicant-level data. Six additional years is the appropriate number—as *Fisher II* underscores.

**Harvard's Attempt to Prevent Discovery Into Relevant Third-Party Witnesses Is Unfounded and Premature.**

In a footnote, and without any authority, Harvard makes the extraordinary request that this Court "prohibit SFFA from directly contacting alumni interviewers without this Court's prior permission." Harvard Letter at 2 n.1. First, the Federal Rules provide for a process regarding third-party discovery, and there is no basis for replacing those provisions with a sweeping prior restraint. Second, SFFA has already presented evidence from Harvard's own admissions director confirming that some alumni interviewers have direct, relevant testimony regarding SFFA's claims. *See* SFFA Letter of July 8, 2016, at 6. Third, Harvard's request could conceivably prevent SFFA from contacting willing witnesses or even *its own members*, if they happen to serve as alumni interviewers. Finally, the parties previously agreed in their June 8 submissions that third-party discovery issues were not yet ripe. Harvard's back-door attempt to introduce the issue now is not made in good faith.

At this stage, SFFA is seeking the identity of a reasonably limited subset of Harvard's alumni interviewers who are most likely to have discoverable information about the extent to which race affects the admissions process. **SFFA has never suggested that any alumni interviewers should be custodians**, and if it seeks formal discovery from any of them, they and Harvard will then have the right to object and the Court can evaluate the issue in the context of an actual dispute. If individual interviewers do not object, then Harvard has no right to bar them from this case. Harvard's attempt to categorically exclude them from discovery underscores its attempt to flout the Federal Rules and to engage in discovery only on its own terms.

Respectfully submitted,

/s/ Patrick Strawbridge
Patrick Strawbridge

cc: ECF recipients