Exhibit H



Wiley
Rein

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX   202.719.7049

7925 Jones Branch Drive
McLean, VA 22102
PHONE  703.905.2800
FAX   703.905.2820

www.wileyrein.com

October 8, 2014

Robert D. Benton
202.719.7142
rbenton@wileyrein.com

VIA EXPRESS MAIL

Internal Revenue Service
201 West Rivercenter Blvd.
Attn: Extracting Stop 312
Covington, KY 41012-0192

Re:   Form 1023 (Application for Recognition of Exemption) on behalf of
Students for Fair Admissions, Inc. (EIN: 47-1689810)

Dear Sir or Madam:

On behalf of Students for Fair Admissions, Inc., please find enclosed Form 1023
(Application for Recognition of Exemption) and its supporting materials.

The following documents are enclosed as part of Students for Fair Admissions'
application:

1.    Form 1023 Checklist

2.    $850 Check Payable to the U.S. Treasury

3.    Form 2848 (Power of Attorney and Declaration of Representative)

4.    Form 1023 (Application for Recognition of Exemption)

5.    Exhibit A – Articles of Incorporation

6.    Exhibit B – Bylaws

7.    Exhibit C – Narrative Description of Activities

8.    Exhibit D – Other Application Attachments

9.    Exhibit E – Conflict of Interest Policy

Please do not hesitate to call me at 202-719-7142 if you have any questions or
comments concerning the enclosed application.



Internal Revenue Service
October 8, 2014
Page 2

Sincerely,

Robert D. Benton

Enclosures

SFFA-Harvard 0000009

# Form 1023 Checklist
## (Revised December 2013)

Application for Recognition of Exemption under Section 501(c)(3) of the
Internal Revenue Code

*Note. Retain a copy of the completed Form 1023 in your permanent records. Refer to the General Instructions regarding Public Inspection of approved applications.*

**Check each box to finish your application (Form 1023). Send this completed Checklist with your filled-in application. If you have not answered all the items below, your application may be returned to you as incomplete.**

- ☑ Assemble the application and materials in this order:
  - Form 1023 Checklist
  - Form 2848, *Power of Attorney and Declaration of Representative* (if filing)
  - Form 8821, *Tax Information Authorization* (if filing)
  - Expedite request (if requesting)
  - Application (Form 1023 and Schedules A through H, as required)
  - Articles of organization
  - Amendments to articles of organization in chronological order
  - Bylaws or other rules of operation and amendments
  - Documentation of nondiscriminatory policy for schools, as required by Schedule B
  - Form 5768, Election/Revocation of Election by an Eligible Section 501(c)(3) Organization To Make Expenditures To Influence Legislation (if filing)
  - All other attachments, including explanations, financial data, and printed materials or publications. Label each page with name and EIN.

- ☑ User fee payment placed in envelope on top of checklist. DO NOT STAPLE or otherwise attach your check or money order to your application. Instead, just place it in the envelope.

- ☑ Employer Identification Number (EIN)

- ☑ Completed Parts I through XI of the application, including any requested information and any required Schedules A through H.
  - You must provide specific details about your past, present, and planned activities.
  - Generalizations or failure to answer questions in the Form 1023 application will prevent us from recognizing you as tax exempt.
  - Describe your purposes and proposed activities in specific easily understood terms.
  - Financial information should correspond with proposed activities.

- ☑ Schedules. Submit only those schedules that apply to you and check either "Yes" or "No" below.

  Schedule A   Yes _____ No ✓     Schedule E   Yes _____ No ✓

  Schedule B   Yes _____ No ✓     Schedule F   Yes _____ No ✓

  Schedule C   Yes _____ No ✓     Schedule G   Yes _____ No ✓

  Schedule D   Yes _____ No ✓     Schedule H   Yes _____ No ✓

SFFA-Harvard 0000010

☑ An exact copy of your complete articles of organization (creating document). Absence of the proper purpose and dissolution clauses is the number one reason for delays in the issuance of determination letters.

* Location of Purpose Clause from Part III, line 1 (Page, Article and Paragraph Number) __Page 1, Article 6__
* Location of Dissolution Clause from Part III, line 2b or 2c (Page, Article and Paragraph Number) or by operation of state law __Pages 1-2, Article 8__

☑ Signature of an officer, director, trustee, or other official who is authorized to sign the application.
* Signature at Part XI of Form 1023.

☑ Your name on the application must be the same as your legal name as it appears in your articles of organization.

Send completed Form 1023, user fee payment, and all other required information, to:

Internal Revenue Service
P.O. Box 192
Covington, KY 41012-0192

If you are using express mail or a delivery service, send Form 1023, user fee payment, and attachments to:

Internal Revenue Service
201 West Rivercenter Blvd.
Attn: Extracting Stop 312
Covington, KY 41011

SFFA-Harvard 0000011

This check is GREEN

**WILEY REIN LLP**
1776 K Street, N.W.
Washington, DC
Operating Account

291795

| Date | Amount |
|------|--------|
| 10/09/2014 | *********850.00 |

Pay   Eight Hundred Fifty and 00/100 Dollars ONLY

To the
Order of

UNITED STATES TREASURY
1500 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20220

Bank of America, N.A.
Washington DC

*Barry S. Strauss*

(Two Signatures Required For Amounts Over $1,000.00)

⑆291795⑆ ⑆054001204⑆ ⑆000001702987⑆

Attached is our check in full settlement of items shown hereon. If not
correct  please return with explanation or call us at (202) 719-4266.

No.   291795

| UNITED STATES TREASURY | | | | Check Date | 10/09/2014 |
|---|---|---|---|---|---|

| Description | Date | Invoice No. | Amount of Invoice | Discount | Net |
|---|---|---|---|---|---|
| FORM 1023 APP FEE | 10/08/2014 | 10082014 | 850.00 | .00 | 850.00 |
| | | | | Total | 850.00 |

Remittance Advice
Detach before depositing.

**WILEY REIN LLP**
Operating Account

SFFA-Harvard 0000012

Form **2848**
(Rev. July 2014)
Department of the Treasury
Internal Revenue Service

## Power of Attorney
## and Declaration of Representative

▶ Information about Form 2848 and its instructions is at www.irs.gov/form2848.

OMB No. 1545-0150

| For IRS Use Only | |
|---|---|
| Received by: | |
| Name | |
| Telephone | |
| Function | |
| Date | / / |

**Part I** Power of Attorney

Caution: A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1  Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Students for Fair Admissions, Inc.<br>3571 Far West Blvd #17<br>Austin, TX 78731 | 47-1889810 |
| | Daytime telephone number    Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | | |
|---|---|---|
| Robert D. Denton<br>Wiley Rein LLP<br>1776 K Street NW, Washington, DC 20006 | CAF No. | 0309-27898R |
| | PTIN | |
| | Telephone No. | 202-719-7142 |
| | Fax No. | 202-719-7049 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ | |

| Name and address | | |
|---|---|---|
| Brandis L. Zehr<br>Wiley Rein LLP<br>1776 K Street NW, Washington, DC 20006 | CAF No. | 0309-27701R |
| | PTIN | |
| | Telephone No. | 202-719-7210 |
| | Fax No. | 202-719-7049 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ | |

| Name and address | | |
|---|---|---|
| | CAF No. | |
| | PTIN | |
| | Telephone No. | |
| | Fax No. | |
| (Note. IRS sends notices and communications to only two representatives.) | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ | |

| Name and address | | |
|---|---|---|
| | CAF No. | |
| | PTIN | |
| | Telephone No. | |
| | Fax No. | |
| (Note. IRS sends notices and communications to only two representatives.) | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ | |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3  Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower,<br>Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility<br>Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number<br>(1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable)<br>(see instructions) |
|---|---|---|
| Application for Recognition of Exemption Under Section 501(c)(3) | Form 1023 | |
| | | |
| | | |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Use Not Recorded on CAF . . . . . . . . . . . . . . . . ▶ ☐

**5a  Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information):

☐ Authorize disclosure to third parties;    ☐ Substitute or add representative(s);    ☐ Sign a return;

☐ Other acts authorized

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.        Cat. No. 11980J        Form **2848** (Rev. 7-2014)

SFFA-Harvard 0000013

Form 2848 (Rev. 3-2012)                                                                                                          Page **2**

b  Specific acts not authorized. My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative is (are) associated) issued by the government in respect of a federal tax liability.

List any specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): _____

6  Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

7  Signature of taxpayer. If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.

| Signature | Date 9-12-14 | Title (if applicable) President |
|---|---|---|
| Print Name Edward Blum | | Part name of taxpayer from line 1 if other than individual Students for Fair Admissions, Inc. |

## Part II  Declaration of Representative

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice before the Internal Revenue Service;
• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

a  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
b  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c  Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.
d  Officer—a bona fide officer of the taxpayer organization.
e  Full-Time Employee—a full-time employee of the taxpayer.
f  Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).
g  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).
h  Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have prepared and signed the return. See Notice 2011-6 and *Special rules for registered tax return preparers and unenrolled return preparers* in the instructions (PTIN required for designation h).
i  Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have prepared and signed the return. See Notice 2011-6 and *Special rules for registered tax return preparers and unenrolled return preparers* in the instructions (PTIN required for designation i).
k  Student Attorney or CPA—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.
r  Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2. See the instructions for Part II.

Note: For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation— Insert above letter (a–r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a | DC, NY, TX | 490863, 3503421, 24030610 | | 10/8/2014 |
| a | DE, VA | 096262, 78388 | Brandis X. Zehr | 10/8/2014 |
| | | | | |
| | | | | |

Form **2848** (Rev. 3-2012)

SFFA-Harvard 0000014

It includes interactive questions, auto-calculated fields, help buttons and links to relevant information.

| Form **1023** (Rev. December 2013) Department of the Treasury Internal Revenue Service | **Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code** ▶ (Use with the June 2006 revision of the Instructions for Form 1023 and the current Notice 1382) | (00) | OMB No. 1545-0056 Note: If exempt status is approved, this application will be open for public inspection |

*Use the instructions to complete this application and for a definition of all bold items.* For additional help, call IRS Exempt Organizations Customer Account Services toll-free at 1-877-829-5500. Visit our website at www.irs.gov for forms and publications. If the required information and documents are not submitted with payment of the appropriate user fee, the application may be returned to you.

Attach additional sheets to this application if you need more space to answer fully. Put your name and EIN on each sheet and identify each answer by Part and line number. Complete Parts I - XI of Form 1023 and submit only those Schedules (A through H) that apply to you.

## Part I   Identification of Applicant

| 1 Full name of organization (exactly as it appears in your **organizing document**) | 2 c/o Name (if applicable) |
|---|---|
| Students for Fair Admissions, Inc. | |

| 3 Mailing address (Number and street) (see instructions) | Room/Suite | 4 **Employer Identification Number (EIN)** |
|---|---|---|
| 3571 Far West Blvd #17 | | 47-1689810 |
| City or town, state or country, and ZIP + 4 | | 5 Month the annual accounting period ends (01 – 12) |
| Austin, TX 78731 | | 12 |

| 6 Primary contact (officer, director, trustee, or authorized representative) | |
|---|---|
| a Name: Robert D. Benton | b Phone: 202-719-7142 |
| | c Fax: (optional) 202-719-7049 |

| 7 | Are you represented by an authorized representative, such as an attorney or accountant? If "Yes," provide the authorized representative's name, and the name and address of the authorized representative's firm. Include a completed Form 2848, *Power of Attorney and Declaration of Representative*, with your application if you would like us to communicate with your representative. | ☑ Yes ☐ No |
|---|---|---|

| 8 | Was a person who is not one of your officers, directors, trustees, employees, or an authorized representative listed in line 7, paid, or promised payment, to help plan, manage, or advise you about the structure or activities of your organization, or about your financial or tax matters? If "Yes," provide the person's name, the name and address of the person's firm, the amounts paid or promised to be paid, and describe that person's role. | ☐ Yes ☑ No |
|---|---|---|

9a Organization's website: *N/A*

b Organization's email: (optional)

| 10 | Certain organizations are not required to file an information return (Form 990 or Form 990-EZ). If you are granted tax-exemption, are you claiming to be excused from filing Form 990 or Form 990-EZ? If "Yes," explain. See the instructions for a description of organizations not required to file Form 990 or Form 990-EZ. | ☐ Yes ☑ No |
|---|---|---|

| 11 | Date incorporated if a corporation, or formed, if other than a corporation.   (MM/DD/YYYY) | 07 / 30 / 2014 |
|---|---|---|

| 12 | Were you formed under the laws of a **foreign country**? If "Yes," state the country. | ☐ Yes ☑ No |
|---|---|---|

For Paperwork Reduction Act Notice, see page 24 of the instructions.   Cat. No. 17133K   Form **1023** (Rev. 12-2013)

SFFA-Harvard 0000015

Form 1023 (Rev. 12-2013)   (06) Name: Students for Fair Admissions, Inc.   EIN: 47 – 1688346   Page 2

## Part II   Organizational Structure

You must be a corporation (including a limited liability company), an unincorporated association, or a trust to be tax exempt. (See instructions.) DO NOT file this form unless you can check "Yes" on lines 1, 2, 3, or 4.

| | | | |
|---|---|---|---|
| 1 | Are you a corporation? If "Yes," attach a copy of your articles of incorporation showing certification of filing with the appropriate state agency. Include copies of any amendments to your articles and be sure they also show state filing certification. | ☑ Yes | ☐ No |
| 2 | Are you a limited liability company (LLC)? If "Yes," attach a copy of your articles of organization showing certification of filing with the appropriate state agency. Also, if you adopted an operating agreement, attach a copy. Include copies of any amendments to your articles and be sure they show state filing certification. Refer to the instructions for circumstances when an LLC should not file its own exemption application. | ☐ Yes | ☑ No |
| 3 | Are you an unincorporated association? If "Yes," attach a copy of your articles of association, constitution, or other similar organizing document that is dated and includes at least two signatures. Include signed and dated copies of any amendments. | ☐ Yes | ☑ No |
| 4a | Are you a trust? If "Yes," attach a signed and dated copy of your trust agreement. Include signed and dated copies of any amendments. | ☐ Yes | ☑ No |
| b | Have you been funded? If "No," explain how you are formed without anything of value placed in trust. | ☐ Yes | ☐ No |
| 5 | Have you adopted bylaws? If "Yes," attach a current copy showing date of adoption. If "No," explain how your officers, directors, or trustees are selected. | ☑ Yes | ☐ No |

## Part III   Required Provisions in Your Organizing Document

The following questions are designed to ensure that when you file this application, your organizing document contains the required provisions to meet the organizational test under section 501(c)(3). Unless you can check the boxes in both lines 1 and 2, your organizing document does not meet the organizational test. DO NOT file this application until you have amended your organizing document. Submit your original and amended organizing documents (showing state filing certification if you are a corporation or an LLC) with your application.

| | | |
|---|---|---|
| 1 | Section 501(c)(3) requires that your organizing document state your exempt purpose(s), such as charitable, religious, educational, and/or scientific purposes. Check the box to confirm that your organizing document meets this requirement. Describe specifically where your organizing document meets this requirement, such as a reference to a particular article or section in your organizing document. Refer to the instructions for exempt purpose language. Location of Purpose Clause (Page, Article, and Paragraph): **Page 1, Article 6** | ☑ |
| 2a | Section 501(c)(3) requires that upon dissolution of your organization, your remaining assets must be used exclusively for exempt purposes, such as charitable, religious, educational, and/or scientific purposes. Check the box on line 2a to confirm that your organizing document meets this requirement by express provision for the distribution of assets upon dissolution. If you rely on state law for your dissolution provision, do not check the box on line 2a and go to line 2c. | ☑ |
| 2b | If you checked the box on line 2a, specify the location of your dissolution clause (Page, Article, and Paragraph). Do not complete line 2c if you checked box 2a. **Pages 1-2, Article 8** | |
| 2c | See the instructions for information about the operation of state law in your particular state. Check this box if you rely on operation of state law for your dissolution provision and indicate the state: | ☐ |

## Part IV   Narrative Description of Your Activities

Using an attachment, describe your past, present, and planned activities in a narrative. If you believe that you have already provided some of this information in response to other parts of this application, you may summarize that information here and refer to the specific parts of the application for supporting details. You may also attach representative copies of newsletters, brochures, or similar documents for supporting details to this narrative. Remember that if this application is approved, it will be open for public inspection. Therefore, your narrative description of activities should be thorough and accurate. Refer to the instructions for information that must be included in your description.

## Part V   Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors

1a  List the names, titles, and mailing addresses of all of your officers, directors, and trustees. For each person listed, state their total annual compensation, or proposed compensation, for all services to the organization, whether as an officer, employee, or other position. Use actual figures, if available. Enter "none" if no compensation is or will be paid. If additional space is needed, attach a separate sheet. Refer to the instructions for information on what to include as compensation.

| Name | Title | Mailing address | Compensation amount (annual actual or estimated) |
|---|---|---|---|
| Edward Blum | President, Director | 13571 Far West Blvd #17 Austin, TX 78731 | None |
| Abigail Fisher | Secretary, Director | 13571 Far West Blvd #17 Austin, TX 78731 | None |
| Richard Fisher | Treasurer, Director | 13571 Far West Blvd #12 Austin, TX 78731 | None |
| | | | |
| | | | |

Form 1023 (Rev. 12-2013)

SFFA-Harvard 0000016

Form 1023 (Rev. 12-2013)   (00) Name: Students for Fair Admissions, Inc.   EIN: 47 – 1668610   Page 3

**Part V**   Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors *(Continued)*

b  List the names, titles, and mailing addresses of each of your five highest compensated employees who receive or will receive compensation of more than $50,000 per year. Use the actual figure, if available. Refer to the instructions for information on what to include as compensation. Do not include officers, directors, or trustees listed in line 1a.

| Name | Title | Mailing address | Compensation amount (annual actual or estimated) |
|---|---|---|---|
| None | | | |
| | | | |
| | | | |
| | | | |
| | | | |

c  List the names, names of businesses, and mailing addresses of your five highest compensated independent contractors that receive or will receive compensation of more than $50,000 per year. Use the actual figure, if available. Refer to the instructions for information on what to include as compensation.

| Name | Title | Mailing address | Compensation amount (annual actual or estimated) |
|---|---|---|---|
| None | | | |
| | | | |
| | | | |
| | | | |
| | | | |

The following "Yes" or "No" questions relate to *past, present, or planned* relationships, transactions, or agreements with your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed in lines 1a, 1b, and 1c.

2a  Are any of your officers, directors, or trustees related to each other through family or business relationships? If "Yes," identify the individuals and explain the relationship.   ☑ Yes   ☐ No

b  Do you have a business relationship with any of your officers, directors, or trustees other than through their position as an officer, director, or trustee? If "Yes," identify the individuals and describe the business relationship with each of your officers, directors, or trustees.   ☐ Yes   ☑ No

c  Are any of your officers, directors, or trustees related to your highest compensated employees or highest compensated independent contractors listed on lines 1b or 1c through family or business relationships? If "Yes," identify the individuals and explain the relationship.   ☐ Yes   ☑ No

3a  For each of your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed on lines 1a, 1b, or 1c, attach a list showing their name, qualifications, average hours worked, and duties.

b  Do any of your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed on lines 1a, 1b, or 1c receive compensation from any other organizations, whether tax exempt or taxable, that are related to you through common control? If "Yes," identify the individuals, explain the relationship between you and the other organization, and describe the compensation arrangement.   ☐ Yes   ☑ No

4  In establishing the compensation for your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed on lines 1a, 1b, and 1c, the following practices are recommended, although they are not required to obtain exemption. Answer "Yes" to all the practices you use.

a  Do you or will the individuals that approve compensation arrangements follow a conflict of interest policy?   ☑ Yes   ☐ No

b  Do you or will you approve compensation arrangements in advance of paying compensation?   ☑ Yes   ☐ No

c  Do you or will you document in writing the date and terms of approved compensation arrangements?   ☑ Yes   ☐ No

SFFA-Harvard 0000017

Form 1023 (Rev. 12-2013)   00) Name: Students for Fair Admissions, Inc.   EIN: 47 - 1609518   Page 4

**Part V**   Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors *(Continued)*

| | | | |
|---|---|---|---|
| d | Do you or will you record in writing the decision made by each individual who decided or voted on compensation arrangements? | ☑ Yes | ☐ No |
| e | Do you or will you approve compensation arrangements based on information about compensation paid by similarly situated taxable or tax-exempt organizations for similar services, current compensation surveys compiled by independent firms, or actual written offers from similarly situated organizations? Refer to the instructions for Part V, lines 1a, 1b, and 1c, for information on what to include as compensation. | ☑ Yes | ☐ No |
| f | Do you or will you record in writing both the information on which you relied to base your decision and its source? | ☑ Yes | ☐ No |
| g | If you answered "No" to any item on lines 4a through 4f, describe how you set compensation that is reasonable for your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed in Part V, lines 1a, 1b, and 1c. | | |
| 5a | Have you adopted a conflict of interest policy consistent with the sample conflict of interest policy in Appendix A to the instructions? If "Yes," provide a copy of the policy and explain how the policy has been adopted, such as by resolution of your governing board. If "No," answer lines 5b and 5c. | ☑ Yes | ☐ No |
| b | What procedures will you follow to assure that persons who have a conflict of interest will not have influence over you for setting their own compensation? | | |
| c | What procedures will you follow to assure that persons who have a conflict of interest will not have influence over you regarding business deals with themselves? | | |
| | Note: A conflict of interest policy is recommended though it is not required to obtain exemption. Hospitals, see Schedule C, Section I, line 14. | | |
| 6a | Do you or will you compensate any of your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed in lines 1a, 1b, or 1c through non-fixed payments, such as discretionary bonuses or revenue-based payments? If "Yes," describe all non-fixed compensation arrangements, including how the amounts are determined, who is eligible for such arrangements, whether you place a limitation on total compensation, and how you determine or will determine that you pay no more than reasonable compensation for services. Refer to the instructions for Part V, lines 1a, 1b, and 1c, for information on what to include as compensation. | ☐ Yes | ☑ No |
| b | Do you or will you compensate any of your employees, other than your officers, directors, trustees, or your five highest compensated employees, who receive or will receive compensation of more than $50,000 per year, through non-fixed payments, such as discretionary bonuses or revenue-based payments? If "Yes," describe all non-fixed compensation arrangements, including how the amounts are or will be determined, who is or will be eligible for such arrangements, whether you place a limitation on total compensation, and how you determine or will determine that you pay no more than reasonable compensation for services. Refer to the instructions for Part V, lines 1a, 1b, and 1c, for information on what to include as compensation. | ☐ Yes | ☑ No |
| 7a | Do you or will you purchase any goods, services, or assets from any of your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If "Yes," describe any such purchase that you made or intend to make, from whom you make or will make such purchases, how the terms are or will be negotiated at arm's length, and explain how you determine or will determine that you pay no more than fair market value. Attach copies of any written contracts or other agreements relating to such purchases. | ☐ Yes | ☑ No |
| b | Do you or will you sell any goods, services, or assets to any of your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If "Yes," describe any such sales that you made or intend to make, to whom you make or will make such sales, how the terms are or will be negotiated at arm's length, and explain how you determine or will determine you are or will be paid at least fair market value. Attach copies of any written contracts or other agreements relating to such sales. | ☐ Yes | ☑ No |
| 8a | Do you or will you have any leases, contracts, loans, or other agreements with your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If "Yes," provide the information requested in lines 6b through 8f. | ☐ Yes | ☑ No |
| b | Describe any written or oral arrangements that you made or intend to make. | | |
| c | Identify with whom you have or will have such arrangements. | | |
| d | Explain how the terms are or will be negotiated at arm's length. | | |
| e | Explain how you determine you pay no more than fair market value or you are paid at least fair market value. | | |
| f | Attach copies of any signed leases, contracts, loans, or other agreements relating to such arrangements. | | |
| 9a | Do you or will you have any leases, contracts, loans, or other agreements with any organization in which any of your officers, directors, or trustees are also officers, directors, or trustees, or in which any individual officer, director, or trustee owns more than a 35% interest? If "Yes," provide the information requested in lines 9b through 9f. | ☐ Yes | ☑ No |

Form 1023 (Rev. 12-2013)

SFFA-Harvard 0000018

Form 1023 (Rev. 12-2013)   (00) Name: Students for Fair Admissions, Inc.   EIN: 47 - 1689610   Page 5

| **Part V** | **Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors (Continued)** | | |
|---|---|---|---|

   b  Describe any written or oral arrangements you made or intend to make.

   c  Identify with whom you have or will have such arrangements.

   d  Explain how the terms are or will be negotiated at arm's length.

   e  Explain how you determine or will determine you pay no more than fair market value or that you are paid at least fair market value.

   f  Attach a copy of any signed leases, contracts, loans, or other agreements relating to such arrangements.

| **Part VI** | **Your Members and Other Individuals and Organizations That Receive Benefits From You** | | |
|---|---|---|---|

The following "Yes" or "No" questions relate to goods, services, and funds you provide to individuals and organizations as part of your activities. Your answers should pertain to *past, present, and planned* activities. (See instructions.)

| | | | |
|---|---|---|---|
| 1a | In carrying out your exempt purposes, do you provide goods, services, or funds to individuals? If "Yes," describe each program that provides goods, services, or funds to individuals. | ☐ Yes | ☑ No |
| b | In carrying out your exempt purposes, do you provide goods, services, or funds to organizations? If "Yes," describe each program that provides goods, services, or funds to organizations. | ☐ Yes | ☑ No |
| 2 | Do any of your programs limit the provision of goods, services, or funds to a specific individual or group of specific individuals? For example, answer "Yes," if goods, services, or funds are provided only for a particular individual, your members, individuals who work for a particular employer, or graduates of a particular school. If "Yes," explain the limitation and how recipients are selected for each program. | ☐ Yes | ☑ No |
| 3 | Do any individuals who receive goods, services, or funds through your programs have a family or business relationship with any officer, director, trustee, or with any of your highest compensated employees or highest compensated independent contractors listed in Part V, lines 1a, 1b, and 1c? If "Yes," explain how these related individuals are eligible for goods, services, or funds. | ☐ Yes | ☑ No |

| **Part VII** | **Your History** | | |
|---|---|---|---|

The following "Yes" or "No" questions relate to your history. (See instructions.)

| | | | |
|---|---|---|---|
| 1 | Are you a successor to another organization? Answer "Yes," if you have taken or will take over the activities of another organization; you took over 25% or more of the fair market value of the net assets of another organization; or you were established upon the conversion of an organization from for-profit to non-profit status. If "Yes," complete Schedule G. | ☐ Yes | ☑ No |
| 2 | Are you submitting this application more than 27 months after the end of the month in which you were legally formed? If "Yes," complete Schedule E. | ☐ Yes | ☑ No |

| **Part VIII** | **Your Specific Activities** | | |
|---|---|---|---|

The following "Yes" or "No" questions relate to specific activities that you may conduct. Check the appropriate box. Your answers should pertain to *past, present, and planned* activities. (See instructions.)

| | | | |
|---|---|---|---|
| 1 | Do you support or oppose candidates in political campaigns in any way? If "Yes," explain. | ☐ Yes | ☑ No |
| 2a | Do you attempt to influence legislation? If "Yes," explain how you attempt to influence legislation and complete line 2b. If "No," go to line 3a. | ☐ Yes | ☑ No |
| b | Have you made or are you making an election to have your legislative activities measured by expenditures by filing Form 5768? If "Yes," attach a copy of the Form 5768 that was already filed or attach a completed Form 5768 that you are filing with this application. If "No," describe whether your attempts to influence legislation are a substantial part of your activities. Include the time and money spent on your attempts to influence legislation as compared to your total activities. | ☐ Yes | ☐ No |
| 3a | Do you or will you operate bingo or gaming activities? If "Yes," describe who conducts them, and list all revenue received or expected to be received and expenses paid or expected to be paid in operating these activities. Revenue and expenses should be provided for the time periods specified in Part IX, Financial Data. | ☐ Yes | ☑ No |
| b | Do you or will you enter into contracts or other agreements with individuals or organizations to conduct bingo or gaming for you? If "Yes," describe any written or oral arrangements that you made or intend to make, identify with whom you have or will have such arrangements, explain how the terms are or will be negotiated at arm's length, and explain how you determine or will determine you pay no more than fair market value or you will be paid at least fair market value. Attach copies of any written contracts or other agreements relating to such arrangements. | ☐ Yes | ☑ No |
| c | List the states and local jurisdictions, including Indian Reservations, in which you conduct or will conduct gaming or bingo. | | |

Form **1023** (Rev. 12-2013)

SFFA-Harvard 0000019

Form 1023 (Rev. 12-2013)   **(00)** Name: Students for Fair Admissions, Inc.   EIN: 47 – 1689810   Page 6

**Part VIII   Your Specific Activities *(Continued)***

**4a** Do you or will you undertake fundraising? If "Yes," check all the fundraising programs you do or will conduct. (See instructions.)    ☒ Yes    ☐ No

☐ mail solicitations
☐ email solicitations
☒ personal solicitations
☐ vehicle, boat, plane, or similar donations
☐ foundation grant solicitations

☐ phone solicitations
☐ accept donations on your website
☐ receive donations from another organization's website
☐ government grant solicitations
☐ Other

Attach a description of each fundraising program.

**b** Do you or will you have written or oral contracts with any individuals or organizations to raise funds for you? If "Yes," describe these activities. Include all revenue and expenses from these activities and state who conducts them. Revenue and expenses should be provided for the time periods specified in Part IX, Financial Data. Also, attach a copy of any contracts or agreements.    ☐ Yes   ☒ No

**c** Do you or will you engage in fundraising activities for other organizations? If "Yes," describe these arrangements. Include a description of the organizations for which you raise funds and attach copies of all contracts or agreements.    ☐ Yes   ☒ No

**d** List all states and local jurisdictions in which you conduct fundraising. For each state or local jurisdiction listed, specify whether you fundraise for your own organization, you fundraise for another organization, or another organization fundraises for you.

**e** Do you or will you maintain separate accounts for any contributor under which the contributor has the right to advise on the use or distribution of funds? Answer "Yes" if the donor may provide advice on the types of investments, distributions from the types of investments, or the distribution from the donor's contribution account. If "Yes," describe this program, including the type of advice that may be provided and submit copies of any written materials provided to donors.    ☐ Yes   ☒ No

**5** Are you affiliated with a governmental unit? If "Yes," explain.    ☐ Yes   ☒ No

**6a** Do you or will you engage in economic development? If "Yes," describe your program.    ☐ Yes   ☒ No
**b** Describe in full who benefits from your economic development activities and how the activities promote exempt purposes.

**7a** Do or will persons other than your employees or volunteers develop your facilities? If "Yes," describe each facility, the role of the developer, and any business or family relationship(s) between the developer and your officers, directors, or trustees.    ☐ Yes   ☒ No

**b** Do or will persons other than your employees or volunteers manage your activities or facilities? If "Yes," describe each activity and facility, the role of the manager, and any business or family relationship(s) between the manager and your officers, directors, or trustees.    ☐ Yes   ☒ No

**c** If there is a business or family relationship between any manager or developer and your officers, directors, or trustees, identify the individuals, explain the relationship, describe how contracts are negotiated at arm's length so that you pay no more than fair market value, and submit a copy of any contracts or other agreements.

**8** Do you or will you enter into joint ventures, including partnerships or limited liability companies treated as partnerships, in which you share profits and losses with partners other than section 501(c)(3) organizations? If "Yes," describe the activities of these joint ventures in which you participate.    ☐ Yes   ☒ No

**9a** Are you applying for exemption as a childcare organization under section 501(k)? If "Yes," answer lines 9b through 9d. If "No," go to line 10.    ☐ Yes   ☒ No

**b** Do you provide child care so that parents or caretakers of children you care for can be gainfully employed (see instructions)? If "No," explain how you qualify as a childcare organization described in section 501(k).    ☐ Yes   ☐ No

**c** Of the children for whom you provide child care, are 85% or more of them cared for by you to enable their parents or caretakers to be gainfully employed (see instructions)? If "No," explain how you qualify as a childcare organization described in section 501(k).    ☐ Yes   ☐ No

**d** Are your services available to the general public? If "No," describe the specific group of people for whom your activities are available. Also, see the instructions and explain how you qualify as a childcare organization described in section 501(k).    ☐ Yes   ☐ No

**10** Do you or will you publish, own, or have rights in music, literature, tapes, artwork, choreography, scientific discoveries, or other intellectual property? If "Yes," explain. Describe who owns or will own any copyrights, patents, or trademarks, whether fees are or will be charged, how the fees are determined, and how any items are or will be produced, distributed, and marketed.    ☐ Yes   ☒ No

SFFA-Harvard 0000020

Form 1023 (Rev. 12-2013)    00) Name: **Students for Fair Admissions, Inc.**    EIN: 47 – 1889816    Page **7**

## Part VIII  Your Specific Activities (Continued)

| | | Yes | No |
|---|---|---|---|
| 11 | Do you or will you accept contributions of: real property; conservation easements; closely held securities; intellectual property such as patents, trademarks, and copyrights; works of music or art; licenses; royalties; automobiles, boats, planes, or other vehicles; or collectibles of any type? If "Yes," describe each type of contribution, any conditions imposed by the donor on the contribution, and any agreements with the donor regarding the contribution. | ☐ Yes | ☑ No |
| 12a | Do you or will you operate in a foreign country or countries? If "Yes," answer lines 12b through 12d. If "No," go to line 13a. | ☐ Yes | ☑ No |
| b | Name the foreign countries and regions within the countries in which you operate. | | |
| c | Describe your operations in each country and region in which you operate. | | |
| d | Describe how your operations in each country and region further your exempt purposes. | | |
| 13a | Do you or will you make grants, loans, or other distributions to organization(s)? If "Yes," answer lines 13b through 13g. If "No," go to line 14a. | ☐ Yes | ☑ No |
| b | Describe how your grants, loans, or other distributions to organizations further your exempt purposes. | | |
| c | Do you have written contracts with each of these organizations? If "Yes," attach a copy of each contract. | ☐ Yes | ☐ No |
| d | Identify each recipient organization and any relationship between you and the recipient organization. | | |
| e | Describe the records you keep with respect to the grants, loans, or other distributions you make. | | |
| f | Describe your selection process, including whether you do any of the following: | | |
| (i) | Do you require an application form? If "Yes," attach a copy of the form. | ☐ Yes | ☐ No |
| (ii) | Do you require a grant proposal? If "Yes," describe whether the grant proposal specifies your responsibilities and those of the grantee, obligates the grantee to use the grant funds only for the purposes for which the grant was made, provides for periodic written reports concerning the use of grant funds, requires a final written report and an accounting of how grant funds were used, and acknowledges your authority to withhold and/or recover grant funds in case such funds are, or appear to be, misused. | ☐ Yes | ☐ No |
| g | Describe your procedures for oversight of distributions that assure you the resources are used to further your exempt purposes, including whether you require periodic and final reports on the use of resources. | | |
| 14a | Do you or will you make grants, loans, or other distributions to foreign organizations? If "Yes," answer lines 14b through 14f. If "No," go to line 15. | ☐ Yes | ☑ No |
| b | Provide the name of each foreign organization, the country and regions within a country in which each foreign organization operates, and describe any relationship you have with each foreign organization. | | |
| c | Does any foreign organization listed in line 14b accept contributions earmarked for a specific country or specific organization? If "Yes," list all earmarked organizations or countries. | ☐ Yes | ☐ No |
| d | Do your contributors know that you have ultimate authority to use contributions made to you at your discretion for purposes consistent with your exempt purposes? If "Yes," describe how you relay this information to contributors. | ☐ Yes | ☐ No |
| e | Do you or will you make pre-grant inquiries about the recipient organization? If "Yes," describe these inquiries, including whether you inquire about the recipient's financial status, its tax-exempt status under the Internal Revenue Code, its ability to accomplish the purpose for which the resources are provided, and other relevant information. | ☐ Yes | ☐ No |
| f | Do you or will you use any additional procedures to ensure that your distributions to foreign organizations are used in furtherance of your exempt purposes? If "Yes," describe these procedures, including site visits by your employees or compliance checks by impartial experts, to verify that grant funds are being used appropriately. | ☐ Yes | ☐ No |

Form **1023** (Rev. 12-2013)

SFFA-Harvard 0000021

Form 1023 (Rev. 12-2013)   (00) Name: Students for Fair Admissions, Inc.   EIN: 47 – 1889810   Page 8

## Part VIII   Your Specific Activities (Continued)

| | | | Yes | No |
|---|---|---|---|---|
| 15 | Do you have a close connection with any organizations? If "Yes," explain. | | ☑ Yes | ☐ No |
| 16 | Are you applying for exemption as a cooperative hospital service organization under section 501(e)? If "Yes," explain. | | ☐ Yes | ☑ No |
| 17 | Are you applying for exemption as a cooperative service organization of operating educational **organizations** under section 501(f)? If "Yes," explain. | | ☐ Yes | ☑ No |
| 18 | Are you applying for exemption as a charitable risk pool under section 501(n)? If "Yes," explain. | | ☐ Yes | ☑ No |
| 19 | Do you or will you operate a school? If "Yes," complete Schedule B. Answer "Yes," whether you operate a school as your main function or as a secondary activity. | | ☐ Yes | ☑ No |
| 20 | Is your main function to provide hospital or medical care? If "Yes," complete Schedule C. | | ☐ Yes | ☑ No |
| 21 | Do you or will you provide low-income housing or housing for the elderly or handicapped? If "Yes," complete Schedule F. | | ☐ Yes | ☑ No |
| 22 | Do you or will you provide scholarships, fellowships, educational loans, or other educational grants to individuals, including grants for travel, study, or other similar purposes? If "Yes," complete Schedule H. | | ☐ Yes | ☑ No |

Note: Private foundations may use Schedule H to request advance approval of individual grant procedures.

SFFA-Harvard 0000022

Form 1023 (Rev. 12-2013)    (00) Name: Students for Fair Admissions, Inc.    EIN: 47 – 1689810    Page 9

## Part IX   Financial Data

For purposes of this schedule, years in existence refer to completed tax years. If in existence 4 or more years, complete the schedule for the most recent 4 tax years. If in existence more than 1 year but less than 4 years, complete the statements for each year in existence and provide projections of your likely revenues and expenses based on a reasonable and good faith estimate of your future finances for a total of 3 years of financial information. If in existence less than 1 year, provide projections of your likely revenues and expenses for the current year and the 2 following years, based on a reasonable and good faith estimate of your future finances for a total of 3 years of financial information. (See instructions.)

### A. Statement of Revenues and Expenses

| | | Type of revenue or expense | Current tax year (a) From 7/30/14 To 12/31/14 | 3 prior tax years or 2 succeeding tax years | | | (e) Provide Total for (a) through (d) |
|---|---|---|---|---|---|---|---|
| | | | | (b) From 1/1/15 To 12/31/15 | (c) From 1/1/16 To 12/31/16 | (d) From To | |
| Revenues | 1 | Gifts, grants, and contributions received (do not include unusual grants) | 500,000 | 750,000 | 750,000 | | 2,000,000 |
| | 2 | Membership fees received | 0 | 0 | 0 | | 0 |
| | 3 | Gross investment income | 0 | 0 | 0 | | 0 |
| | 4 | Net unrelated business income | 0 | 0 | 0 | | 0 |
| | 5 | Taxes levied for your benefit | 0 | 0 | 0 | | 0 |
| | 6 | Value of services or facilities furnished by a governmental unit without charge (not including the value of services generally furnished to the public without charge) | 0 | 0 | 0 | | 0 |
| | 7 | Any revenue not otherwise listed above or in lines 9–12 below (attach an itemized list) | 0 | 0 | 0 | | 0 |
| | 8 | Total of lines 1 through 7 | 500,000 | 750,000 | 750,000 | | 2,000,000 |
| | 9 | Gross receipts from admissions, merchandise sold or services performed, or furnishing of facilities in any activity that is related to your exempt purposes (attach itemized list) | 0 | 0 | 0 | | 0 |
| | 10 | Total of lines 8 and 9 | 500,000 | 750,000 | 750,000 | | 2,000,000 |
| | 11 | Net gain or loss on sale of capital assets (attach schedule and see instructions) | 0 | 0 | 0 | | 0 |
| | 12 | Unusual grants | 0 | 0 | 0 | | 0 |
| | 13 | Total Revenue Add lines 10 through 12 | 500,000 | 750,000 | 750,000 | | 2,000,000 |
| Expenses | 14 | Fundraising expenses | 0 | 0 | 0 | | |
| | 15 | Contributions, gifts, grants, and similar amounts paid out (attach an itemized list) | 0 | 0 | 0 | | |
| | 16 | Disbursements to or for the benefit of members (attach an itemized list) | 0 | 0 | 0 | | |
| | 17 | Compensation of officers, directors, and trustees | 0 | 0 | 0 | | |
| | 18 | Other salaries and wages | 0 | 0 | 0 | | |
| | 19 | Interest expense | 0 | 0 | 0 | | |
| | 20 | Occupancy (rent, utilities, etc.) | | | | | |
| | 21 | Depreciation and depletion | 0 | 0 | 0 | | |
| | 22 | Professional fees | 475,000 | 725,000 | 725,000 | | |
| | 23 | Any expense not otherwise classified, such as program services (attach itemized list) | 25,000 | 25,000 | 25,000 | | |
| | 24 | Total Expenses Add lines 14 through 23 | 500,000 | 750,000 | 750,000 | | |

Form 1023 (Rev. 12-2013)

SFFA-Harvard 0000023

Form 1023 (Rev. 12-2013)   00) Name: Students for Fair Admissions, Inc.   EIN:   47 – 1689810   Page 10

## Part IX   Financial Data (Continued)

| | B. Balance Sheet (for your most recently completed tax year) | Year End: 9/30/14 |
|---|---|---|
| | | (Whole dollars) |

**Assets**

| | | |
|---|---|---|
| 1 | Cash | 1 | 0 |
| 2 | Accounts receivable, net | 2 | 0 |
| 3 | Inventories | 3 | 0 |
| 4 | Bonds and notes receivable (attach an itemized list) | 4 | 0 |
| 5 | Corporate stocks (attach an itemized list) | 5 | 0 |
| 6 | Loans receivable (attach an itemized list) | 6 | 0 |
| 7 | Other investments (attach an itemized list) | 7 | 0 |
| 8 | Depreciable and depletable assets (attach an itemized list) | 8 | 0 |
| 9 | Land | 9 | 0 |
| 10 | Other assets (attach an itemized list) | 10 | 0 |
| 11 | Total Assets (add lines 1 through 10) | 11 | 0 |

**Liabilities**

| | | |
|---|---|---|
| 12 | Accounts payable | 12 | 0 |
| 13 | Contributions, gifts, grants, etc. payable | 13 | 0 |
| 14 | Mortgages and notes payable (attach an itemized list) | 14 | 0 |
| 15 | Other liabilities (attach an itemized list) | 15 | 0 |
| 16 | Total Liabilities (add lines 12 through 15) | 16 | 0 |

**Fund Balances or Net Assets**

| | | |
|---|---|---|
| 17 | Total fund balances or net assets | 17 | 0 |
| 18 | Total Liabilities and Fund Balances or Net Assets (add lines 16 and 17) | 18 | 0 |
| 19 | Have there been any substantial changes in your assets or liabilities since the end of the period shown above? If "Yes," explain. | ☐ Yes   ☒ No |

## Part X   Public Charity Status

Part X is designed to classify you as an organization that is either a private foundation or a public charity. Public charity status is a more favorable tax status than private foundation status. If you are a private foundation, Part X is designed to further determine whether you are a private operating foundation. (See instructions.)

| | | |
|---|---|---|
| 1a | Are you a private foundation? If "Yes," go to line 1b. If "No," go to line 5 and proceed as instructed. If you are unsure, see the instructions. | ☐ Yes   ☒ No |
| b | As a private foundation, section 508(e) requires special provisions in your organizing document in addition to those that apply to all organizations described in section 501(c)(3). Check the box to confirm that your organizing document meets this requirement, whether by express provision or by reliance on operation of state law. Attach a statement that describes specifically where your organizing document meets this requirement, such as a reference to a particular article or section in your organizing document or by operation of state law. See the instructions, including Appendix B, for information about the special provisions that need to be contained in your organizing document. Go to line 2. | ☐ |
| 2 | Are you a private operating foundation? To be a private operating foundation you must engage directly in the active conduct of charitable, religious, educational, and similar activities, as opposed to indirectly carrying out these activities by providing grants to individuals or other organizations. If "Yes," go to line 3. If "No," go to the signature section of Part XI. | ☐ Yes   ☐ No |
| 3 | Have you existed for one or more years? If "Yes," attach financial information showing that you are a private operating foundation; go to the signature section of Part XI. If "No," continue to line 4. | ☐ Yes   ☐ No |
| 4 | Have you attached either (1) an affidavit or opinion of counsel, (including a written affidavit or opinion from a certified public accountant or accounting firm with expertise regarding this tax law matter), that sets forth facts concerning your operations and support to demonstrate that you are likely to satisfy the requirements to be classified as a private operating foundation; or (2) a statement describing your proposed operations as a private operating foundation? | ☐ Yes   ☐ No |
| 5 | If you answered "No" to line 1a, indicate the type of public charity status you are requesting by checking one of the choices below. You may check only one box. | |
| | The organization is not a private foundation because it is: | |
| a | 509(a)(1) and 170(b)(1)(A)(i)—a church or a convention or association of churches. Complete and attach Schedule A. | ☐ |
| b | 509(a)(1) and 170(b)(1)(A)(ii)—a school. Complete and attach Schedule B. | ☐ |
| c | 509(a)(1) and 170(b)(1)(A)(iii)—a hospital, a cooperative hospital service organization, or a medical research organization operated in conjunction with a hospital. Complete and attach Schedule C. | ☐ |
| d | 509(a)(3)—an organization supporting either one or more organizations described in line 5a through c, f, g, or h or a publicly supported section 501(c)(4), (5), or (6) organization. Complete and attach Schedule D. | ☐ |

Form 1023 (Rev. 12-2013)

SFFA-Harvard 0000024

Form 1023 (Rev. 12-2013)   (09) Name: Students for Fair Admissions, Inc.   EIN: 47 - 1689810   Page 11

**Part X   Public Charity Status** *(Continued)*

| | | |
|---|---|---|
| e | 509(a)(4)—an organization organized and operated exclusively for testing for public safety. | ☐ |
| f | 509(a)(1) and 170(b)(1)(A)(iv)—an organization operated for the benefit of a college or university that is owned or operated by a governmental unit. | ☐ |
| g | 509(a)(1) and 170(b)(1)(A)(vi)—an organization that receives a substantial part of its financial support in the form of contributions from publicly supported organizations, from a governmental unit, or from the general public. | ☑ |
| h | 509(a)(2)—an organization that normally receives not more than one-third of its financial support from gross investment income and receives more than one-third of its financial support from contributions, membership fees, and gross receipts from activities related to its exempt functions (subject to certain exceptions). | ☐ |
| i | A publicly supported organization, but unsure if it is described in 5g or 5h. The organization would like the IRS to decide the correct status. | ☐ |

6   If you checked box g, h, or i in question 5 above, you must request either an advance or a definitive ruling by selecting one of the boxes below. Refer to the instructions to determine which type of ruling you are eligible to receive.

a   **Request for Advance Ruling:** By checking this box and signing the consent, pursuant to section 6501(c)(4) of the Code you request an advance ruling and agree to extend the statute of limitations on the assessment of excise tax under section 4940 of the Code. The tax will apply only if you do not establish public support status at the end of the 5-year advance ruling period. The assessment period will be extended for the 5 advance ruling years to 8 years, 4 months, and 15 days beyond the end of the first year. You have the right to refuse or limit the extension to a mutually agreed-upon period of time or issue(s). Publication 1035, *Extending the Tax Assessment Period*, provides a more detailed explanation of your rights and the consequences of the choices you make. You may obtain Publication 1035 free of charge from the IRS web site at *www.irs.gov* or by calling toll-free 1-800-829-3676. Signing this consent will not deprive you of any appeal rights to which you would otherwise be entitled. If you decide not to extend the statute of limitations, you are not eligible for an advance ruling.

**Consent Fixing Period of Limitations Upon Assessment of Tax Under Section 4940 of the Internal Revenue Code**

For Organization

_____   _____   _____
(Signature of Officer, Director, Trustee, or other   (Type or print name of signer)   (Date)
authorized official)

                                            _____
                                            (Type or print title or authority of signer)

For IRS Use Only

_____   _____
IRS Director, Exempt Organizations   (Date)

b   **Request for Definitive Ruling:** Check this box if you have completed one tax year of at least 8 full months and you are requesting a definitive ruling. To confirm your public support status, answer line 6b(i) if you checked box g in line 5 above. Answer line 6b(ii) if you checked box h in line 5 above. If you checked box i in line 5 above, answer both lines 6b(i) and (ii).   ☐

(i)   (a) Enter 2% of line 8, column (e) on Part IX-A. Statement of Revenues and Expenses. _____

(b) Attach a list showing the name and amount contributed by each person, company, or organization whose gifts totaled more than the 2% amount. If the answer is "None," check this box.   ☐

(ii)   (a) For each year amounts are included on lines 1, 2, and 9 of Part IX-A. Statement of Revenues and Expenses, attach a list showing the name of and amount received from each disqualified person. If the answer is "None," check this box.   ☐

(b) For each year amounts are included on line 9 of Part IX-A. Statement of Revenues and Expenses, attach a list showing the name of and amount received from each payer, other than a disqualified person, whose payments were more than the larger of (1) 1% of line 10, Part IX-A. Statement of Revenues and Expenses, or (2) $5,000. If the answer is "None," check this box.   ☐

7   Did you receive any unusual grants during any of the years shown on Part IX-A. Statement of Revenues and Expenses? If "Yes," attach a list including the name of the contributor, the date and amount of the grant, a brief description of the grant, and explain why it is unusual.   ☐ Yes   ☐ No

SFFA-Harvard 0000025

Form 1023 (Rev. 12-2013)   Name: Students for Fair Admissions, Inc.   EIN: 47- ███████   Page 12

## Part XI   User Fee Information

You must include a user fee payment with this application. It will not be processed without your paid user fee. If your average annual gross receipts have exceeded or will exceed $10,000 annually over a 4-year period, you must submit payment of $850. If your gross receipts have not exceeded or will not exceed $10,000 annually over a 4-year period, the reduced user fee payment is $400. See instructions for Part XI, for a definition of gross receipts over a 4-year period. Your check or money order must be made payable to the United States Treasury. User fees are subject to change. Check our website at www.irs.gov and type "User Fee" in the keyword box, or call Customer Account Services at 1-877-829-5500 for current information.

1  Have your annual gross receipts averaged or are they expected to average not more than $10,000?   ☐ Yes   ☒ No
   If "Yes," check the box on line 2 and enclose a user fee payment of $400 (Subject to change—see above).
   If "No," check the box on line 3 and enclose a user fee payment of $850 (Subject to change—see above).

2  Check the box if you have enclosed the reduced user fee payment of $400 (Subject to change).   ☐

3  Check the box if you have enclosed the user fee payment of $850 (Subject to change).   ☒

I declare under the penalties of perjury that I am authorized to sign this application on behalf of the above organization and that I have examined this application, including the accompanying schedules and attachments, and to the best of my knowledge it is true, correct, and complete.

Please Sign Here ▶ *(signature)*   (Signature of Officer, Director, Trustee, or other authorized official)

Edward Blum   (Type or print name of signer)
President   (Type or print title or authority of signer)

Date 9-12-14

Reminder: Send the completed Form 1023 Checklist with your filled-in application.   Form 1023 (Rev. 12-2013)

SFFA-Harvard 0000026

IRS Form 1023 – Exhibit A
Students for Fair Admissions, Inc.
EIN: 47-1689810

Part II, Line 1

ARTICLES OF INCORPORATION

(attached)

SFFA-Harvard 0000027

## ARTICLES OF INCORPORATION
### *of*
## STUDENTS FOR FAIR ADMISSIONS, INC.

The undersigned, pursuant to the Virginia Nonstock Corporation Act (the "Act"), hereby states as follows:

1.      The name of the corporation is Students for Fair Admissions, Inc. (the "Corporation").

2.      The Corporation shall have no members.

3.      The initial directors of the Board of Directors of the Corporation shall be appointed by the sole incorporator. All other directors shall be elected by an affirmative vote of a majority of the directors then in office, and each shall continue in office for the term specified in the Bylaws of the Corporation and until such director's successor is elected and qualified, or until such director's earlier death, resignation, or removal.

4.      The name of the initial registered agent of the Corporation is National Corporate Research, Ltd. The registered agent is a domestic or foreign stock or nonstock corporation, limited liability company, or registered limited liability partnership authorized to transact business in Virginia.

5.      The Corporation's initial registered office address, which is identical to the business office of the initial registered agent, is: 250 Browns Hill Court, Midlothian, Virginia, 23114. The registered office is located in the county of Chesterfield.

6.      The Corporation is organized and shall be operated exclusively for charitable, religious, scientific, literary, educational and other purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as now in effect or as hereafter may be amended (the "Code"). The purposes for which the Corporation is formed are to defend human and civil rights secured by law, including the right of individuals to equal protection under the law, through litigation and any other lawful means, and to engage in any lawful act or activity for which corporations may be organized under the Act. In furtherance thereof, the Corporation shall have all the general powers enumerated in Sections 13.1-826 and 13.1-827 of the Act. Except as otherwise provided by law, or in any Bylaw of the Corporation, the business of the Corporation shall be managed and all of the powers of the Corporation shall be exercised by the Board of Directors of the Corporation.

7.      The duration of the existence of the Corporation is perpetual.

8.      Provisions for the regulation of the internal affairs of the Corporation, including provisions for distribution of assets on dissolution or final liquidation, are as follows:

        A.      The Corporation shall not only be organized but also operated exclusively for charitable purposes within the meaning of section 501(c)(3) of the Code; provided, however, that the corporation may engage in any lawful act or activity for which

SFFA-Harvard 0000028

corporations may be organized under the Act, provided such acts or activities would not prevent the Corporation from obtaining and retaining exemption from federal income taxation as a corporation described in Section 501(c)(3) of the Code.

B.    No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to, its members, officers, directors, or other private individuals, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered to or for the Corporation and to make payments and distributions in furtherance of the purposes set forth in Article 6 hereof;

C.    No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate or intervene in (including the publication or distribution of statements concerning) any political campaign on behalf of, or in opposition to, any candidate for public office.  Notwithstanding any other provision of these Articles of Incorporation, the Corporation shall not, except to an insubstantial degree, engage in any activities or exercise any powers that are not in furtherance of the purposes of the Corporation; and

D.    In the event of dissolution or final liquidation of the Corporation, the remaining assets of the Corporation shall be distributed for one or more exempt purposes within the meaning of section 501(c)(3) of the Code or shall be distributed to the federal government, or to a state or local government, for a public purpose.  Any such assets not so disposed of shall be disposed of by a court of competent jurisdiction of the county in which the principal office of the Corporation is then located, exclusively for such purposes or to such organization or organizations, as the court shall determine, that are organized and operated exclusively for such purposes.

9.    To the fullest extent permitted by the Act, no officer or director of the Corporation shall be personally liable for damages in any proceeding brought by or in the right of the Corporation, or in connection with any claim, action, suit, or proceeding to which he or she may be or is made a party by reason of being or having been an officer or director of the Corporation.

10.    The Corporation reserves the right to amend or repeal any provision contained in these Articles of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon directors herein are granted subject to this reservation.

Dated:  July 29, 2014

[SIGNATURE PAGE FOLLOWS]

17516804

- 2 -

SFFA-Harvard 0000029

SIGNATURE PAGE TO
ARTICLES OF INCORPORATION
*of*
STUDENTS FOR FAIR ADMISSIONS, INC.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Incorporation as of the date set forth above.

Robert D. Benton
Sole Incorporator

- 3 -

SFFA-Harvard 0000030

# Commonwealth of Virginia



## State Corporation Commission

*I Certify the Following from the Records of the Commission:*

The foregoing is a true copy of all documents constituting the charter of Students for Fair Admissions, Inc. on file in the Clerk's Office of the Commission.

Nothing more is hereby certified.



*Signed and Sealed at Richmond on this Date:*
*July 31, 2014*

Joel H. Peck, Clerk of the Commission

CIS0505

SFFA-Harvard 0000031



### STATE CORPORATION COMMISSION

*Richmond, July 30, 2014*

*This is to certify that the certificate of incorporation of*

Students for Fair Admissions, Inc.

*was this day issued and admitted to record in this office and that
the said corporation is authorized to transact its business subject
to all Virginia laws applicable to the corporation and its business.
Effective date: July 30, 2014*



*State Corporation Commission
Attest:*

Joel H. Peck
*Clerk of the Commission*

CIS0372

SFFA-Harvard 0000032

IRS Form 1923 – Exhibit B
Students for Fair Admissions, Inc.
EIN: 47-1689810

Part II, Line 5

BYLAWS

(attached)

SFFA-Harvard 0000033

BYLAWS

*of*

STUDENTS FOR FAIR ADMISSIONS, INC.

(Formed under the Virginia Nonstock Corporation Act)

(Adopted August 6, 2014)

## ARTICLE I
*Name and Location*

Section 1.01    Name.    The name of the corporation is Students for Fair Admissions, Inc. (the "Corporation").

Section 1.02    Location.    The principal office of the Corporation shall be located at 109 North Henry Street, Alexandria, Virginia 22314, or at any other place approved by the Board of Directors.

Section 1.03    Registered Office and Agent.    The Corporation shall continuously maintain a registered office and agent within the Commonwealth of Virginia at such place as may be designated by the Board of Directors.  The Corporation's initial registered office and agent are set forth in the Articles of Incorporation.

## ARTICLE II
*Purposes*

The Corporation is organized and shall be operated exclusively for charitable, religious, scientific, literary, educational and other purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as now in effect or as hereafter may be amended (the "Code"). The purposes for which the Corporation is formed are to defend human and civil rights secured by law, including the right of individuals to equal protection under the law, through litigation and any other lawful means, and to engage in any lawful act or activity for which corporations may be organized under the Virginia Nonstock Corporation Act (the "Act").  In furtherance thereof, the Corporation shall have all the general powers enumerated in Sections 13.1-826 and 13.1-827 of the Act.

## ARTICLE III
*Membership*

Section 3.01    Members.    The Corporation shall have no members within the meaning of the Act.

Section 3.02    Affiliate Members.    The Corporation shall have one class of affiliate members with rights, privileges, and obligations established by the Board of Directors.  Affiliate members have no voting rights and are not members within the meaning of the Act.  Any

SFFA-Harvard 0000034

individual who seeks to support the purposes and mission of the Corporation shall be eligible to be an affiliate member, subject to any additional standards that may be set from time to time by the Board of Directors. The Board of Directors shall have authority to recognize any individual as an affiliate member.

## ARTICLE IV
### Board of Directors

Section 4.01   Power of Board of Directors.  The business and affairs of the Corporation shall be managed by the Board of Directors.

Section 4.02   Number of Directors.  The number of directors of the Corporation is no fewer than three (3), but no more than five (5), and may be increased or decreased from time to time by action of the Board of Directors.

Section 4.03   Election and Term of Directors.  The initial Board of Directors shall consist of those directors named in the Action of the Sole Incorporator dated July 30, 2014 and shall serve until their successors are elected and qualified.  Thereafter, directors shall be elected at an annual meeting of the Board of Directors by an affirmative vote of a majority of the directors then in office, and each shall continue in office until his or her successor is elected or qualified (unless the Board of Directors, at the annual meeting, determines that there is to be no such immediate successor), or until his or her death, resignation, or removal.  The tenure of incumbent members of the Board of Directors shall not be affected by an increase or decrease in the number of directors.

Section 4.04   Vacancies and Newly-Created Directorships.  Vacancies and newly-created directorships, resulting from any increase in the authorized number of directors, may be filled by a majority vote of the directors then in office although less than a quorum, or by a sole remaining director.  A director elected to fill a vacancy or newly-created directorship shall hold office until the next annual meeting of the Board of Directors and until his or her successor is elected and qualified.

Section 4.05   Removal.  Any director may be removed with or without cause at any time by action of the Board.  A director may be removed only at a meeting called for that purpose (together with other purposes, if any).

Section 4.06   Resignations.  Any director may resign at any time upon written notice to the Corporation.  Unless otherwise specified in the written notice, the resignation shall be effective upon delivery to the Corporation.

Section 4.07   Quorum of the Board of Directors and Action of the Board of Directors.  Unless a greater proportion is required by law or by these Bylaws for adoption of a particular action, a majority of the directors shall constitute a quorum for the transaction of business and, except as otherwise provided by law or by the Articles of Incorporation or these Bylaws, the vote of a majority of the directors present at the meeting at which a quorum is present shall be the act of the Board of Directors.

-2-

SFFA-Harvard 0000035

Section 4.08    Meetings of the Board of Directors.   An annual meeting of the Board of Directors shall be held each year at such time and place as shall be fixed by the Board of Directors, for the election of officers and directors and for the transaction of such other business as may properly come before the meeting.   Regular meetings of the Board of Directors shall be held at such times as may be fixed by the Board of Directors.   Special meetings of the Board of Directors may be held at any time whenever called by a majority of the directors then in office. Notice of all special meetings shall be delivered in writing to all directors and shall specify the matters to be addressed at such meeting.   Meetings of the Board of Directors may be held at such places within or without the Commonwealth of Virginia as may be fixed by the Board of Directors for annual and regular meetings and in the notice of meeting for special meetings.

Section 4.09    Informal Action by the Board of Directors.   Unless otherwise restricted by the Articles of Incorporation or these Bylaws, any action required or permitted to be taken by the Board of Directors may be taken without a meeting if all directors consent in writing to the adoption of a resolution authorizing the action.   The resolution and the written consents thereto by the directors shall be filed with the minutes of proceedings of the Board of Directors.   A written consent and the signing thereof may be accomplished by one or more electronic transmissions, including a signed email message from the applicable director.

Section 4.10    Meetings by Conference Telephone.   Any one or more members of the Board of Directors may participate in a meeting of such Board of Directors by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can communicate with one another.   Participation in a meeting by such means shall constitute presence in person at the meeting.

Section 4.11    Compensation of Directors.   The Corporation may not pay any compensation to directors for services rendered, except that directors may be reimbursed for expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by a majority of the entire Board of Directors.

## ARTICLE V
### Committees

Section 5.01    General Provisions.   A majority of the Board of Directors may create one or more committees and appoint members of the Board of Directors to serve on them.   To the extent specified by the Board of Directors, each committee may exercise the authority of the Board of Directors, except that a committee may not exercise authority prohibited by law.

Section 5.02    Committee Rules.   Requirements for the Board of Directors set forth herein or, if applicable, in Sections 13.1-864 through 13.1-868 of the Act as now in effect or as may hereafter be amended, or any other statutory provision, governing meetings, action without meetings, notice and waiver of notice, and quorum and voting requirements shall apply to committees and their members as well.

SFFA-Harvard 0000036

## ARTICLE VI
### Officers, Agents, and Employees

Section 6.01   Officers.   The Board of Directors shall elect or appoint a President, Secretary, and Treasurer, and it may, if it so determines, elect or appoint one or more Vice Presidents, Assistant Secretaries, Assistant Treasurers, and other officers and may give any of them such further designation or alternate titles as it considers desirable.   The same individual may simultaneously hold more than one office in the Corporation.

Section 6.02   Term of Office, Vacancies and Removal.   Each officer shall hold office for the term for which he or she is elected or appointed and until his or her successor is elected or appointed and qualified, or until his or her earlier death, resignation or removal.   All officers shall be elected or appointed at the annual meeting of the Board of Directors, except in the case of initial officers and vacancies resulting from any resignation or removal, which may be filled by the Board of Directors as needed.   An officer appointed or elected to fill a vacancy shall hold office for the unexpired term of his or her predecessor in office, and until his or her successor is elected and qualified.   Any officer may be removed by the Board of Directors with or without cause at any time.

Section 6.03   Resignation.   Any officer may resign at any time by giving written notice to the Corporation.   Unless otherwise specified in the written notice, the resignation shall be effective upon delivery to the Corporation.

Section 6.04   Powers and Duties of Officers.   Subject to the control of the Board of Directors, all officers as between themselves and the Corporation shall have such authority and perform such duties in the management of the Corporation as may be provided by the Board of Directors and, to the extent not so provided, as generally pertain to their respective offices.

*President*.   The President shall serve as the chief executive officer of the Corporation and preside at all meetings of the Board of Directors.   The President shall supervise and control all of the affairs of the Corporation and oversee the management of the Corporation in accordance with policies and directives approved by the Board of Directors, including appointing assistants and hiring employees as necessary to ensure orderly operations.

*Secretary*.   The Secretary shall be responsible for the keeping of an accurate record of the proceedings of all meetings of the Board of Directors, shall give or cause to be given all notices in accordance with these Bylaws or as required by law, and shall perform all duties customary to the office of Secretary.

*Treasurer*.   The Treasurer shall have the custody of, and be responsible for, all funds and securities of the Corporation.   He or she shall keep or cause to be kept complete and accurate accounts of receipts and disbursements of the Corporation, and shall deposit all monies and other valuable property of the Corporation in the name and to the credit of the Corporation in such banks or depositories as the Board of Directors may designate. Whenever required by the Board of Directors, the Treasurer shall render a statement of accounts.   He or she shall at all reasonable times exhibit the books and accounts to any

- 4 -

SFFA-Harvard 0000037

officer or director of the Corporation, and shall perform all duties incident to the office of Treasurer, subject to the supervision of the Board of Directors, and such other duties as shall from time to time be assigned by the Board of Directors.

Section 6.05   Agents and Employees.  The Board of Directors may appoint agents and employees who shall have such authority and perform such duties as may be prescribed by the Board of Directors.  The Board of Directors may remove any agent or employee at any time with or without cause.  Removal without cause shall be without prejudice to such person's contract rights, if any, and the appointment of such person shall not itself create contract rights.

Section 6.06   Compensation of Officers, Agents and Employees.  The Corporation may pay compensation to officers for services rendered to the Corporation in their capacity as officers, and officers may be reimbursed for expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by a majority of the entire Board of Directors.   The Corporation may pay compensation in reasonable amounts to agents and employees for services rendered, such amounts to be fixed by the Board of Directors or, if the Board of Directors delegates power to any officer or officers, then by such officer or officers. The Board of Directors may require officers, agents or employees to give security for the faithful performance of their duties.

## ARTICLE VII
### *Miscellaneous*

Section 7.01   Fiscal Year.  The fiscal year of the Corporation shall be the calendar year or such other period as may be fixed by the Board of Directors.

Section 7.02   Corporate Seal.  The corporate seal, if any, shall be circular in form, shall have the name of the Corporation inscribed thereon and shall contain the words "Corporate Seal" and "Virginia" and the year the Corporation was formed in the center, or shall be in such form as may be approved from time to time by the Board of Directors.

Section 7.03   Checks, Notes, Contracts.  The Board of Directors shall determine who shall be authorized from time to time on the Corporation's behalf to: (A) sign checks, drafts, or other orders for payment of money; (B) to sign acceptances, notes, or other evidences of indebtedness; (C) to enter into contracts; and (D) to execute and deliver other documents and instruments.

Section 7.04   Books and Records.  The Corporation shall keep correct and complete books and records of account, the activities and transactions of the Corporation, minutes of the proceedings of the Board of Directors and any committee of the Corporation, a current list of the directors and officers of the Corporation, their business addresses and the Corporation's most recent annual report.  Any of the books, minutes, and records of the Corporation may be in written form or in any other form capable of being converted into written form within a reasonable time.

Section 7.05   Amendment of Articles of Incorporation and Bylaws.  The Articles of Incorporation or Bylaws of the Corporation may be amended in whole or in part by a majority

SFFA-Harvard 0000038

vote of the directors then in office and upon the taking of any other actions required under the Act.

Section 7.06   Indemnification and Insurance.   The Corporation shall indemnify any director, any former director, any person who while a director of the Corporation may have served at its request as a director, officer, partner, trustee, employee, or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, and may, by resolution of the Board of Directors, indemnify any officer, employee, or agent against any and all expenses and liabilities actually and necessarily incurred by him or her or imposed on him or her in connection with any claim, action, suit, or proceeding (whether actual or threatened, civil, criminal, administrative, or investigative, including appeals) to which he or she may be or is made a party by reason of being or having been such director, officer, employee or agent; subject to the limitation, however, that there shall be no indemnification in relation to matters unless such person: (1) conducted himself or herself in good faith; (2) believed in the case of conduct in his or her official capacity with the Corporation that his or her conduct was in the best interest of the Corporation; and in all other cases that his or her conduct was at least not opposed to the best interests of the Corporation; or (3) in the case of any criminal proceeding, he or she had no reasonable cause to believe that his or her conduct was unlawful.  Further, there shall be no indemnification in connection with a proceeding (A) by or in the right of the Corporation in which the director, officer, employee or agent was judged liable to the Corporation, or (B) in which improper personal benefit is charged.

The Corporation shall upon order of a court of competent jurisdiction indemnify a director who entirely prevails in the defense of any proceeding to which he or she was a party because he or she is or was a director of the Corporation, for reasonable expenses incurred by him or her in connection with the proceeding.

Amounts paid in indemnification of expenses and liabilities may include, but shall not be limited to, counsel fees and other fees; costs and disbursements; judgments, fines, and penalties against, and amounts paid in settlement by, such director, officer, employee or agent.  The Corporation may pay for or reimburse the reasonable expenses in advance of final disposition of the proceeding provided that the provisions of Section 13.1-878 of the Act are met.

The provisions of this Article shall be applicable to claims, actions, suits, or proceedings made or commenced after the adoption hereof, whether arising from acts or omissions to act occurring before or after adoption hereof.

The indemnification provided by this Article shall not be deemed exclusive of any other rights to which such director, officer, or employee may be entitled under any statute, bylaw, agreement, vote of the Board of Directors, or otherwise and shall not restrict the power of the Corporation to make any indemnification permitted by law.

The Board of Directors may authorize the purchase of and maintain insurance on behalf of any director, officer, employee or agent of the Corporation against any liability asserted against or incurred by him or her which arises out of such person's status in such capacity or who is or was serving at the request of the Corporation as a director, officer, employee or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan

- 6 -

SFFA-Harvard 0000039

or otherwise, or out of acts taken in such capacity, whether or not the Corporation would have the power to indemnify the person against that liability under law.

If any part of this Section shall be found in any action, suit or proceeding to be invalid or ineffective, the validity and the effectiveness of the remaining parts shall not be affected.

Section 7.07   Dissolution.   The Corporation may be dissolved at any time by majority vote of the directors then in office and upon the taking of any other actions required under the Act.   In the event of dissolution or final liquidation of the Corporation, all of the remaining assets of the Corporation shall, after paying or making provision for the payment of all of the liabilities and obligations of the Corporation and for necessary expenses thereof, be distributed as determined by the Board of Directors in accordance with the Articles of Incorporation and applicable law.

SFFA-Harvard 0000040

IRS Form 1023 – Exhibit C
Students for Fair Admissions, Inc.
EIN: 47-1689810

<u>Part IV</u>

NARRATIVE DESCRIPTION OF ORGANIZATION'S ACTIVITIES

I.    Introduction

Students for Fair Admissions, Inc. is a non-profit public charity organized and operated exclusively for charitable purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code ("IRC"). Formed for the purpose of defending human and civil rights secured by law through the institution of litigation, Students for Fair Admissions seeks to promote and protect the right of the public to be free from discrimination on the basis of race in higher education admissions. *See* Rev. Rul. 80-278, 1980-2 C.B. 175.

Students for Fair Admissions is a coalition of prospective applicants and applicants to higher education institutions who were denied admission to higher education institutions, their family members, and other individuals who support the organization's purpose and mission of eliminating racial discrimination in higher education admissions. An independent and experienced board of directors governs Students for Fair Admissions. The organization's members do not have any voting rights in governance matters.

Students for Fair Admissions does not have its own staff of attorneys and does not provide legal representation to its members or others. Instead, the organization will employ private attorneys to represent it in bringing and maintaining civil rights litigation. As described below, the type of litigation that Students for Fair Admissions intends to initiate benefits the public and does not benefit any private party or interest. Students for Fair Admissions' volunteer board of directors will oversee its litigation, which will include selecting qualified private attorneys to represent the organization and making decisions about litigation strategy.

In addition, Students for Fair Admissions does not have dedicated office space. Its volunteer directors and officers perform their work from home. The board of directors has the sole discretion to determine how and where the organization's funds are expended. Please see Part VIII, Line 15 for additional information about how Students for Fair Admissions is funded.

II.    Overview of Students for Fair Admissions' Party-Plaintiff Litigation

Students for Fair Admissions intends to file lawsuits against universities located in the United States alleging that the universities employed racially discriminatory policies and procedures in administering their admissions programs in violation of the Equal Protection Clause of the U.S. Constitution's Fourteenth Amendment and/or Title VI of the Civil Rights Act of 1964. At this time, Students for Fair Admissions anticipates simultaneously filing 2-3 separate lawsuits against 2-3 different universities. The lawsuits will seek declaratory judgments that the universities' admissions programs are racially discriminatory and violate the Equal Protection Clause and Title VI.

The IRS has set forth a three-part test for determining whether an organization that institutes and maintains litigation as a party plaintiff is operated exclusively for charitable

SFFA-Harvard 0000041

IRS Form 1023 – Exhibit C
Students for Fair Admissions, Inc.
EIN: 47-1689810

purposes. *See* Rev. Rul. 80-278, 1980-2 C.B. 175. Under this three-part test, an organization's
activities will be considered permissible under Section 501(c)(3) if:

      (1)    the purpose of the organization is charitable;

      (2)    the activities are not illegal, contrary to a clearly defined
      and established public policy, or in conflict with express statutory
      restrictions; and

      (3)    the activities are in furtherance of the organization's
      exempt purpose and are reasonably related to the accomplishment
      of that purpose.

*Id.* As explained below, Students for Fair Admissions satisfies this three-part test.

    A.    **Students for Fair Admissions' Purpose is Charitable.**

    Treasury Regulation 1.501(c)(3)-1(d)(2) provides that "defend[ing] human and civil
rights secured by law" is a charitable purpose. "[H]uman and civil rights secured by law"
include rights provided not only by the Constitution of the United States, but also by federal
statute. *See Nat'l Right to Work Legal Defense & Educ. Foundation*, 487 F. Supp. 801 (E.D.
N.C. 1979). Students for Fair Admissions' party-plaintiff litigation, which will focus on
defending the rights of all individuals to be free from racial discrimination in higher education
admissions under the Equal Protection Clause of the U.S. Constitution's Fourteenth Amendment
and/or Title VI of the Civil Rights Act of 1964, falls into this category of charitable activities.

    The Equal Protection Clause forbids states from "deny[ing] to any person within its
jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The Supreme Court
has held that the Equal Protection Clause applies to higher education admissions policies and
procedures. *See, e.g., Grutter v. Bollinger*, 539 U.S. 306 (2003) ("A core purpose of the
Fourteenth Amendment was to do away with all governmentally imposed discrimination based
on race" and "whenever the government treats any person unequally because of his or her race,
that person has suffered an injury that falls squarely within the language and spirit of the
Constitution's guarantee of equal protection."). It is well-established that instituting litigation to
defend rights guaranteed by the U.S. Constitution constitutes "defend[ing] human and civil rights
secured by law" and is a charitable activity. *See, e.g.*, Rev. Rul. 73-285, 1973-2 C.B. 174.

    Title VI prohibits discrimination on the basis of race, color, and national origin in
programs and activities receiving federal financial assistance, such as universities. *See* 42 U.S.C.
§ 2000d *et seq.* The Supreme Court also has recognized that Title VI applies to high education
admissions policies and procedures. *See, e.g., Regents of Univ. of California v. Bakke*, 438 U.S
265 (1978) ("Examination of the voluminous legislative history of Title VI reveals a
congressional intent to halt federal funding of entities that violate a prohibition of racial
discrimination similar to that of the Constitution."). The IRS has frequently recognized that
instituting litigation to defend rights provided for under civil rights statutes constitutes
"defend[ing] human and civil rights secured by law" and is a charitable activity. *See, e.g.*

SFFA-Harvard 0000042

IRS Form 1023 – Exhibit C
Students for Fair Admissions, Inc.
EIN: 47-4689816

G.C.M. 38468 (Aug. 12, 1980) (citing *Nat'l Right to Work Legal Defense & Educ. Foundation*, 487 F. Supp. 801 (E.D. N.C. 1979)).

    B.    **Students for Fair Admissions' Activities are Not Illegal, Contrary to a Clearly Defined and Established Public Policy, or in Conflict with Express Statutory Restrictions.**

Private litigation activities are not illegal nor contrary to public policy or any IRC 501(c)(3) restrictions. *See* Rev. Ruls. 80-278, 73-285.

    C.    **Students for Fair Admissions' Activities Further Its Exempt Purpose and Reasonably Relate to the Accomplishment of that Purpose.**

Students for Fair Admissions' primary activity, the institution of litigation as a party plaintiff, is an effective method to further its exempt purpose of promoting and protecting the public's right to be free from discrimination on the basis of race in higher education admissions. Congress has provided for private litigation as a means to enforce the Equal Protection Clause. *See* 42 U.S.C. § 1983 (creating a private right of action to enforce rights guaranteed by the U.S. Constitution. And the U.S. Supreme Court has found an implied private right of action under Title VI. *See Alexander v. Sandoval*, 532 U.S. 275 (2001). "These provisions indicate Congressional approval of private litigation as desirable and appropriate means of enforcing" the Equal Protection Clause and federal civil rights statutes. Rev. Rul. 80-278.

III.    **Students for Fair Admissions' Party-Plaintiff Litigation Serves a Public Interest**

Students for Fair Admissions' party-plaintiff litigation serves a public rather than private interest. Regardless of the outcome, the organization's litigation will serve as "test cases" and define the rights of the public generally to be free from discrimination on the basis of race in higher education admissions. As noted above, Students for Fair Admissions' litigation will seek declaratory judgments that the defendant universities' admissions programs are racially discriminatory and violate the Equal Protection Clause and Title VI. Such declaratory judgments would cause not only the defendant universities, but also higher education institutions throughout the country to examine their admissions programs and alter any policies and procedures that could be discriminatory.

In addition to declaratory judgments, Students for Fair Admissions will also seek attorneys' fees in their party-plaintiff litigation. Should Students for Fair Admissions be awarded attorneys' fees, the organization would ensure that the fees are paid directly to the organization to be used for the purpose of defraying its normal operating and program expenses. No monetary recovery of any kind would be distributed to Students for Fair Admissions' members.

SFFA-Harvard 0000043

IRS Form 1023 – Exhibit D
Students for Fair Admissions, Inc.
EIN: 47-1689810

Part I, Line 7

AUTHORIZED REPRESENTATIVES

Attorney Names:     Robert D. Benton
                    Brandis L. Zehr

Law Firm:           Wiley Rein LLP
                    1776 K Street NW
                    Washington, DC 20006

Part V, Line 2(a)

FAMILY RELATIONSHIPS OF OFFICERS AND DIRECTORS

Abigail Fisher, a director and Secretary, and Richard Fisher, a director and Treasurer, are related to each other through a family relationship.  Mr. Fisher is the father of Ms. Fisher.

Part V, Line 3(a)

QUALIFICATIONS, AVERAGE HOURS WORKED, AND DUTIES
OF OFFICERS AND DIRECTORS

**Edward Blum, President**

Edward Blum serves as a volunteer director and President of Students for Fair Admissions.  As President, Mr. Blum functions as the chief executive officer, supervising the day-to-day affairs of the organization.  Students for Fair Admissions estimates that Mr. Blum will spend an average of 10 hours per week fulfilling his duties.

Mr. Blum is a leading scholar of civil rights policy issues, such as voting rights, affirmative action, and multiculturalism.  He is currently a visiting fellow at the American Enterprise Institute and also the Executive Director of the Project on Fair Representation.  (Please see Part VIII, Line 15 for more information of Students for Fair Admissions' relationship with the Project on Fair Representation.)  Prior to joining AEI and founding the Project on Fair Representation, Mr. Blum was a Senior Fellow at the Center for Equal Opportunity and the Director of Legal Affairs at the Center for Equal Opportunity.  He holds a bachelor's degree from the University of Texas.

Abigail Fisher, Secretary

Abigail Fisher serves as a volunteer director and Secretary of Students for Fair Admissions.  As Secretary, Ms. Fisher is responsible for keeping an accurate record of the proceedings of all meetings of the Board of Directors.  Students for Fair Admissions estimates that Ms. Fisher will spend an average of one hour per week fulfilling her duties.

SFFA-Harvard 0000044

IRS Form 1023 – Exhibit D
Students for Fair Admissions, Inc.
EIN: 47-1689810

Ms. Fisher has firsthand experience about the type of litigation that Students for Fair Admissions intends to initiate.  After being denied admission to the University of Texas, Ms. Fisher challenged the university's race-conscious admissions program.  *Fisher v. University of Texas* has generated precedential decisions in the Supreme Court and Fifth Circuit Court of Appeals.

Ms. Fisher is a financial analysis for a Fortune 100 company.  She holds a bachelor's degree in finance from Louisiana State University.

**Richard Fisher, Treasurer**

Richard Fisher serves as a volunteer director and Treasurer of Students for Fair Admissions.  As Treasurer, Mr. Fisher is responsible for the financial management of the organization.  Students for Fair Admissions estimates that Mr. Fisher will spend less than five hours per week fulfilling his duties.

Mr. Fisher is a Certified Public Accountant.  He holds a bachelor's degree in business administration from the University of Texas.

<u>Part V, Line 5(a)</u>

CONFLICT OF INTEREST POLICY

Students for Fair Admissions' board of directors adopted its conflict of interest policy on August 6, 2014 through a unanimous written consent in lieu of an organizational meeting.  A copy of the organization's conflict of interest policy is attached as Exhibit E.

<u>Part VIII, Line 4(a)</u>

FUNDRAISING PROGRAMS

Students for Fair Admissions anticipates that it will primarily raise funds through personal solicitations of other 501(c)(3) public charities.  The organization also may raise funds through personal solicitations of individuals and businesses.

<u>Part VIII, Line 4(d)</u>

JURISDICTIONS IN WHICH THE ORGANIZATION CONDUCTS FUNDRAISING

Students for Fair Admissions anticipates that its fundraising activities will be primarily conducted in Texas and it will only engage in fundraising activities on its own behalf.

SFFA-Harvard 0000045

IRS Form 1023 – Exhibit D
Students for Fair Admissions, Inc.
EIN: 47-1689819

Part VIII, Line 15

CLOSE CONNECTION WITH ANOTHER ORGANIZATION

Students for Fair Admissions has a "close connection" with the Project on Fair Representation ("POFR"). POFR is a legal defense fund that supports civil and voting rights litigation brought under the U.S. Constitution and federal statutes. POFR is currently in the process of transitioning from being a program of Project Liberty, Inc., a Section 509(a)(3) supporting organization, to being a legally-distinct public charity under Section 501(c)(3). Edward Blum, who serves as a volunteer director and the President of Students for Fair Admissions, also serves as a director and the Executive Director of POFR. Students for Fair Admissions' initial funding is from POFR, and the organization anticipates that POFR will continue to be the primary funder of the organization.

Part IX, Line 23

ANY EXPENSE NOT OTHERWISE CLASSIFIED

| | Current Tax Year | Two Succeeding Tax Years | |
| --- | --- | --- | --- |
| | (a) From      7/30/14<br>To      12/31/14 | (b) From      1/1/15<br>To      12/31/15 | (c) From      1/1/16<br>To      12/31/16 |
| Office Supplies | $5,000 | $5,000 | $5,000 |
| Travel Expenses | $20,000 | $20,000 | $20,000 |
| Line 23 Total | $25,000 | $25,000 | $25,000 |

SFFA-Harvard 0000046

IRS Form 1023 – Exhibit E
Students for Fair Admissions, Inc.
EIN: 47-1689810

<u>Part V, Line 5(a)</u>

CONFLICT OF INTEREST POLICY

(attached)

SFFA-Harvard 0000047

*Adopted August 6, 2014*

STUDENTS FOR FAIR ADMISSIONS, INC.

Conflict of Interest Policy

I.   Purpose

The purpose of this Conflict of Interest Policy is to protect the interests of Students for Fair Admissions, Inc. (the "Corporation") as a tax-exempt, charitable and educational organization when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an officer or director of the Corporation or might possibly result in an excess benefit transaction. This Policy is intended to supplement but not replace any applicable state and federal laws governing conflicts of interest applicable to nonprofit entities.

II.   Definitions

    A.    **Interested Person** – Any director, principal officer, or member of a committee with Board of Directors-delegated powers, who has a direct or indirect financial interest, as defined below, is an interested person.

    B.    **Financial Interest** – A person has a financial interest if the person has, directly or indirectly, through business, investment, or family:

        1.    An ownership or investment interest in any entity with which the Corporation has a transaction or arrangement;

        2.    A compensation arrangement with the Corporation or with any entity or individual with which the Corporation has a transaction or arrangement; or

        3.    A potential ownership or investment interest in, or compensation arrangement with, any entity or individual with which the Corporation is negotiating a transaction or arrangement.

        Compensation includes direct and indirect remuneration as well as gifts or favors that are not insubstantial. A financial interest is not necessarily a conflict of interest. Under Section III.B, a person who has a financial interest may have a conflict of interest only if the Board of Directors or committee with Board of Directors-delegated powers decides that a conflict of interest exists.

III.   Procedures

    A.    **Duty to Disclose** – In connection with any actual or possible conflict of interest, an interested person must disclose on an ongoing basis the existence of the financial interest and be given the opportunity to disclose all material facts to the directors and members of committees with Board of Directors delegated powers considering the proposed transaction or arrangement.

1

SFFA-Harvard 0000048

B.  **Determining Whether a Conflict of Interest Exists** – After disclosure of the financial interest and all material facts, and after any discussion with the interested person, he/she shall leave the Board of Directors or committee with Board of Directors-delegated powers meeting while the determination of a conflict of interest is discussed and voted upon.  The remaining board or committee members shall decide if a conflict of interest exists.

C.  **Procedures for Addressing the Conflict of Interest**

1.  An interested person may make a presentation at the Board of Directors or committee with Board of Directors-delegated powers meeting, but after the presentation, he/she shall leave the meeting during the discussion of, and the vote on, the transaction or arrangement involving the possible conflict of interest.

2.  The President of the Corporation or chairperson of the committee with Board of Directors-delegated powers shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement.

3.  After exercising due diligence, the Board of Directors or committee with Board of Directors-delegated powers shall determine whether the Corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest.

4.  If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board of Directors or committee with Board of Directors-delegated powers shall determine by a majority vote of the disinterested directors whether the transaction or arrangement is in the Corporation's best interest, for its own benefit, and whether it is fair and reasonable.  In conformity with the above determination it shall make its decision as to whether to enter into the transaction or arrangement.

D.  **Violations of the Conflict of Interest Policy**

1.  If the Board of Directors or committee with Board of Directors-delegated powers has reasonable cause to believe a member has failed to disclose an actual or possible conflict of interest, it shall inform the member of the basis for such belief and afford the member an opportunity to explain the alleged failure to disclose.

2.  If, after hearing the member's response and after making further investigation as warranted by the circumstances, the Board of Directors or committee with Board of Directors-delegated powers determines the member has failed to disclose an actual or possible conflict of interest, it shall take appropriate disciplinary and corrective action.

2

SFFA-Harvard 0000049

*Adopted August 6, 2014*

IV.  Records of Proceedings

The minutes of the Board of Directors and all committees with Board of Directors-delegated powers shall contain:

A.  The names of the persons who disclosed or otherwise were found to have a financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the decision of the Board of Directors or committee with Board of Directors-delegated powers as to whether a conflict of interest in fact existed; and

B.  The names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion (including any alternatives to the proposed transaction or arrangement), and a record of any votes taken in connection with the proceedings.

V.  Compensation

A.  A director who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that director's compensation.

B.  A voting member of any committee with Board of Directors-delegated powers whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation.

C.  No director or voting member of any committee with Board of Directors-delegated powers whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation, either individually or collectively, is prohibited from providing information to any such committee regarding compensation.

VI.  Annual Statements

Each director, principal officer and member of a committee with Board of Directors-delegated powers shall annually sign a statement which affirms such person:

A.  Has received a copy of the Conflict of Interest Policy;

B.  Has read and understands the Policy;

C.  Has agreed to comply with the Policy; and

D.  Understands the Corporation is a nonprofit, charitable and educational organization and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes.

3

SFFA-Harvard 0000050

*Adopted August 6, 2014*

VII.   Periodic Reviews

To ensure the Corporation operates in a manner consistent with its charitable and educational purposes and does not engage in activities that could jeopardize its tax-exempt status, periodic reviews shall be conducted.  The periodic reviews shall, at a minimum, include the following subjects:

i.      Whether compensation arrangements and benefits are reasonable, based on competent survey information, and the result of arm's length bargaining; and

ii.     Whether partnerships, joint ventures, and arrangements with management entities conform to the Corporation's written policies, are properly recorded, reflect reasonable investment or payments for goods and services, further the charitable and educational purposes of the Corporation and do not result in inurement, impermissible private benefit or in an excess benefit transaction.

VIII.   Use of Outside Experts

When conducting the periodic reviews pursuant to Section VII, the Corporation may, but need not, use outside advisors.  If outside experts are used, their use shall not relieve the Board of Directors of its responsibility for ensuring periodic reviews are conducted.

4

SFFA-Harvard 0000051