# Exhibit U

[AS AMENDED THROUGH JUNE 18, 2008]

BY-LAWS

Of

CONSERVATION LAW FOUNDATION, INC.

\* \* \* \* \*

## ARTICLE I.
## NAME

The name of this Corporation shall be Conservation Law Foundation, Inc.

## ARTICLE II.
## PURPOSES

The purposes for which the Corporation is formed shall be as set forth in the Articles of Organization.

The Corporation is organized and shall operate exclusively for charitable, educational and scientific purposes. No part of the net earnings, properties or other assets of the Corporation shall inure to the benefit of, or be distributable to, any private person or individual, including any employee, officer or Trustee of the Corporation, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in the Articles of Organization. No substantial part of the Corporation's activities shall consist of carrying on propaganda, or otherwise attempting, to influence legislation, and the Corporation shall not participate or intervene (including the publishing or distributing of statements) in any political campaign on behalf of or in opposition to any candidate for public office. In the event of dissolution of the Corporation, none of its assets shall be distributed except to any organization qualifying as a tax exempt charitable, educational or scientific organization under applicable Federal revenue statutes.

## ARTICLE III.
## MEMBERSHIP

Section 1. Members. All interested persons, corporations or other entities and groups may become members of the Corporation ("Members") upon payment of dues and acceptance of such dues by the Corporation. The Board of Trustees may establish rates of annual dues for various categories of membership.

Section 2. Rights and Responsibilities. Members shall have only such privileges as the Trustees may designate from time to time and shall in such capacity have no right to notice of or to vote at any meeting, shall not be considered for purposes of establishing a quorum, and shall have no other rights or responsibilities.

## ARTICLE IV
## OVERSEERS

Section 1. Overseers. The Board of Trustees shall initially designate Overseers of the Corporation. It is expected that Overseers shall be individuals who support the mission of the Corporation and are civic leaders with a strong interest in conservation and protecting the environment and who, with their energy, expertise and/or financial resources, will support and increase the Corporation's impact. The number, term and election of Overseers shall be as provided in Section 3 hereof. The Chairman of the Corporation shall ex officio be and Overseer.

Section 2. Rights and Responsibilities. Overseers shall have the right to elect the Trustees as set forth in Article V and shall have such powers and duties as are set forth in these by-laws. They shall advise the staff and the Trustees on matters of policies or programs affecting the Corporation. The Overseers shall have exclusive authority to take any and all actions and votes required or permitted to be taken by members under Chapter 180 of the General Laws of The Commonwealth of Massachusetts.

Section 3. Number, Term and Election. The total number of Overseers of the Corporation shall be not less than ten (10). They shall be elected for three (3) year terms which shall be staggered so that approximately one-third of the Overseers are elected each year. After the initial designation of Overseers by the Trustees, Overseers shall thereafter be elected by those Overseers present in person or by proxy at the Annual Meeting of the Overseers or special meeting in lieu thereof. Each Overseer shall serve until the next Annual Meeting of the Overseers or special meeting in lieu thereof at which such Overseer's term expires. The Board of Trustees may between Annual Meetings elect Overseers who shall serve until the next Annual Meeting of Overseers or special meeting in lieu thereof, at which time they shall be considered for election to a regular three (3) year term by the Overseers.

## ARTICLE V.
## BOARD OF TRUSTEES

Section 1. Number, Term and Election of Trustees; Qualifications. Trustees shall be elected for three year terms which shall be staggered so that approximately one-third of the Board of Trustees is elected each year. It is expected that Trustees shall be individuals who support the mission of the Corporation and are civic leaders with a strong interest in conservation and protecting the environment and who, with their energy, expertise and/or financial resources,

will support and increase the Corporation's impact. Trustees shall be elected by the Overseers of the Corporation at the annual meeting of the Overseers or at a special meeting in lieu thereof, at which meeting the Overseers shall determine the number of Trustees, which shall not be less than seven (7) nor more than twenty (20), for the ensuing year. Each Trustee shall serve until the next annual meeting of Overseers or special meeting in lieu thereof at which such Trustee's term expires. Within the limits prescribed above, the size of the Board of Trustees may be increased at any meeting of the Overseers or of the Board of Trustees.

Section 2. Vacancies. Vacancies created by the death, removal or resignation of one or more Trustees, by the increase of the size of the Board of Trustees or otherwise, may be filled by the Trustees remaining in office. Persons so elected to fill vacancies shall serve until the next Annual Meeting of Overseers or special meeting in lieu thereof at which time they shall be considered for election to a regular three (3) year term by the Overseers.

Section 3. Powers. The management of the affairs of the Corporation shall be vested in and exercised by the Board of Trustees. The Board of Trustees shall be considered as having the powers of directors in accordance with the provisions of Chapter 180 and applicable provisions of Chapter 156B of the General Laws of The Commonwealth of Massachusetts. To the extent permitted by law, the Board of Trustees may, by general resolution, delegate to the President or to other officers of the Corporation such powers as they may see fit.

Section 4. Compensation and Expenses. The Board of Trustees shall have the power and authority, in its discretion, to contract for and to pay Trustees, as such, compensation for unusual or special services rendered to the Corporation, provided, that any such compensation shall be reasonable and appropriate to the value of the services rendered by the Trustees, and further provided that any such payment shall be disclosed to the Board of Trustees.

Section 5. Resignation of Trustees. Any Trustee may resign by delivering a written resignation to the Chairman, the President, the Clerk, or to a meeting of the Board of Trustees.

Section 6. Removals. At any meeting called for the purpose, the Overseers may remove from office any Trustee with or without cause. The Board of Trustees may, by affirmative vote of a majority of the Trustees in office, remove any Trustee from office with cause. Any Trustee may be removed for cause only after reasonable notice and opportunity to be heard before the body proposing to remove such Trustee.

Section 7. Committees. The Board of Trustees may appoint an Executive Committee and such other operating committees as it determines to be necessary or desirable from time to time for the efficient operation of the business of the Corporation, and shall elect from its membership members of such committees. In addition, the Chairman may appoint such other members of any committee and designate ex-officio members who, in each case, are not members of the Board of Trustees as he deems appropriate, provided that any action taken by such committee which can only be lawfully done by committee members who are also members of the Board of Trustees shall be taken by vote of such members of the Committee. The Executive Committee shall have all the powers of the Board of Trustees with respect to the

management of the current and ordinary business of the Corporation between meetings of the Board of Trustees, and shall report all actions taken by it to the Board of Trustees.

Anything to the contrary herein notwithstanding, no committee shall have any power prohibited by law, the Articles of Organization, or these By-Laws, including the power:

(a) to change the principal office of the Corporation;

(b) to amend or authorize the amendment of the Articles of Organization or these By-Laws;

(c) to elect officers required by law or these By-Laws to be elected by the Overseers or Trustees or to fill vacancies in any such office;

(d) to change the size of the Board of Trustees or to fill vacancies in the Board of Trustees; or

(e) to remove officers or Trustees from office.

Each member of a committee shall hold office at the pleasure of the Board of Trustees or the Chairman, depending upon which of the two appointed such member.

One-third of the members of any committee shall constitute a quorum for the transaction of business, but any meeting may be adjourned from time to time by a majority of the votes cast upon the question, whether or not a quorum is present, and the meeting may be held as adjourned without further notice. Each committee may make rules not inconsistent herewith for the holding and conduct of its meetings, but unless otherwise provided in such rules its meetings shall be held and conducted in the same manner, as nearly as may be, as is provided in these By-Laws for meetings of the Board of Trustees.

## ARTICLE VI.
## MEETINGS

### Section 1. Meetings of the Overseers.

(a) Annual Meeting. The annual meeting of the Overseers shall be held during the month of October each year for the purpose of electing Overseers and Trustees and transacting such other business as may properly come before the meeting, such meeting to be held on such day and at such time and place as the Chairman, President or Board of Trustees may determine. If in any year the annual meeting is not held, a special meeting may be held in lieu thereof at a later time, and any elections held or business transacted at such special meeting shall have the same effect as if held or transacted at the annual meeting.

(b) Special Meetings. A special meeting of the Overseers shall be called by the Clerk upon the request of the Chairman, President or the Board of Trustees. A special

meeting of the Overseers shall be called by the Clerk or, in the case of the death, absence, incapacity or refusal of the Clerk, any other officer upon written application of ten or more of the Overseers, stating the time, place and purposes of such meeting.

(c)   Notice.  Written notice of meetings of the Overseers shall be given to each Overseer by leaving such notice at such Overseer's residence or usual place of business or by mailing the same, postage prepaid, addressed to such Overseer at such Overseer's address as it appears upon the records of the Corporation, not less than seven days before the meeting, or by facsimile, electronic mail, telephone or voicemail at least forty-eight hours before the meeting.  No notice of the time, place or purposes of any annual or special meeting of the Overseers shall be required to be given to any Overseers who are present at the meeting or who waive notice thereof before or after the meeting by a writing which is filed with the records of the meeting.

(d)   Quorum.  At any meeting of Overseers, five (5) Overseers present in person or by proxy shall constitute a quorum for the transaction of business.  In the absence of a quorum, or when a quorum is present, any meeting may be adjourned from time to time, without notice other than by announcement at the meeting, and without further notice.  At any adjourned meeting at which a quorum shall be present, any business may be transacted which might have been transacted at the meeting as originally called.

(e)   Voting.  At any meeting of Overseers, each Overseer present shall be entitled to one vote.  Any Overseer may vote at any meeting by an attorney named as a proxy signed by such Overseer and filed with the Clerk prior to the commencement of the meeting.  When a quorum is present, the vote of a majority of the Overseers present at the meeting in person or by proxy shall decide any matter voted on by the Overseers unless a larger vote is required by law, the Articles of Organization or these By-Laws.

Section 2.  Meetings of the Board of Trustees.

(a)   Annual Meeting.  The Trustees shall hold an annual meeting each year concurrently with their next regular meeting following the annual meeting of the Overseers, provided, however, that if no such regular meeting is held before the expiration of six weeks from such annual meeting of the Overseers, the annual meeting of the Trustees shall be held upon reasonable notice as soon thereafter as reasonably practicable on such day and at such time and place as the Chairman, the President or the Board of Trustees may determine.

(b)   Regular Meetings.  Regular meetings of the Board of Trustees may be held at such times and places as shall from time to time be fixed by resolution of the Board and no notice need be given of regular meetings held at the times and places so fixed, provided, however, that, if any Trustee is absent from any meeting of the Trustees at which a resolution is adopted fixing the times or places for any regular meetings, no meeting shall be held pursuant to such resolution until either each such absent Trustee has

in writing or by electronic mail approved the resolution or, in the absence of a response, seven days have elapsed after a copy of the resolution has been mailed to each such absent Trustee at his or her last known home or business address.

(c) Special Meetings. Special meetings of the Board of Trustees may be held at any time and at any place when called by the Chairman, President or three or more Trustees, upon reasonable notice, stating the time and place of said meeting.

(d) Notice. Any notice required under this Section 2 shall be given to each Trustee by the Clerk, or, in the case of the death, absence, incapacity or refusal of the Clerk, by the Chairman, President or the Trustees calling the meeting. Special meetings may be held at any time without call or formal notice, provided all the Trustees are present or waive notice thereof before or after the meeting by a writing which is filed with the records of the meeting. Notice to a Trustee of any meeting shall be deemed to be sufficient if sent by mail at least three days prior to such meeting, addressed to such Trustee at such Trustee's usual or last known business or residence address, or by facsimile or electronic mail at least twenty-four hours before the meeting, or if given in person, either by telephone or voicemail or by handing such Trustee a written notice at least twenty-four hours before the meeting.

(e) Quorum. Five (5) of the Trustees in office at the time a meeting is duly called and held shall constitute a quorum. When a quorum is present at any such meeting, the vote of a majority of the Trustees present shall be necessary and sufficient for election to any office or for a decision on any matter, except as otherwise required by law, by the Articles of Organization or by these By-Laws. Whether or not a quorum is present, any meeting may be adjourned from time to time by a majority of the votes cast upon the question, without notice other than by announcement at the meeting, and without further notice to any absent Trustee. At any adjourned meeting at which a quorum shall be present, any business may be transacted which might have been transacted at the meeting as originally called.

(f) Consent in Lieu of Trustees' Meeting. Any action required or permitted to be taken at any meeting of the Trustees may be taken without a meeting if all Trustees entitled to vote on the matter consent to the action in writing and the written consents are filed with the records of the meetings of the Board of Trustees. Such consents shall be treated for all purposes as a vote at a meeting of the Board of Trustees.

(g) Telephone Conference Meetings. The Trustees or the members of any committee may participate in a meeting of the Trustees or such committee by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other at the same time, and participation by such means shall constitute presence in person at a meeting.

## ARTICLE VII.
## OFFICERS

Section 1. Officers. The officers of the Corporation shall consist of a Chairman, a President, a Treasurer, a Clerk and such other officers as the Board of Trustees may, in its discretion, elect. The Board of Trustees shall have power at any time to create additional offices and to appoint persons to hold the offices so created.

Subject to law, the Articles of Organization and the other provisions of these By-Laws, each officer shall have, in addition to the duties and powers herein set forth, such duties and powers as the Board of Trustees may from time to time designate.

The Chairman, the President and the Treasurer shall be elected annually by the Board of Trustees from among their own number. The Clerk, who shall be a resident of Massachusetts, shall be elected annually by the Board of Trustees. Such other officers of the Corporation as may be created in accordance with these By-Laws may be filled by vote of a majority of the Trustees present at any meeting at which a quorum is present.

Each officer shall hold office until the first meeting of the Board of Trustees following the next annual meeting of Overseers or until such officer's successor is elected or appointed and qualified, or until such officer sooner dies, resigns, is removed, or becomes disqualified.

Any officer, employee, or agent of the Corporation may be required, as and if determined by the Board of Trustees, to give bond for the faithful performance of such person's duties.

Section 2. President and Vice Presidents. The President shall be the chief executive officer of the Corporation. The President, subject to ratification by the Chairman, shall have the power to appoint and designate the duties and powers of Vice Presidents.

Section 3. Chairman and Vice Chairmen. The Chairman shall perform the duties customarily pertaining to the office of Chairman of a non-profit corporation such as the Corporation. The Chairman shall preside at all meetings of the Overseers and of the Board of Trustees at which the Chairman is present except as otherwise voted by the Board of Trustees. Any Vice Chairman shall have such duties and powers as shall be designated from time to time by the Board of Trustees. In the Chairman's absence or inability to act, the Vice Chairman or, if there be more than one, the Vice Chairman designated by the Board of Trustees shall have the powers and duties of the Chairman.

Section 4. Clerk; Assistant Clerk. The Clerk shall record all proceedings of the Overseers and the Board of Trustees in books to be kept therefor, and shall have custody of the Corporation's records, documents and valuable papers. In the absence of the Clerk from any such meeting, the Assistant Clerk, if any, shall record the proceedings thereof in the aforesaid books, or a temporary clerk may be chosen by vote of the meeting.

Unless the Board of Trustees shall otherwise designate, the Clerk or, in his or her absence, the Assistant Clerk, if any, shall have custody of the corporate seal and be responsible for affixing it to such documents as may required to be sealed.

The Clerk shall have such other duties and powers as are commonly incident to the office of a corporate clerk of a non- profit corporation such as the Corporation, and such other duties and powers as may be prescribed from time to time by the Board of Trustees or by the Chairman.

Any Assistant Clerk shall have such duties and powers as shall from time to time be designated by the Board of Trustees or the Clerk and shall be responsible to and shall report to the Clerk.

Section 5. Treasurer. The Treasurer shall be in charge of the Corporation's funds and the disbursements thereof, subject to the Board of Trustees, and shall have such duties and powers as are commonly incident to the office of a corporate treasurer of a non-profit corporation such as the Corporation and such other duties and powers as may be prescribed from time to time by the Board of Trustees. The Treasurer shall, subject to such conditions and restrictions as may be made by the Board of Trustees, have custody of all monies, debts, obligations, contracts, documents and other papers of a financial nature belonging to the Corporation and shall be responsible for collecting all monies from time to time due and owing to the Corporation and disbursing the same pursuant to the contracts and obligations of the Corporation or to the order of the Board of Trustees. The Treasurer shall prepare an annual statement in detail of the finances of the Corporation and an estimate of the receipts and expenditures for the next fiscal year. The Treasurer shall execute and deliver, on behalf of the Corporation, all such instruments under its corporate seal as may be ordered by the Board of Trustees and shall perform such other duties as the Board of Trustees may from time to time require.

Section 6. Assistant Treasurer. Any Assistant Treasurer shall have such duties and powers as shall be prescribed from time to time by the Board of Trustees or by the Treasurer, and shall be responsible to and shall report to the Treasurer. In the Treasurer's absence or inability to act, the Assistant Treasurer or, if there be more than one, the Assistant Treasurer designated by the Board of Trustees shall have the powers and duties of the Treasurer.

Section 7. Resignations. Any officer of the Corporation may resign at any time by giving written notice to the Corporation by delivery thereof to the Chairman, the President, the Clerk, or to a meeting of the Board of Trustees.

Section 8. Removals. The Board of Trustees may, by affirmative vote of a majority of the Trustees in office, remove from office the Chairman, the President, the Clerk, the Treasurer or any other officer or agent of the Corporation with or without cause. Any officer may be removed for cause only after reasonable notice and opportunity to be heard.

Section 9. Vacancies. If there is a vacancy in any office of the Corporation, the Board of Trustees may elect or appoint a successor or successors. Each successor shall hold office for the

unexpired term and until such officer's successor shall be elected or appointed and qualified, or until such officer sooner dies, resigns, is removed or becomes disqualified.

Section 10. Compensation. The Board of Trustees shall have the power and authority, in its discretion, to contract for and to pay officers, as such, compensation for unusual or special services rendered to the Corporation provided, that any such compensation shall be reasonable and appropriate to the value of the services rendered by the officers.

## ARTICLE VIII.
## OTHER COMMITTEES AND HONORARY DESIGNATIONS

Section 1. Board Advisory Committees. The Board of Trustees may at any time appoint such advisory committees to provide advice or other guidance to the Board of Trustees as are deemed desirable (each a "Board Advisory Committee"), including, without limitation, Board Advisory Committees, known as "State Boards", for each State in which the Corporation has an office, to provide advice and other guidance to the Board of Trustees and the staffs of such offices with respect to the Corporation's cases and other activities in that State. The Board of Trustees may from time to time designate or alter the duties of any Board Advisory Committee or change its membership, and may at any time abolish any Board Advisory Committee. Any Board Advisory Committee may include persons who are not Trustees, Overseers or Members.

Section 2. Sponsors, Benefactors, Contributors, Advisors, Friends of the Corporation. The Trustees or the Chairman may designate certain persons or groups of persons as sponsors, benefactors, contributors, advisers or friends of the Corporation or such other title as they deem appropriate. Such persons shall serve in an honorary capacity and, except as the Trustees shall otherwise designate, shall in such capacity have no right to notice of or to vote at any meeting, shall not be considered for purposes of establishing a quorum, and shall have no other rights or responsibilities.

## ARTICLE IX.
## CONTRACTS AND DEALINGS WITH CERTAIN OTHER ORGANIZATIONS

The Overseers, Trustees, officers and employees of the Corporation may be connected with other organizations with whom from time to time the Corporation may have business dealings. No contracts or other transactions between the Corporation and any other organization, and no acts of the Corporation, shall be affected by the fact that any Overseer, Trustee, officer or employee of the Corporation is pecuniarily or otherwise interested in or is a shareholder, trustee, officer or partner of such other organization. Any Overseer, Trustee, officer or employee individually, or any organization of which such Overseer, Trustee, officer or employee may be a member, may be a party to or may be pecuniarily or otherwise interested in any contract or transaction of the Corporation, provided that the fact that such Overseer, Trustee, officer, employee or such organization is so interested shall be disclosed or shall have been known to the Board of Trustees or Executive Committee prior to the meeting at which, or prior to the Trustees executing their written consents by which, action to authorize, ratify or approve such contract or transaction shall be taken. Any Trustee of the Corporation may vote upon or give such Trustee's

written consent to and any member of the Executive Committee may vote upon any contract or other transaction between the Corporation and any other organization without regard to the fact that such Trustee or member of the Executive Committee is also a shareholder, director, trustee, partner or officer of such other organization. Any contract, transaction, or act on behalf of the Corporation in a matter in which any Overseer, Trustee, officer or employee is personally interested as a shareholder, director, trustee, partner, officer, or otherwise shall not be violative of any proscriptions against the Corporation's use or application of its funds for the private benefit of individuals. In no event, however, shall any persons or other organization dealing with Overseers, Trustees, officers or employees of this Corporation be obligated to inquire into the authority of such persons to enter into and consummate any contract, transaction, or other action.

## ARTICLE X.
## INDEMNIFICATION

The Corporation shall, to the extent legally permissible, indemnify each person or corporation who serves as one of its Overseers, Trustees, officers, employees or other agents, or as a member of a Board Advisory Committee, or who serves at its request as a member, trustee, director, officer, employee or other agent of another organization or in such capacity with respect to any employee benefit plan (each such person or corporation, including such person's heirs, executors and administrators, and such corporation's successors and assigns, being herein called a "Person") against all liabilities and expenses, including amounts paid in satisfaction of judgments, in compromise or as fines and penalties, and counsel fees, reasonably incurred by such Person in connection with the defense or disposition of any action, suit or other proceeding, whether civil or criminal, in which such Person may be involved or with which such Person may be threatened, while in office or thereafter, by reason of being or having been such a Person, except with respect to any matter as to which such Person shall have been adjudicated in any proceeding not to have acted in good faith in the reasonable belief that his, her or its action was in the best interests of the Corporation. Any Person who at the request of the Corporation serves another organization or an employee benefit plan in one or more of the above indicated capacities and who shall have acted in good faith in the reasonable belief that his or her action was in the best interests of such other organization or in the best interests of the participants or beneficiaries of such employee benefit plan shall be deemed to have acted in such manner with respect to the Corporation.

Notwithstanding the foregoing, as to any matter disposed of by a compromise payment by any Person, pursuant to a consent decree or otherwise, no indemnification either for said payment or for any other expenses shall be provided unless such compromise shall be approved as in the best interests of the Corporation, after notice that it involves such indemnification, (i) by a majority of the Trustees then in office, provided that none of such approving Trustees are interested Trustees; or (ii) by a majority of the Trustees then in office who are not interested Trustees; or (iii) by a majority of the Overseers, none of whom are interested Overseers; provided that in any such case the appropriate majority determines that such Person appears to have acted in good faith in the reasonable belief that his, her or its action was in the best interests of the Corporation.

- 10 -

Expenses, including counsel fees, reasonably incurred by any Person in connection with the defense or disposition of any such action, suit or other proceeding may be paid from time to time by the Corporation in advance of the final disposition thereof upon receipt of an undertaking by such Person to repay the amounts so paid if such Person ultimately shall be adjudicated to be not entitled to indemnification under this Article X. Such an undertaking may be accepted without reference to the financial ability of such Person to make repayment.

Each Person shall be deemed to have accepted and to have continued to serve in the office which he, she or it holds in reliance upon the provisions of this Article X. Such provisions shall be separable, and if any portion thereof shall be finally adjudged to be invalid, such invalidity shall not affect any other portion which can be given effect. Such provisions shall not be exclusive of any other right which any Person may have or hereafter acquire, whether under any by-law, vote of members entitled to vote, agreement, judgment, decree, provision of law or otherwise; and such provisions and all other such rights shall be cumulative.

The Corporation, by vote of its Board of Trustees, may purchase and maintain insurance on behalf of any Person against any liability incurred by him in any such capacity or arising out of his status as such, whether or not the Corporation would have the power to indemnify such Person against such liability.

As used in this Article X, an "interested" Overseer or Trustee is one against whom in such capacity the proceeding in question, or another proceeding on the same or similar grounds, is then pending.

## ARTICLE XI.
## EXECUTION OF PAPERS

Except as the Board of Trustees may generally or in particular cases authorize or direct the execution thereof in some other manner, all deeds, leases, transfers, contracts, proposals, bonds, notes, checks, drafts, and other obligations made, accepted or endorsed by the Corporation shall be signed or endorsed on behalf of the Corporation by the Chairman, the President or the Treasurer, or their designees.

## ARTICLE XII.
## SOURCE AND INVESTMENT OF FUNDS

Funds for the operation of the Corporation and for the furtherance of its objectives and purposes may be derived from grants and allocations from governmental or private agencies or bodies, donations from public and private organizations, associations and individuals, bonds or notes issued for the benefit of the Corporation, fees, and such other sources as may be approved by the Board of Trustees. Except as otherwise provided by law or lawfully directed by any grantor or donor, the Corporation may retain or dispose of all or any part of any real or personal property acquired by it and invest and reinvest any funds held by it according to the judgment of

- 11 -

the Board of Trustees, without being restricted to the class of investments which fiduciaries are or hereafter may be permitted by law to make.

## ARTICLE XIII.
## PROHIBITION REGARDING THE USE OF FUNDS AND DISTRIBUTION OF ASSETS ON DISSOLUTION

No part of the net earnings or receipts of the Corporation shall inure to the benefit of any Trustee or officer of the Corporation or any private individual, provided, however, that this prohibition shall not prevent the payment to any person of such reasonable compensation for services actually rendered to or for the Corporation in conformity with these By-Laws. No Trustee or officer of the Corporation, or any private individual, shall be entitled to share in the distribution of any of the corporate assets on dissolution of the Corporation. Upon such dissolution or winding up of the affairs of the Corporation, whether voluntary or involuntary, the assets of the Corporation then remaining in the hands of the Board of Trustees shall be distributed, transferred, conveyed, delivered and paid over to such charitable, educational, scientific, religious or literary organization or organizations as the court of the Commonwealth having jurisdiction thereof may approve (if such approval shall then be required by statute), and as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Internal Revenue Code, as the Board of Trustees shall determine, and upon such terms and in such amounts and proportions as the Board of Trustees may impose and determine, to be used by such organizations for such similar or kindred purposes as are set forth in the Articles of Organization and any and all amendments thereto.

## ARTICLE XIV.
## SEAL

The seal of the Corporation shall, subject to alteration by the Board of Trustees, consist of a flat-faced circular die with the word "Massachusetts," together with the name of the Corporation and the year of incorporation, cut or engraved thereon. An impression of the seal impressed upon the original copy of these By-Laws shall be deemed conclusively to be the seal adopted by the Board of Trustees.

## ARTICLE XV.
## FISCAL YEAR

The fiscal year of the Corporation shall be from the first day of August through the last day of July, or such other fiscal year as the Board of Trustees of the Corporation may from time to time select.

## ARTICLE XVI.
## AMENDMENTS

The By-Laws may be added to, amended or repealed, in whole or in part, by the Overseers, or by the Board of Trustees subject to ratification by the Overseers.