WILMERHALE

May 23, 2017

Felicia H. Ellsworth

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**VIA ECF**

Honorable Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

> Re:  *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*
>      No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

I write in response to the May 19, 2017 letter filed by Students for Fair Admissions, Inc. requesting an indefinite stay of the close of fact discovery pending this Court's rulings on certain of SFFA's discovery motions.

SFFA has provided no basis for its request. The eleven-month fact discovery period negotiated by the parties (already elongated, at SFFA's insistence, beyond the nine months Harvard initially proposed and the Court indicated it had intended to set) has provided SFFA with ample opportunity to take discovery in this case, and extending the deadline so that SFFA can propound more discovery and take more depositions (beyond the 15-deposition limit on party depositions imposed by the Court, already five more than the presumptive limit under the Federal Rules) is unnecessary and would impose a significant and unnecessary burden on Harvard.

As of this writing, SFFA has taken eight depositions of Harvard witnesses, and noticed five more. Thus, thirteen of the fifteen Harvard depositions that the Court has afforded SFFA have either happened already or are on the calendar. Nothing is preventing SFFA from scheduling its remaining two depositions. SFFA has also scheduled all five of the third-party depositions granted it by the Court, and one has already taken place. Given these facts, and the breadth of Harvard's document production, it strains credulity to suggest that the Court is somehow "impeding SFFA's ability to schedule its remaining depositions, to obtain important documents that are necessary before those depositions take place, and to allow expert witnesses to make progress before the initial expert reports are due." SFFA's ability to schedule depositions and interrogate witnesses about important documents has been unfettered. As for the claim that this Court is somehow impeding SFFA's expert analysis, Harvard made an initial production of voluminous data from its admissions database nearly two years ago, while this litigation was stayed pending *Fisher II*, and completed its production of additional data months ago. As the Court explicitly explained, this early and extensive data production was made for the express purpose of allowing SFFA's experts to advance their analysis during the stay, and well before expert reports are due.

Honorable Allison D. Burroughs
May 23, 2017
Page 2

WILMERHALE

SFFA's vague and unsupported accusation that Harvard has somehow been "emboldened" because a handful of discovery motions remain unresolved is also without merit.  In fact, just the opposite is true—when SFFA served additional document requests just two months ago, after Harvard had substantially completed its document production, Harvard nevertheless agreed in response to conduct additional ESI searching and to review, collect, and produce additional categories of documents.  Harvard is currently in the process of making additional productions to SFFA in response to these additional requests.  As SFFA's letter acknowledges, Harvard has borne a highly disproportionate burden of discovery throughout this case, producing tens of thousands of pages of documents (compared to SFFA's 1,964), and producing 15 witnesses for depositions.  And SFFA's suggestion that Harvard has "refused to even negotiate" as to certain discovery disputes is equally baffling in light of the ongoing and, in Harvard's view, cooperative work of the parties to resolve discovery disputes without the Court's intervention wherever possible.[1]

SFFA's apparent motivation for the requested stay of the fact discovery deadline is to allow additional time within which SFFA must complete any additional depositions it seeks to take.  If SFFA sincerely believes that it needs testimony from additional witnesses, it should use its remaining two depositions to seek that testimony in the month before fact discovery closes.[2]  SFFA waited until only a few months remained in the fact discovery period to even begin noticing depositions, and Harvard has worked diligently to make its witnesses available on short notice and within the time period set by the Court.  SFFA cannot properly be heard to complain that it needs more time to complete discovery, merely because it has failed to take advantage of all the depositions that this Court has already allowed it.

Respectfully yours,

*/s/ Felicia H. Ellsworth*

Felicia H. Ellsworth

---

[1]     To the extent Harvard has not agreed to produce documents in response to SFFA's more recent requests, it is because SFFA's requests seek to revisit areas already ruled irrelevant by the Court.  For example, SFFA served a new document request seeking "all documents, reports, studies, or analyses concerning the educational performance of students (including, but not limited to, GPA, fields of study, and concentrations) on the basis of race, ethnicity, or first-generation status."  This seeks identical information to a document request this Court previously ruled irrelevant, noting that "data relating to the academic performance of matriculated students . . . is [not] likely to lead to the discovery of admissible evidence."  Dkt. 181, ¶ 4.  Thus, Harvard's refusal to produce documents in response to that request is entirely appropriate, as SFFA apparently realizes, having just yesterday filed a motion seeking to revisit this ruling, to which Harvard will respond separately.

[2]     Harvard has previously explained why SFFA's letter motion seeking to add new ESI custodians, take six more depositions of Harvard witnesses, and re-depose Harvard's Director of Admissions should be denied.   *See* Harvard's Response to SFFA's Letter Motion re Custodians and Depositions, filed under seal May 3, 2017 (leave to file granted by Dkt. 302).