

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

May 24, 2017

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
       No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

Plaintiff SFFA submits this reply in support of its request for a stay of any discovery deadlines until the Court rules on the pending discovery disputes (Doc. 315).

Harvard acknowledges through its letter in opposition (Doc. 318) that there are numerous pending discovery disputes, some of which have been pending for many months. Beyond that, Harvard's letter is non-responsive. The fundamental point that prompted SFFA's request is indisputable: the Court must resolve these issues at some point. Simply ignoring SFFA's pending motions would violate basic principles of fairness and due process. The notion that the Court would leave these disputes permanently unresolved—especially in a civil-rights action of this significance—is unimaginable.

The only question, then, is whether it is better administratively to grant SFFA's request or instead to permit the discovery deadline to expire, and then re-open discovery after the Court decides the motions. This is an easy call. There is little to be gained by forcing the parties to close and then to re-open fact discovery. And that is exactly what would happen no matter how the Court rules on the underlying motions. For example, the Court has already held that SFFA is entitled to some number of Harvard's summary sheets. The dispute is over how many SFFA will receive. Likewise, the parties agree that SFFA will receive some number of application files; the dispute is just over how many. No matter when the Court rules, Harvard will need to produce these documents. Accordingly, allowing the fact-discovery period to expire beforehand would needlessly complicate this case and prejudice SFFA. Indeed, SFFA is already being prejudiced by, among other things, having to proceed with scheduling and taking depositions *without* the benefit of documents Harvard has been waiting to produce. Like all litigants, SFFA is entitled to receive and utilize these (and other documents) it has requested prior to discovery closing.

Hon. Allison D. Burroughs<br>
May 24, 2017<br>
Page 2

In contrast, a stay would save the parties time and expense while allowing ongoing discovery to continue until the Court makes the necessary rulings. At that point, the parties can work together to facilitate the remaining discovery and, if necessary, to adjust the fact and expert deadlines to accommodate the time needed to comply with the Court's rulings.

Instead of acknowledging the obstructive effect the pending motions are having on this case, Harvard relitigates the merits of these disputes and again laments the discovery obligations that defendants accused of systematic racial discrimination must bear. Harvard is entitled to oppose SFFA's requests—and it has. But it cannot dispute that SFFA is entitled to rulings on discovery motions that were timely filed.[1] Granting SFFA's request for a stay under the current circumstances would allow the pending disputes to be resolved in an orderly fashion.

Respectfully submitted,

*/s/ Patrick Strawbridge*<br>
Patrick Strawbridge

cc:    ECF recipients

---

[1] Harvard does not dispute that SFFA's document requests are timely. Its suggestion that SFFA somehow delayed in noticing depositions ignores the fact that it took Harvard until the end of March—nine months into discovery—to complete its production in response to requests served *two years* ago, as well as the fact that Harvard's admissions officers were (at its own insistence) unavailable for four of the five months between November and March.