

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

August 23, 2017

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:    *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
        No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

SFFA respectfully requests that the Court reconsider or, alternatively, clarify its order of August 7, 2017 allowing SFFA to take a two-hour deposition of an additional, newly discovered witness but requiring SFFA to bear the fees and costs incurred by Harvard [Dkt. 351].[1]

Harvard has advised SFFA that it anticipates requesting fees between $25,000 and $30,000 if SFFA deposes the witness. This estimate is unwarranted and excessive. Assuming a billing rate of $600 per hour,[2] that would mean that a WilmerHale attorney would spend 50 hours (or more than 6 full days) to defend a two-hour deposition. This is especially unreasonable considering that the scope of the deposition is very limited; the relevant documents are few; the topics and documents are well-known to the attorneys; and the deposition would take place where the witness resides and attorneys on the WilmerHale team already work, thus avoiding any need for travel.

Harvard's estimate reflects an intention to spend far more time than is reasonably necessary to provide legal counsel to safeguard a witness's personal legal interests. Indeed, the amount of time Harvard seeks to spend is telling of Harvard's view of the witness's importance. This is in direct tension with Harvard's prior representations that this testimony would be duplicative and irrelevant. If the witness has so little relevant testimony to offer, why does Harvard estimate that it needs over a week to prepare for and attend a two-hour deposition?

---

[1] Although the Court through this order noted the possibility of using written questions in lieu of live testimony, that discovery vehicle would not allow SFFA to conduct a meaningful inquiry of the deponent. The inability to probe is why depositions on written questions under Rule 31 are infrequently used and typically limited to authenticating documents or avoiding the need for cumbersome travel. *See* Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2132 (3d ed.).

[2] Counsel for Harvard has not provided SFFA with the billing rates, the number of attorneys, or the number of hours included in reaching this estimate.

In light of Harvard's excessive estimate, SFFA asks that the Court reconsider its order and require the parties to bear their own costs. SFFA does not believe the Court intended to impose a financial penalty of this magnitude, especially where SFFA is a nonprofit organization and its need for the late discovery was due in part to Harvard's improper redaction of the witness's name from documents it produced.

Alternatively, SFFA requests that the Court clarify its order that SFFA should "bear all the costs of the deposition, including reasonable attorneys fees and costs incurred by Harvard." Doc. 351. The Court should make clear that these fees and costs are limited to (1) the time spent by one attorney from Harvard to attend the deposition (*i.e.*, two hours), and (2) the cost of a court reporter. *See, e.g.*, *Wells v. Hi Country Auto Grp.*, 2013 WL 12159053, at *3 n.4 (D.N.M. 2013) (stating that "Plaintiff shall pay all reasonable fees and costs incurred by Defendants in attending the deposition," but making clear that this "includes only time spent actually at the deposition, not time spent preparing for the deposition"); *Exmark Mfrg, Co. v. Briggs & Stratton Power Prods Grp., LLC*, 2015 WL 429964, at *8 (D. Neb. 2015) (same).

Finally, if the Court decides that SFFA should pay for Harvard's fees preparing for the deposition, then SFFA requests that the Court cap the fee-shifting at $6,000 (one full day of preparation in addition to the deposition). This is more than reasonable for the defense of a two-hour deposition and would limit the uncertainty and expense to SFFA of pursuing relevant discovery. *See, e.g.*, *Asher Associates, LLC v. Baker Hughes Oilfield Operations, Inc.*, 2009 WL 1328483, at *12 (D. Colo. 2009) (requiring "Defendant to pay $5,000 to defray attorneys fees incurred by Plaintiffs in taking … additional depositions"). The parties have met and conferred, and Harvard has rejected SFFA's request to cap its fees at $6,000.

Respectfully submitted,

*/s/ Patrick Strawbridge*
Patrick Strawbridge

cc:      ECF recipients