WILMERHALE

**Felicia H. Ellsworth**

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

August 31, 2017

Honorable Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

  Re: *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*
     No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

In its initial filing seeking leave to take yet another deposition of a former Harvard employee, SFFA argued that the deposition was necessary because of what it characterized as the witness's "obvious relevance to fundamental issues in the case and the importance of developing a full and complete factual record."  Ltr. from Patrick Strawbridge to Hon. Allison D. Burroughs at 2 (filed Aug. 1, 2017).  Having been granted leave to proceed with this deposition on the condition that it bear the associated costs, SFFA now seeks to dismiss counsel's estimate for the efforts that will be necessary to prepare for that deposition as excessive, urging that the "scope of the deposition is very limited" and "the relevant documents are few."  Dkt. 355 at 1.  SFFA may have changed its tune about the centrality of this witness to the case, but that does not affect counsel's obligation to prepare the witness for a deposition.  If SFFA truly believed that this deposition was critical, it would have noticed it already.  The Court's order allowing SFFA to take the deposition if it bears the associated costs was not an invitation for a fee negotiation.

Rather, the Court authorized SFFA to take this deposition, notwithstanding the close of fact discovery, on two conditions:  the deposition would be limited to two hours, and SFFA would "bear all the costs of the deposition, including reasonable attorneys' fees and costs incurred by Harvard."  Dkt. 351.  SFFA then asked Harvard's counsel for an estimate of its fees and costs with respect to the deposition.  As a courtesy, counsel for Harvard provided SFFA with a rough and preliminary estimate based on its experience with preparation and defense of other depositions in this case.  But this estimate was just that—and is likely to change once counsel determines the number of documents potentially relating to this witness and the witness's availability and preparation needs.  Rather than proceeding forward with the deposition on the terms already outlined by the Court, SFFA instead seeks to cap—in advance—the amount of fees and expenses it will be required to pay under the Court's order.  This is backwards—there is no sense in fighting over fees and expenses that have not yet been incurred.  Neither SFFA nor the Court has any context or information with which to assess the reasonableness of any fees and

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing Berlin Boston Brussels Denver Frankfurt London Los Angeles New York Palo Alto Washingtc

WILMERHALE

Honorable Allison D. Burroughs
August 31, 2017
Page 2

expenses as none have been incurred.  SFFA's request is not only premature, it is hypothetical, and should be denied on that basis.

Even were the Court inclined to consider SFFA's premature request, it should reject it.  SFFA makes a series of arguments based on its apparent belief that counsel either charges too much, or would staff the preparation with too many attorneys, or should not travel from Boston to Washington, D.C. (where the witness now lives) to defend the deposition.  But counsel is entitled to fully prepare witnesses for deposition.  In any event, SFFA's assumption that such preparation will involve only a single attorney meeting with the witness once in advance of the deposition, incurring no costs, and doing no work in advance of or after the meeting or deposition is neither realistic nor reflective of the parties' discovery practices throughout this case.  SFFA's own conduct confirms this:  SFFA has routinely sent multiple attorneys to take and defend depositions in this case.  Having done so, SFFA can hardly deem it preemptively "unreasonable" for Harvard to anticipate that more than one attorney might assist with the deposition preparation effort.

Nor is it unreasonable to expect that counsel will need time to prepare for the deposition, particularly where the deponent's supposed involvement took place years ago, and where counsel can only guess at what documents and topics SFFA will cover, and what additional discovery SFFA may seek from the witness in advance of or after the deposition.  This may include identifying and assembling materials in advance of meetings with the witness; meeting with the witness (potentially more than once) in advance of the deposition; traveling to Washington, D.C. to prepare for and attend the deposition; attending the deposition; and follow-up work after the deposition.  Moreover, SFFA has routinely subpoenaed Harvard's former employees who have provided deposition testimony in this case individually, seeking documents from personal computers, devices, and personal email accounts, adding to the amount of time counsel may be required to spend in connection with this deposition.  Of course, none of this is an exact science, which is precisely why counsel provided SFFA with a rough estimate, subject to change, and why SFFA's efforts to challenge that estimate before any fees or expenses are even incurred is particularly misguided.

SFFA's cases do not come close to supporting its suggestion that the Court should impose some kind of a cap before any fees or expenses are even incurred.  In *Wells v. Hi Country Auto Group*, the court sanctioned a party for belatedly identifying a witness on its behalf, and measured the sanction as the other side's "fees and costs incurred … in attending the deposition."  2013 WL 12159053, at *3 (D.N.M. Nov. 20, 2013).  In *Exmark Mfg. Co., Inc. v. Briggs & Stratton Power Products Group, LLC*, the court sanctioned a party that failed to properly prepare a 30(b)(6) witness by ordering it to reimburse the other party for "fees of one attorney's presence at the [additional] deposition."  2015 WL 429964, at *8 (D. Neb. Feb. 2, 2015).  And in *Asher Associates LLC v. Baker Hughes Oilfield Operations, Inc.*, the court sanctioned a party for failure to preserve relevant evidence, and ordered the party to pay $5,000 in fees to help "defray

WILMERHALE

Honorable Allison D. Burroughs
August 31, 2017
Page 3

attorneys fees incurred by Plaintiffs" in taking additional depositions.  2009 WL 1328483 (D. Colo. May 12, 2009).  These cases stand for the unremarkable proposition that a court has broad discretion to impose sanctions for litigation conduct.  But the Court's order that SFFA must cover Harvard's fees and costs associated with SFFA's twentieth deposition of a Harvard witness was not a sanction—it was simply a recognition that given the "marginal utility" of this "largely duplicative" deposition, Dkt. 351, if SFFA felt it necessary to go forward, it should bear responsibility for the reasonable costs and fees associated with that undertaking.

The Court has already ordered that if SFFA chooses to proceed with this deposition, it must reimburse Harvard for the reasonable costs and fees it incurs as a result.  If, after the actual fees and expenses necessary to prepare for and defend the deposition are incurred, SFFA believes it has a legally supportable argument that the fees and expenses are not reasonable, it can raise that issue with Harvard or the Court at that time.  But there is no basis to revisit the Court's decision now, and certainly no basis for imposing a cap on fees and expenses in advance of any work being undertaken.  If SFFA does not think the deposition is worth what it may cost, SFFA need not proceed.

Respectfully,

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth

cc:     William S. Consovoy
        Patrick Strawbridge
        Paul M. Sanford
        Benjamin C. Caldwell