

April 9, 2018

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

      Re:    <u>Students for Fair Admissions, Inc. v. President & Fellows of Harvard College No. 1:14-cv-14176-ADB</u>

Dear Judge Burroughs:

We submit this letter on behalf of the students whose role as *amici curiae* was defined by this Court in its prior 2015 Order, Docket No. 52 (*"Students"*). As previously indicated, *Students* are a group of prospective and current Asian American, Black, Latino, and Native American students who seek to protect Harvard's right to consider race in admissions to the full extent allowed by law.

Consistent with this Court's order,[1] *Students* intend to vigorously participate in the upcoming stages of this ligation by submitting briefs on dispositive motions, participating in any oral argument on dispositive motions, submitting personal declarations and affidavits in support of race-conscious admissions, and potentially filing a motion to participate in trial proceedings.

To this end, *Students* plan to attend tomorrow's scheduled hearing and seek leave to discuss the treatment of confidential material at the summary judgment stage. *Students* have reviewed the parties' proposed plans for addressing privacy concerns. As students who have applied to Harvard, *Students* share Harvard's concern that the personal information of prospective, current, and former Harvard students should be sealed to the extent such information would make students personally identifiable. Given the ease with which students can be identified – despite having their names redacted – through both complex computer science techniques[2] and even basic internet searches,[3] *Students* likewise agree with Harvard that it is difficult to predict in advance which documents should remain sealed.  Thus, SFFA's proposal of immediate, virtually unfettered public access to the case record poses the serious risk of releasing *Students'* and other applicants' highly personal, private information. Moreover, the potential for releasing personally identifiable information poses

---

[1] Order at 23, June 15, 2015, ECF No. 52.
[2] *See,* Paul Ohm, *Broken Promises of Privacy: Responding to the Surprising Failure of Anonymization*, 57 UCLA L. Rev. 1701 (2010)(citing the growing body of computer science research on how supposedly anonmymized data can be made identifiable).
[3]  Harvard Letter at 3, March 30, 2018, ECF No. 389.




the significant risk of subjecting *Students* and other students of color to harassment and harsh public scrutiny given the highly publicized and highly charged nature of this case and SFFA's claim that underrepresented minorities are less deserving of admission to the most elite institutions.

In light of these compelling concerns over student privacy, *Students* support Harvard's proposed plan of gradually unsealing the summary judgment record. However, such a process should occur as expeditiously as possible to ensure that *Students* have sufficient time to meaningfully participate in any summary judgment briefing as contemplated by this Court. *Students* propose that the entire unsealing process – deliberations, resolving disagreements, and redactions – be completed by June 25th, ten days after summary judgment materials are filed. This will allow *Students* sufficient time to prepare any supporting brief by the current deadline of July 13, 2018.[4] Similarly, *Students* require comprehensive access to the case record to persuasively argue for the interests of Black, Latino, Native American, and Asian American students who value Harvard's right to consider race in admissions. *Students* favor unsealing any documents, or parts of documents, that do not make students personally identifiable.

An expeditious process that is limited to student-specific redactions will ensure that *Students* can meaningfully aid this Court in its ultimate determination. *Students* anticipate they will supplement Harvard's defense of race-conscious admissions by making arguments about Harvard's challenges attaining a "critical mass" of underrepresented minority students (or "dynamic diversity"), about the racial disparities embedded into the SAT and other measurements of "merit", and about the benefits that flow to Asian Americans under race-conscious admission policies that expand access to underrepresented groups.

We look forward to joining tomorrow's hearing and further discussing these matters.

Respectfully submitted,

/s/ Jon M. Greenbaum
Jon M. Greenbaum (*pro hac vice*)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
Tel: (202) 662-8600
jgreenbaum@lawyerscommittee.org

---

[4] Scheduling Order, March 14, 2018, ECF No. 387.

 

/s/ Matthew Cregor
Matthew Cregor (BBO# 673785)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS AND ECONOMIC JUSTICE
61 Batterymarch St., 5th Floor
Boston, MA 02110
617-988-0609
mcregor@lawyerscom.org

/s/ Nicole Gon Ochi
Nicole Gon Ochi (*pro hac vice*)
ASIAN AMERICANS ADVANCING JUSTICE
1145 Wilshire Boulevards
Los Angeles, CA 90017
213-241-0211
nochi@advancingjustice-la.org

/s/ Lawrence Culleen
Lawrence Culleen (*pro hac vice*)
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20004
(Please note new address)
202-942-5477
lawrence.culleen@aporter.com

ATTORNEYS FOR *AMICI CURIAE*

Cc: ECF Participants