1                   UNITED STATES DISTRICT COURT

2                    DISTRICT OF MASSACHUSETTS

3                              No. 1:14-cv-14176-ADB

4

5   STUDENTS FOR FAIR ADMISSIONS, INC.,
              Plaintiff

6

7   vs.

8

9   PRESIDENT AND FELLOWS OF HARVARD COLLEGE, et al,
              Defendants

10

11                      * * * * * * * * *

12

13                      For Hearing Before:
                   Judge Allison D. Burroughs

14

15                     Status Conference

16

17                 United States District Court
                   District of Massachusetts (Boston.)
                   One Courthouse Way

18                 Boston, Massachusetts 02210
                   Tuesday, April 10, 2018

19

20                      * * * * * * * *

21

22            REPORTER: RICHARD H. ROMANOW, RPR
                   Official Court Reporter

23                United States District Court
         One Courthouse Way, Room 5510, Boston, MA 02210

24                 bulldog@richromanow.com

25

```
 1                    A P P E A R A N C E S

 2

 3   WILLIAM S. CONSOVOY, ESQ.
     MICHAEL H. PARK, ESQ.
 4       Consovoy McCarthy Park, PLLC
         3033 Wilson Blvd., Suite 700
 5       Arlington, Virginia 22201
         (703) 243-4923
 6       E-mail: Will@consovoymccarthy.com
         For Plaintiffs
 7

 8   WILLIAM F. LEE, ESQ.
     FELICIA H. ELLSWORTH, ESQ.
 9   SETH P. WAXMAN, ESQ.
         Wilmer Cutler Pickering Hale and Dorr, LLP (Bos)
10       60 State Street
         Boston, Massachusetts 02109
11       (617) 526-6556
         Email: William.lee@wilmerhale.com
12       For Defendants

13

14   MATTHEW M. CREGOR, ESQ.
         Lawyers' Committee for Civil Rights Under Law
15       294 Washington Street, Suite 443
         Boston, Massachusetts 02108
16       (617) 988-0609
         Email: Mcregor@lawyerscom.org
17       For Intervenor student Amici

18

19

20

21

22

23

24

25
```

1          P R O C E E D I N G S

2          (Begins, 9:00 a.m.)

3          THE CLERK:  Civil Action 14-14176, Students

4   for Fair Admissions, Inc. versus The President and

5   Fellows of Harvard College.  Would counsel identify

6   themselves for the record.

7          MR. CONSOVOY:  Good morning, your Honor, Bill

8   Consovoy, along with Michael Park, for the plaintiffs.

9          MR. LEE:  Good morning, your Honor, Bill Lee,

10  Felicia Ellsworth, and Seth Waxman, from Wilmer Hale,

11  for Harvard, and with us is Eric Gershengorn from

12  Harvard.

13         MR. CREGOR:  Good morning, your Honor, Matt

14  Cregor on behalf of the student Amici.

15         THE COURT:  Okay.

16     Let's start with the easier issue first, let's get

17  a trial date for this.

18     Is everyone all right with October, sometime in

19  the fall now, is that my understanding?

20         MR. LEE:  Yes, your Honor.

21         MR. CONSOVOY:  No, we don't object, but I did

22  -- if I could ask one question?  We do want to make sure

23  the Court has enough time to review the summary judgment

24  papers in advance of trial.  If the Court is comfortable

25  with replies being due up August 30th and then making a

1  decision about trial in September and starting October

2  1, we defer to the Court's judgment.  But we did want to

3  make sure we understood your thinking about that.

4  THE COURT:  You're only going to ask one

5  question, that's a world record of efficiency.

6  (Laughter.)

7  THE COURT:  So I'm going to set a trial date

8  for the fall because I don't see -- I had a long

9  criminal trial scheduled for the fall, that's now been

10  moved to January, and between my schedule and their

11  schedule and your schedule, I don't see getting this on

12  any time quickly unless we schedule it for the fall.

13  I allowed, at your request, you to file the

14  summary judgment motions, although if this goes on I

15  still think it makes sort of less and less sense to do.

16  So we'll certainly have time to review the summary

17  judgment motions.  What we decide to do with them beyond

18  that, I don't know, but the timing of the trial date

19  won't make any difference.

20  Okay?

21  MR. CONSOVOY:  Understand.  Thank you.

22  THE COURT:  Okay.

23  I think we're estimating 2 to 3 weeks for this, is

24  that right?

25  MR. LEE:  That's correct, your Honor.

1          MR. CONSOVOY:  We think 3.  Yeah, I don't

2     think 2 is reasonable.

3          THE COURT:  My fall is now -- since I reserved

4     all that time for the trial, my fall is very flexible.

5        So you want it in October but not in September, is

6     that right?

7          MR. LEE:  Yes, your Honor.  I have another

8     trial in September that ends September 21st, so if we

9     can start in October, that would be preferable from our

10    side of the courtroom.

11         MR. CONSOVOY:  October would be the earliest

12    we could really do.

13         (Pause.)

14         THE COURT:  At the moment I don't have any

15    trial scheduled for October or November, so pick your

16    three weeks.

17         MR. CONSOVOY:  Um, October 15th?

18         MR. LEE:  We can start on October 15th.

19         THE COURT:  You think that's fine?

20         MR. CONSOVOY:  Yeah.  Mr. Strawbridge isn't

21    here this morning, I would want to double-check with

22    him.  But if you want to pick right now, your Honor,

23    we'll have the 15th.

24         THE COURT:  Well, I have October and November

25    free and you can pick any three weeks you want.  So if

1   that doesn't work out, just let me know which three you

2   want.

3             MR. CONSOVOY:  Okay.

4             MR. LEE:  Can we get back to you by the end of

5   the day?

6             THE COURT:  Yes.

7             MR. CONSOVOY:  Thank you, your Honor.

8             THE COURT:  All right.  We have the briefing

9   on the summary judgment sealing issues, but before we

10  get to that, is there anything else for today?

11            MR. CONSOVOY:  Not for us, your Honor.

12            MS. LEI:  Not for Harvard, your Honor.

13            THE COURT:  Okay.

14       I'm happy to hear you all on this.  This in many

15  ways highlights for me why I think summary judgment is

16  not sort of the optimal way to proceed here.  But since

17  that's what you want to do, we'll do it.  There's been a

18  lot of briefing on an issue that I really find to be

19  pretty straightforward and pretty routine.  Portions of

20  summary judgment motions and the supporting

21  documentation are filed under seal in this courtroom all

22  the time, and then we review it, and it either stays

23  under seal or it doesn't.

24       I'm not inclined to review 90,000 pages of

25  discovery before a summary judgment motion is filed and

make preliminary rulings on what I think should be

sealed and what shouldn't be sealed.  So I'm willing to

do this in a couple of ways.  I think that my preferred

way would be to do essentially what Harvard suggests,

which is have one filed under seal, a redacted public

version filed at the same time, and then you all meet

right after that and then we all meet as a group right

after that.  We could also do it before the summary

judgment motions are filed, essentially the same

procedure, but that cuts your time to prepare your

summary judgment motions.

        And I would, just for clarification, I'm not

anticipating doing this at the end of the summary

judgment briefing, I'm anticipating doing it when the

opening briefs are filed, and then the response is

filed, and then the reply is filed, if we need to still

do that at that point.  So I'm happy to hear you on

that.

        You know in terms of, um, the point made by

various parties about keeping this under seal, either

we're going to eat into your time to prepare your

summary judgment motions or we're going to eat in the

amici time to do everything, but in looking at the

schedule, it seems like we could do the redacted -- the

sealing and the unsealing pretty quickly and we could

1    extend the amicus brief deadlines from July 13th to July

2    30th, and then August 17th to August 30th, which still

3    leaves everything right at the same time but gives them

4    a little bit more time to deal with the redactions.

5         So I know -- I feel like in many respects this is

6    a tempest in a tea pot because these things are filed

7    under seal all the time, and it is not my intention to

8    keep the summary judgment motions from the public, but

9    there are most certainly parts of it that should be kept

10   under seal, and that's what we'll do.  So it's a matter

11   of timing for me more than -- and, you know, whoever's

12   filing first.

13        I am going to be more sympathetic to the

14   attachments being filed redacted than I am the legal

15   briefing being redacted.  And I don't expect a 20-page

16   brief to be filed with a series of black pages.  All

17   right?  We're going to be discreet and selective about

18   what is filed under seal.  And like every other summary

19   judgment motion, there will no doubt be parts that are

20   under seal, but the bulk of it I expect to ultimately be

21   available to the public.

22             MR. CONSOVOY:  We respect your Honor's ruling.

23   Of course we take a different view of it, but we

24   understand the process.  In all candor I'm less

25   concerned about the process than I am about the

1    substance, I think that's been my concern not just

2    through this stage of the case, but from the beginning

3    in terms of my client's inability to access the vast

4    majority of documents that have been produced in this

5    case because they were labeled "attorney eyes only."  So

6    now it sounds like, given the combined processes we

7    have, if all that stuff stays "attorneys eyes only" and

8    Harvard says it concerns the inner workings of its

9    office, which I think is the vast bulk of the documents

10   in this case -- and I appreciate the Court's

11   instructions about being more judicious about that going

12   forward, I can't show most of my summary judgment brief

13   to my client before I file it.  And I think that's a big

14   issue.

15        Could I just make one example for the Court this

16   morning?

17             THE COURT:  Is one your number today, one

18   question, one example?

19             MR. CONSOVOY:  No, I don't mean to be

20   difficult, but I don't think I can make this point.

21             THE COURT:  Okay, listen.

22        I would like for his client to be able to read the

23   summary judgment motions.  I think that's reasonable.

24   So -- and I think we're at a different stage in the

25   proceedings now.  So if there are portions, discrete

1    portions that you don't want his client to see, I

2    understand that, but his client should be able to sign

3    off in a meaningful way on a summary judgment brief.

4             MR. LEE:  Your Honor, could I say two things

5    by way of a rebuttal?

6             THE COURT:  Two.  Absolutely.

7             MR. LEE:  This is an entirely new -- your

8    Honor asked and confronted this issue when we moved to

9    dismiss and it was SFFA's information that was

10   confidential, including information that went to

11   specific members of SFFA, but also information about

12   their inner workings, and that was kept confidential at

13   their request, it was kept from the public at their

14   request, and probably most importantly it was kept from

15   our client, Harvard, at their request.

16        I think that to the extent that there are -- we

17   would be happy to meet and confer with SFFA in advance

18   of their filing.  If there are things that they think

19   they need to, um, show Mr. Blum or SSFA in advance of

20   the filing, we'll try to work with them, but I think --

21   I'm just worried about a wholesale license to basically

22   take the protective order, your Honor's instructions to

23   us both on what would fall within and what would fall

24   outside of the protective order, um, and show it to, you

25   know, Mr. Blum, even if it's just Mr. Blum.

1          So I think this is, like everything else, a

2    question of "What are we talking about?"  And my

3    experience on the meet and confer is after the redacted

4    versions are filed, we'll confer both about, um, any

5    disagreements we have, anything we can agree upon, and

6    if there's a subset that they think they need to show

7    their client, we'll try to reach a resolution with them.

8               THE COURT:  I will limit it to Mr. Blum and

9    what I am envisioning here is not a wholesale opening of

10   Harvard's documents, but you showing him a draft and the

11   documents that you're citing in your summary judgment

12   brief so that your client can sign off on your draft.

13               MR. CONSOVOY:  That's what I'm asking for.

14               MR. LEE:  Yeah, and I assume that your

15   agreement -- or whatever your Honor orders on it, that

16   it will be -- Mr. Blum will be around to see it for

17   purposes of advising on the filing and the motion, but

18   it's not for the purpose of making it public, or in the

19   public's view the next day.

20               MR. CONSOVOY:  Right.  Correct.

21               THE COURT:  That is my understanding as well.

22               MR. CONSOVOY:  And just -- I don't want to

23   belabor the point, I'm going to try to do this without

24   revealing stuff on the protective order right now, so

25   I'm going to be a little bit vague, your Honor, but

1    here's --

2        Can I hand that up?

3            THE COURT:  Sure.

4            (Hands up.)

5            MR. CONSOVOY:  Your Honor, I'm handing up two

6    documents.

7        One is the document referenced in the footnote --

8    and I'm not going to mention what it is because we're in

9    an open courtroom here, but there was a reference made

10   in the filing yesterday about some information being,

11   you know, very confidential, it was the first document

12   we've seen, and part of my frustration in the process

13   has been getting Harvard to engage with us on the kind

14   of documents so we don't end up back in your courtroom

15   with 90 percent of the record under seal when we come

16   back for summary judgment.

17       That document was produced to us as "attorneys

18   eyes only" in this case.  That is not the copy you have.

19   The copy you have was one I obtained yesterday from the

20   Illinois University library.  So I was told that's it's

21   "attorney eyes only," it cannot be shown to my client,

22   yet it's been in the public domain for 30 years.

23           THE COURT:  It's not the same document, are

24   they?

25           MR. CONSOVOY:  Um, I don't want to get into

1    the specifics.  One was the OCR report from 1990, the

2    other is the document from the record of this case.  If

3    we're in chambers, I could be more specific, but I

4    can't.

5                THE COURT:  I see it's not the same document,

6    but you say it contains the same information?

7                MR. CONSOVOY:  Yes.

8                MS. ELLSWORTH:  I don't have a copy of it.

9                MR. CONSOVOY:  I'm sorry.

10               THE COURT:  But I get the idea.  I can pass

11   these back and you can show them -- Ms. Ellsworth.

12               MR. LEE:  And, your Honor, I think our one

13   point would be, the first thing is this issue of why

14   that was out there?  The first time we're hearing about

15   it is now.  And we're happy to talk about it.

16        But the second is that the question -- whether

17   it's in the public domain or not, the question of

18   whether it's relevant to any motions filed, your Honor,

19   it's just impossible to determine in the abstract.

20               THE COURT:  Well, I'm not going to determine

21   it in the abstract, um, but that -- that's -- you need

22   to meet and confer better if there are situations like

23   that one.  And I didn't read it, so I don't know if the

24   information contained in the two documents is the same.

25   But I'm going to take his general point that he's saying

that there's information publicly available that you are

holding for "attorneys eyes only."

MR. LEE:  We hear you, your Honor.

MR. CONSOVOY:  I'm going to leave it there for

today, your Honor, it's just -- we're just frustrated

because it's just been difficult to litigate the case

when so much has been labeled in the most extreme

protective order.  I assume, your Honor, that as part of

this process at the end, when we do have disagreements,

you're going to expect more than vague -- "proprietary"

as the case law suggests, there's going to have to be

declarations and supporting information and things that

will justify the kind of redactions that would be

anticipated.

THE COURT:  Okay, I'm hoping that, by the end

of the day, we're talking about a handful of them

because the presumption is the information is openly

available.  And to give a general example, you don't

need to put the recipe for Coke into a motion, but you

can allude to the fact that there is a recipe for Coke,

and that is not proprietary information, right?  So I

expect it to be handled in that sort of way.  You know I

appreciate your frustration, my guess is that the people

reviewing the discovery don't know what's on the public

record, that there needs to be some way to sort of

1   communicate that.  My guess is that's what happened

2   there.  But I take your point.

3            MR. CONSOVOY:  For every document they say is

4   redacted, we'll show them where it's on the public

5   record.

6        We can, your Honor, do this in advance.  I know

7   you suggested that we cut our time short.  We're happy

8   to cut our time short.  We're happy to share every

9   document with them.  I think we're the ones moving.

10  They haven't -- Harvard's not said it's moving for

11  summary judgment yet, so as of now we're the only party

12  moving for summary judgment.  We can share every

13  document on June 1st with them and be in your courtroom

14  on June 7th, um, with that material.

15           THE COURT:  On what day?  Your summary

16  judgment motions are due at the moment on June 15th,

17  right?

18           MR. LEE:  Yes.

19           MR. CONSOVOY:  Correct.

20           THE COURT:  So it is my guess that you're

21  going to have a better -- closer to a final draft on

22  June 15th than you are June 1st?

23           MR. CONSOVOY:  I'm sorry.  On June 1st we will

24  share with them every underlying document that we are

25  planning to use in support of our statement of material,

1    nondisputed facts, for summary judgment.  It's the

2    documents that ultimately matter because if the document

3    isn't sealed, then we don't have to change the brief to

4    accommodate it.  If the document is sealed, we need to

5    find a way to write the brief without it.  We can do --

6    we are ahead of the game on this, we can meet with them

7    on June 1st and show them every document that will be

8    filed on summary judgment and get this moving much more

9    quickly.

10              MR. LEE:  So, your Honor, let me just say two

11    things.

12              THE COURT:  Yes.

13              MR. LEE:  I don't think we need to resolve

14    some of these issues.

15         These are two different documents.  One of them is

16    dated 1991, the other is dated 2015, and while they both

17    refer to "reading procedures," the procedures have

18    changed over a 16-year period.  So this is a problem

19    trying to do it on the fly, but we'll meet and confer.

20         The second is, on the question of our filing, if

21    your Honor's going to entertain summary judgment

22    motions, we haven't made a decision in part because

23    we're taking the depositions of their -- really their

24    sole witness, the economist, and this is just me, but I

25    think there's some fundamental problems with the

1    analysis, and if it turns out to be true, there might be

2    a summary judgment motion from us.  We just haven't

3    decided at this moment in time.  But if your Honor's

4    going to entertain them, you may see a parallel motion.

5              MR. CONSOVOY:  That deposition's in two days,

6    right?

7              MR. LEE:  Yes.

8              MR. CONSOVOY:  So we should know fairly

9    quickly whether Harvard's going to be moving for summary

10   judgment and we can decide that Harvard's to let us know

11   whether on June 1st what is what.

12             THE COURT:  All right, hold on, I'm just

13   trying to pull up my calendar.

14             (Pause.)

15             THE COURT:  This is not going to accommodate

16   me.  So my suggestion is that you all meet prior to, um,

17   June 15th, if you want, if you're ready, and that you

18   then make your filing on June 15th and we meet right

19   after that, so I can read what's actually filed rather

20   than, um, guessing on what you're going to file.

21        I'm just trying to pull up my calendar for June.

22             (Pause.)

23             THE COURT:  So the 15th is a Friday.

24             (Pause.)

25             THE COURT:  So I'm trying to -- the week of

1   the 18th, I'm trying a case that's 10:00 to 4:00, but

2   I'm happy to meet before or after that and just

3   hopefully bang this out.  If you file on the 18th, give

4   me a couple of days to read it, so maybe say like the

5   20th?

6              MR. CONSOVOY:  We'll be available whatever,

7   your Honor, as soon as your Honor wants to come in.

8              MR. LEE:  And, your Honor, I'm on trial that

9   week, but we'll get it covered.  We'll have some folks

10  here.

11             THE COURT:  All right.  So I'm reasonably

12  certain that case is going to go, so maybe after you all

13  meet and confer, you can give me some idea of how much

14  time you think we need and we'll just simply build in a

15  schedule for that week for reviewing it.

16        And we can either let -- do you want to -- you

17  want to meet with me right away or do you want to take

18  some time to prepare your paperwork in support of your

19  positions?

20             MR. LEE:  Your Honor, I think the latter, but

21  we'll do it expeditiously so we can meet with you during

22  the course of that week.

23             THE COURT:  Why don't you let me know sometime

24  between June 1st and June 15th what you want to do for

25  procedure and when you think you'll be ready to meet.

1   Okay?

2           MR. CONSOVOY:  That sounds great.

3           THE COURT:  To give anyone who wants to file

4   an amicus brief, the benefit of what I hope will be a

5   less-redacted version -- ideally you all file something

6   that's not so redacted and we can all live with it, um,

7   but just in case there are things that become unredacted

8   after this process, um, I think that -- why don't we

9   change -- so in the scheduling order, the amicus briefs

10  in support of a dispositive motion, they're to be filed

11  by July 13th, and we'll change that to July 30th.  And

12  the amicus briefs in opposition to a dispositive motion

13  are to be filed August 17th, we'll change that to August

14  30th.  We'll do an order to that effect so it's on the

15  public record.  But that will give anyone that wants to

16  file a responsive brief an extra two weeks.

17          MR. LEE:  Thank you, your Honor.

18          MR. CONSOVOY:  A date for the reply briefs

19  then?

20          THE COURT:  We don't have a date for amicus

21  reply briefs but, um --

22          MR. CONSOVOY:  It could be the same date as

23  the movant's reply brief.

24          THE COURT:  Right, so your reply brief is due

25  -- the reply briefs are due, at the moment, on August

1    30th, so we'd have the amicus briefs and opposition

2    filed on the same day with the benefit of the opening

3    brief, the responsive brief, but not the reply brief.

4              MR. CONSOVOY:  Right, so we want to have a

5    chance to respond to the amicus who are opposing our

6    motion, because it will be due the same day, we won't

7    see their briefs when we file our reply.  Am I getting

8    that right or am I missing it?

9         Amicus who are opposing summary judgment would be

10   due on August 30th, is that what your Honor is saying?

11             THE COURT:  Yes.

12             MR. CONSOVOY:  Which is the same day as my

13   reply brief in support of summary judgment would be due.

14   So I just wouldn't have a chance to respond to anything?

15             THE COURT:  You can supplement if you want.

16             MR. CONSOVOY:  Okay, that sounds great.  We

17   might not need to anyway.

18             THE COURT:  What we're doing at this point is

19   spending a lot of time and a lot of money doing summary

20   judgment briefing if there are -- on issues that would

21   be decided a month later anyway.  Right?  So --

22             MR. CONSOVOY:  We understand.

23             THE COURT:  And I still -- without the benefit

24   of the briefing, it still strikes me that this is going

25   to be a fairly fact-intensive inquiry on what the

1    experts have to say.

2            MR. CONSOVOY:  We'll do our best to --

3            THE COURT:  So I'll tell you this.  If we're

4    denying summary judgment, you can expect a very short

5    order on factual disputes not appropriate for summary

6    judgment and we'll go right to trial.  If we're granting

7    them, you know we'll either do an oral thing or, um --

8    we'll get it done for you.  But it's a very short time

9    between summary judgment briefing and it's a bench

10   trial, so it's hard for me to, um, really get too

11   wrapped around the axle about this, because you'll have

12   your day on the merits this fall, within 6 to 8 weeks is

13   what we're talking about, depending on what was done on

14   summary judgment or the bench trial.  So --

15           MR. CONSOVOY:  We understand.  Thank you.

16           THE COURT:  Okay, anything else for today?

17           MR. LEE:  Nothing for Harvard, your Honor.

18           THE COURT:  You all will meet and confer.  If

19   you want the time to prepare your brief, you can do it

20   afterwards, if you're really ready to go, you can do it

21   before.  The brief will be filed on June 15th.  You'll

22   give me a proceeding for when you all want to have a

23   chance to prepare your paperwork.  I am here and will

24   make myself available and we'll get this done quickly.

25   But I am happy to engage in this activity with you.

1          But I want to be clear that I don't expect to get

2     pages and pages of blackness on the record.  So you'll

3     file an unredacted version with me and they'll be some

4     kind of redacted version filed on the public record that

5     hopefully, um -- I understand they'll be redactions, but

6     hopefully there are not so many that the document is

7     incomprehensible to someone that's trying to read it.

8               MR. CONSOVOY:  We understand, your Honor.

9               MR. LEE:  Thank you, your Honor.

10              THE COURT:  Okay.

11         Anything else?  I see Ms. Ellsworth was --

12     nothing?

13              MS. ELLSWORTH:  No, your Honor.

14              THE COURT:  Okay.

15         All right, so we'll see everyone in June or

16     thereabouts.  Thank you.

17              (Ends, 9:30 a.m.)

18

19

20

21

22

23

24

25

1               C E R T I F I C A T E

2

3

4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do

5   hereby certify that the forgoing transcript of the

6   record is a true and accurate transcription of my

7   stenographic notes, before Judge Allison D. Burroughs,

8   on Tuesday, April 10, 2018, to the best of my skill and

9   ability.

10

11

12

13

14   /s/ Richard H. Romanow 04-12-18
     _____

15   RICHARD H. ROMANOW  Date

16

17

18

19

20

21

22

23

24

25