# EXHIBIT 262

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STUDENTS FOR FAIR ADMISSIONS, INC.,

    Plaintiff,

v.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE (HARVARD CORPORATION),

    Defendant.

Civil Action No.
1:14-cv-14176-ADB

### PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33, Plaintiff Students for Fair Admissions, Inc. ("SFFA") submits the following supplemental objections and responses to the Defendant's First Set of Interrogatories, dated May 13, 2015. These objections and responses supplement and replace those previously submitted on May 5, 2017.

### GENERAL OBJECTIONS

SFFA makes the following general objections to Harvard's First Set of Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections below.

1.    SFFA objects to each interrogatory to the extent it calls for information that is protected from discovery by the attorney-client privilege or the work product doctrine, or that are otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the relevant statutory or case law.

1

CONFIDENTIAL

privileged information, including information protected from disclosure by the attorney-client or attorney work product privileges.

**INTERROGATORY NO. 7**

List and describe all sources of SFFA's funding, including but not limited to any dues, fees, or other funds contributed by individual members, as well as contributions or other funds received from other sources, including from non-members.

**RESPONSE TO INTERROGATORY NO. 7**

SFFA objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The breadth of this request infringes the First Amendment right to associational privacy of SFFA and its members and former members.

Subject to and without waiving its objections, SFFA responds as follows: As of April 30, 2017, SFFA has received 790 contributions from its individual members (including the required membership fee for every member who joined after July 30, 2015). SFFA also has several institutional supporters, including (but not limited to) POFR. Anonymity in donations is important to SFFA's members, particularly in light of their concerns about the potential for retaliation in the admissions process against individuals and family members who wish to apply for admissions in the future.

**INTERROGATORY NO. 8**

Describe the recruitment and selection process for SFFA members, both past and ongoing, and the criteria for membership in SFFA.

**RESPONSE TO INTERROGATORY NO. 8**

SFFA objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The breadth of this request infringes the First Amendment right to associational privacy of SFFA and

CONFIDENTIAL

its members and former members. SFFA further objects to this interrogatory to the extent it seeks privileged information, including information protected from disclosure by the attorney-client or attorney work product privileges.

Subject to and without waiving its objections, SFFA responds as follows: SFFA has taken a number of steps to seek members who are interested in challenging (or supporting the challenge to) racial discrimination in the admissions process at Harvard. Specific steps taken by SFFA's officers and employees to help recruit members include:

- The establishment of a website (www.harvardnotfair.org) beginning in April 2014 to publicize the potential for legal action challenging Harvard's racial discrimination, and to solicit potential plaintiffs who were the victims of discrimination in the Harvard admissions process.

- Interviews with news reporters about SFFA, its purpose, and the goals of this Litigation.

- After SFFA filed this action, the establishment of a second website, www.studentsforfairadmissions.org, to promote SFFA's mission, provide prospective members with a form to join SFFA, and provide a link for those who wish to donate funds to support SFFA.

- SFFA representatives met with a number of interested groups to discuss the Litigation and promote its missions, including the Long Island Chinese Community in Nassau County, New York; the Chinese School in Livingston, New Jersey; the Houston Chinese Alliance in Houston, Texas; the Silicon Valley Chinese Association in San Francisco, California; and members of Los Angeles Asian community in Los Angeles, California.

CONFIDENTIAL

- SFFA also reached out to scholars and leaders of the Asian-American business community to discuss the admissions policies at competitive universities.
- SFFA has met with Asian students at a competitive New York high school to discuss its mission and the goals of the Litigation.
- SFFA posted favorable news coverage on its website and provided periodic updates on the progress of the Litigation and related matters.

From the outset, SFFA membership has been open to all individuals who support the organization's mission of racial and ethnic equality in student admissions. For approximately the first year of its operation, individuals could join SFFA as Affiliate Members by submitting basic identifying information (name, address, and email address) and expressing an indication of intent to join the organization. No dues or membership fee was initially required, in order to lower barriers to entry in the organization's infancy.

As of November 17, 2014—the date the Complaint was filed—SFFA had 42 members. Membership in the organization grew steadily over the following months as news of its activities spread; by June 1, 2015, the organization's membership had grown to approximately 350 people. In early June 2015, after Mr. Blum spoke to several Asian-American groups in California, New York, and Texas, interest in the organization grew dramatically; thousands of people joined the organization during the first week of June 2015 alone. Membership has continued to grow since then.

As interest in SFFA's mission grew along with its membership, and the organization matured, SFFA decided to amend its bylaws to account for its rapid

11

CONFIDENTIAL

growth. Among other things, SFFA required new members to pay a membership fee of $10 to join SFFA, beginning on July 30, 2015. The Board determined that those who had joined SFFA prior to that date would not be asked to pay the membership fee. The Board also has expanded its size to five persons, one of which is directly elected by the membership. The Board also changed the open membership status from "Affiliate Member" to "General Member."

As of April 30, 2017, SFFA has a total of 21,766 members. After SFFA instituted its membership fee on July 30, 2015, all new members have paid the fee. Accordingly, 133 members have paid the fee, which constitutes 0.6% of the total membership. That percentage will, of course, increase over time as SFFA's membership continues to grow and the organization continues to mature. Moreover, even before July 30, 2015, 641 members had voluntarily donated to SFFA even though it was not a condition of membership.

**INTERROGATORY NO. 9**

Describe the rights and responsibilities of SFFA members within the organization, including but not limited to any decision-making responsibilities, any processes or mechanisms by which members communicate with SFFA regarding SFFA's activities, any input members have regarding SFFA's leadership or conduct, and any responsibilities members have to pay dues, render services, or otherwise contribute to SFFA's work.

**RESPONSE TO INTERROGATORY NO. 9**

SFFA objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The breadth of this request infringes the First Amendment right to associational privacy of SFFA and its members and former members. SFFA further objects to this interrogatory to the

CONFIDENTIAL

extent it seeks privileged information, including information protected from disclosure by the attorney-client or attorney work product privileges.

Subject to and without waiving its objections, SFFA responds as follows: Under SFFA's bylaws and articles of incorporation, SFFA members are required to pay a fee upon joining of $10, beginning on July 30, 2015. Members also have the right to elect one of SFFA's Directors at its annual meeting. Members are provided with periodic updates on SFFA's activities, including this Litigation, via letters and regular e-mail updates. SFFA will also convene periodic conference calls where members can ask questions, provide guidance, and comment on our activities and priorities. Members also are provided with contact information, including an email address, by which they may contact SFFA's President and Board of Directors. Members can resign from SFFA at any time. All of SFFA's Directors are also members of SFFA.

**INTERROGATORY NO. 10**

Describe how decisions about SFFA's activities and operations are made, and who makes them, including but not limited to decisions about the Litigation.

**RESPONSE TO INTERROGATORY NO. 10**

SFFA objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The breadth of this request infringes the First Amendment right to associational privacy of SFFA and its members and former members.

Subject to and without waiving its objections, SFFA responds as follows: the President of SFFA has day-to-day responsibilities for decision-making with respect to SFFA's activities and the Litigation, which the President makes in conjunction with the advice from outside counsel. The President reports to the Board of Directors (one

CONFIDENTIAL

member of which is elected by SFFA's members), which has ultimate responsibility for the management of SFFA's business and its decisions. Members are afforded the opportunity to discuss SFFA's mission and business, including this Litigation, and are provided with contact information by which they can communicate with the President and the Board.

CONFIDENTIAL

Signed under the penalties of perjury this 4 day of Aug, 2017.

_____
Edward Blum
on behalf of Students For Fair Admissions, Inc.

As to Objections:

/s/ William S. Consovoy
_____

Paul M. Sanford BBO #566318
Benjamin C. Caldwell BBO #67506
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
Tel: 617-345-3000
Fax: 617-345-3299
psanford@burnslev.com
bcaldwell@burnslev.com

William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard
Suite 700
Arlington, Virginia 22201
Tel: 703.243.4923
Fax: 703.243.4923
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge
BBO #678274
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
Boston, MA 02109
Tel: 617.227.0548
patrick@consovoymccarthy.com

Dated: August 4, 2017

*Counsel for Plaintiff Students for Fair Admissions, Inc.*

15

CONFIDENTIAL