**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

STUDENTS FOR FAIR ADMISSIONS, INC.,

                Plaintiff,

    v.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE (HARVARD CORPORATION),

                Defendant.

Civil Action No. 1:14-cv-14176-ADB

**HARVARD'S RESPONSE TO MOTIONS OF
AMICI CURIAE TO PARTICIPATE IN TRIAL**

Defendant President and Fellows of Harvard College ("Harvard") hereby responds to the

Motion of Student Amici Curiae to Participate in Trial (Dkt. 518) ("Student Amici") and the

Motion of Amici Curiae Harvard Student and Alumni Organizations to Participate in Trial (Dkt.

532) ("Organization Amici") (collectively "Amici").  Harvard supports Amici's request to

present testimony at trial.  Harvard takes no position, however, with respect to the number of

witnesses Amici should be permitted to present or the number of hours allotted to such testimony

if Amici's motions are granted, nor does it take any position with respect to Amici's requests to

present opening and closing arguments, both of which are matters within the Court's discretion.

Harvard opposes Student Amici's request to cross-examine Students for Fair Admissions, Inc.'s

("SFFA") statistical expert, Professor Peter Arcidiacono.[1]

---

[1]    Organization Amici have not requested leave to cross-examine Professor Arcidiacono.

**ARGUMENT**

Harvard supports Amici's request to present testimony from Harvard students and alumni, in recognition of Amici's position that those witnesses can offer important and distinctive perspectives on the importance of a racially diverse student body at Harvard. Harvard has not sought to call students or alumni at trial out of respect for their privacy and other considerations, but in light of Amici's independent requests to testify, with the advice of their legal counsel, Harvard recognizes that the proposed witnesses may provide testimony that would be of use to the Court about the salience of race in the witnesses' lived experiences, including their time at Harvard. Harvard expects that the proposed witnesses will also be well positioned to speak to the effect that student body diversity achieved through Harvard's whole-person admissions program—in which race is considered as one factor among many—has had on their Harvard experience. Amici's alumni witnesses can also offer testimony about the enduring benefits conferred by their diverse Harvard experience, including the effects of this experience on their professional and personal lives.

Harvard takes no position on the number of witnesses Amici should be allowed to call or the appropriate duration of any such testimony. Such matters are firmly within the Court's discretion. *See Bamberg v. Goldman Sachs & Co.*, No. 10-10932-PBS, 2013 WL 4812443, at *2 (D. Mass. Sept. 6, 2013) ("District courts may impose reasonable time limits on the presentation of evidence ..." (quoting *Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 442–43 (1st Cir. 1991))); *Animal Prot. Inst. v. Martin*, No. CV-06-128 BW, 2007 WL 647567, at *1 (D. Me. Feb. 23, 2007) ("Although there are rules governing the participation of amicus curiae on appeal, there is no provision in the Federal Rules of Civil Procedure as to the conditions under which a trial court should permit amicus appearances and the restrictions, if any, that should attend its

2

appearance." (citations and internal quotations omitted)); *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 307 (D. Me. 2003) (holding that "[i]t remains within the discretion of the court to determine the fact extent, and the manner of participation by the amicus" (citations and internal quotations omitted)).

Harvard opposes Student Amici's request to cross-examine Professor Arcidiacono, because such cross-examination would likely be duplicative of Harvard's cross-examination. In their motion, Student Amici argue that they have "raised arguments challenging the analysis and conclusions of Plaintiff's expert Dr. Arcidiacono that are different than that of Harvard, and, consistent with that, would raise unique issues on cross-examination." Dkt. 518 at 3. Student Amici do not specify, however, what "unique issues" they would raise on cross-examination that Harvard would not also address. Indeed, Harvard's interests are aligned with those of the Student Amici; both Harvard and Student Amici oppose SFFA's requested relief, which is to enjoin Harvard from considering race in its undergraduate admissions process, *id.* (students "disagree with the remedy SFFA seeks"), and Harvard is vigorously defending itself against SFFA's claims, including those purportedly supported by Professor Arcidiacono's analyses, as demonstrated by the robust analysis conducted by Harvard's expert, Dr. David Card. Harvard will therefore adequately represent Student Amici's interests during its cross-examination of Professor Arcidiacono. To the extent Student Amici have additional points about Professor Arcidiacono's testimony that they wish to make, Student Amici can raise them in a written submission.

In addition, as non-parties, Student Amici have not had access to the datasets analyzed by Professor Arcidiacono, and they did not participate in any of the expert depositions; nor do they have the unredacted expert reports of both parties or the full deposition transcripts of both

statistical experts and other witnesses.  Harvard, by contrast, is fully immersed in the record and has deposed Professor Arcidiacono before, and is therefore better situated to cross-examine Professor Arcidiacono at trial.  Given the expected length and complexity of the trial, Harvard respectfully submits that there is no need to allow non-party amici to examine any party's witness.  *See Alliance of Auto. Mfrs.*, 297 F. Supp. 2d at 307-308 (granting amicus plus status but prohibiting amicus plus from examining or cross-examining the same witness as the party).

## CONCLUSION

For the foregoing reasons, Harvard: (1) supports Amici's motion to offer testimony at trial; (2) takes no position with respect to the number of witnesses Amici should be permitted to call or the duration of such testimony if the motions are granted, or to Amici's request to participate in opening and closing arguments; and (3) opposes Student Amici's motion to cross-examine SFFA's expert witness Peter Arcidiacono.

Respectfully submitted,

/s/ Seth P. Waxman
Seth P. Waxman (*pro hac vice*)
Danielle Conley (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
Brittany Amadi (*pro hac vice*)
Daniel Winik (*pro hac vice*)
WILMER CUTLER PICKERING
     HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
danielle.conley@wilmerhale.com
paul.wolfson@wilmerhale.com

William F. Lee (BBO #291960)
Felicia H. Ellsworth (BBO #665232)
Andrew S. Dulberg (BBO #675405)
Elizabeth Mooney (BBO #679522)
Sarah R. Frazier (BBO # 681656)
WILMER CUTLER PICKERING
     HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
william.lee@wilmerhale.com
felicia.ellsworth@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
     HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

Dated:  September 14, 2018

*Counsel for Defendant President and Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Seth P. Waxman
Seth P. Waxman