**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,<br>        Plaintiff,<br><br>        v.<br><br>PRESIDENT AND FELLOWS OF HARVARD<br>COLLEGE,<br>        Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**SFFA'S OPPOSITION TO MOTION OF
STUDENT AMICI CURIAE TO PARTICIPATE IN TRIAL**

The Student amici curiae ask this Court to grant them a "limited role" at trial. (D.I. 518 at 9.) But their request is to "make opening and closing statements," present live testimony of eight current students and alumni, and "cross-examine SFFA's expert witness Dr. Arcidiacono." *Id.* If that is limited, one wonders what a broader role would look like. In effect, the Students ask to be treated as parties to this litigation, a request this Court has already denied. (D.I. 52 at 23.) SFFA opposes the Students' participation at trial in any respect for the very reasons the Court already articulated in denying their motion to intervene: "[A]dditional parties . . . presenting expert testimony, cross-examining witnesses, and participating in all other aspects of the adversary process would inevitably slow and unduly complicate the progress of this litigation," *id.* at 22. Nothing has changed since that ruling that would warrant the Students' participation at trial.[1]

---

[1] Nor have there been any change in circumstances that may require the Court to reconsider its intervention decision. *See State v. Dir., U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 21 (1st Cir. 2001). The Students continue to have a "speculative" and "contingent" interest in Harvard's racial preferences in admissions. (D.I. 52 at 15.) Harvard adequately represents this interest, as both Harvard and the Students share the objective of allowing Harvard to continue to rely on race-based admissions. And the Students do not argue that Harvard is failing "to mount a 'vigorous defense' of its admissions policies." (*Id.* at 16.)

The Students have already been afforded more opportunity to participate in this case than is typical for amici. An "amicus who argues facts should rarely be welcomed," *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970), and yet the Students were allowed to "submit personal declarations or affidavits . . . , which may be accorded evidentiary weight if otherwise proper." (D.I. 52 at 23.) Permitting amici to offer evidence in this manner is the exception, not the rule. *See, e.g.*, *Smith v. Pinion*, No. 1:10-CV-29, 2013 WL 3895035, at *1 (M.D.N.C. July 29, 2013) (an amicus "should not be accorded the right to present evidence or otherwise participate in an adversarial fashion"); *Parm v. Shumate*, No. 3-01-2624, 2006 WL 1228846, at *1 (W.D. La. May 1, 2006) (amicus "may not submit evidence and may not attach documents to its amicus brief"); *see also Metcalf v. Daley*, 214 F.3d 1135, 1141 n.1 (9th Cir. 2000) ("strik[ing] the extra-record documents that [an amicus] submitted with its amicus brief"); *Gaylor v. Lew*, No. 16-CV-215-BBC, 2017 WL 222550, at *3 (W.D. Wis. Jan. 19, 2017) ("[A]mici have no right to submit evidence to the court."); *Ctr. for Food Safety v. Vilsack*, No. C 10-04038 JSW, 2010 WL 4392847, at *1 n.3 (N.D. Cal. Oct. 29, 2010) (noting previous "ruling that Amici are not permitted to submit evidence regarding issues on the merits").

Permitting amici to participate in trial is even more of an exception. *See, e.g.*, *Verizon New England v. Me. Pub. Utilities Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005) (denying amici request to "seek additional powers, including the right to call witness, cross-examine witnesses, or conduct discovery"); *Nat. Res. Def. Council v. Evans*, 243 F. Supp. 2d 1046, 1047 (N.D. Cal. 2003) ("Amici, as distinguished from intervenors, may file briefs and may possibly participate in oral argument, but are not entitled to take discovery or participate at trial."); *YRT Servs. Corp. v. United States*, 28 Fed. Cl. 366, 371 n.4 (1993) ("[A]micus participants would not be permitted to examine any witnesses" but would "be permitted to submit briefs, including a post-trial brief."); *United States v. Am. Soc. of Composers, Authors & Publishers*, 202 F. Supp. 340, 343 (S.D.N.Y. 1962) (allowing amici to "file briefs expressing their views" but stating that "they may not examine witnesses nor participate in the

taking of depositions"); *Beverly Hills Fed. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 33 F.R.D. 292, 294 (S.D. Cal. 1962) ("[A]micus curiae . . . participation being limited to the offering of oral advice to this Court and the filing of written briefs and accordingly, they may not examine witnesses nor participate in the discovery procedure in this cause of action.").

There is no reason to believe that the Students' participation at trial is necessary to apprise the Court of their position or help the Court decide the issues before it. These amici are Harvard students and alumni who wish to relay their personal experiences about racial diversity at Harvard. They have no personal knowledge about the Harvard admissions process (other than it admitted them and their friends): they are not admissions-policy setters; they are not responsible for reading and scoring applications; they are not statisticians in Harvard's Office of Institutional Research. As Harvard itself previously explained, "the perspective of underrepresented minority students" "is not one that would benefit from . . . the presentation or cross-examination of witnesses" but instead can be "fully provide[d] through legal briefing and argument." (D.I. 38 at 9.) The Students have already done that—they submitted a memorandum in support of Harvard's motion for summary judgment, as well as declarations from twelve students and alumni that are now part of the record. (*See* D.I. 440.) Even according to Harvard, nothing more is necessary.

The Students implore the Court to allow their participation because otherwise "there will be no students at trial testifying in support of Harvard's consideration of race in admissions." (D.I. 518 at 2 (emphasis omitted).) But it is evident that no students are testifying because *Harvard*—the party responsible for defending its own race-based admissions process—decided it was unnecessary to call any students. "Harvard did not identify any students as part of its Rule 26 disclosures," *id.*, despite the Court's earlier invitations to Harvard to utilize the Students if they so desired. (*See* D.I. 52 at 17 ("Harvard is perfectly capable of gathering and presenting evidence of its students' interest and experiences."); *id.* ("[T]here was 'no obvious reason why' the [] defendant could not offer the

testimony of the proposed intervenors, treating them as friendly witnesses." (quoting *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999))); *id.* at 23 ("Defendant may take full advantage of *amici curiae*'s offers of resources, evidence, or assistance, where doing so would help Defendant in preparation for and during trial.").)

The Students want to present evidence at trial that Harvard could have elicited but elected not to. At bottom, the Students quibble with Harvard's strategic choices. That was not a sufficient reason to permit the students to intervene in the beginning of this case. (D.I. 52 at 16–17.) *See also Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) ("It is not sufficient that the party seeking intervention merely disagrees with the litigation strategy or objectives of the party representing its interests."). And it is not a sufficient reason to allow the Students the rare relief of participating in the trial as amici now.

Nor does the fact that the Students recognize, unlike Harvard, that Asian Americans are disadvantaged in the admissions process mean they should be allowed to participate at trial. SFFA recognizes that too, and to the extent that Students wish to argue that Harvard discriminates against Asian American applicants, SFFA adequately represents their interests and then some. The Students share an interest with SFFA in exposing "disparate impact of other admissions criteria." (D.I. 52 at 18.) Harvard adequately represents the Students' "purported interest [] in continuing to enjoy the academic and personal benefits that they believe arise out of Harvard's racially diverse student body, and their desire to see an increase in the number and diversity of underrepresented minority groups admitted to Harvard." (*Id.* at 15.) And the Students' "ultimate goal in this litigation" is the same as Harvard's: "to 'ensure that Harvard retains the right to consider race in its admissions decisions to the full extent allowed by law.'" (*Id.* at 16; *see also* D.I. 518 at 3.) The Students can register their disagreements with Harvard's admissions policies or SFFA's proposed remedies without putting on witnesses at trial.

With respect to the Students' request to cross-examine Dr. Arcidiacono, the Court has already determined that the Students are not permitted "to participate in expert discovery or present expert testimony." (DI. 52 at 23.) Cross-examination of SFFA's expert at trial should be treated no differently. That the Students believe they may "raise unique issues on cross-examination" is of no moment. (D.I. 518 at 3.) As with other litigation decisions, it is a party's prerogative how to cross-examine an expert; disagreement with those choices does not elevate an amicus into a party at trial. *See Little Rock Sch. Dist.*, 378 F.3d at 780.

Ultimately, this Court previously recognized that expediency and judicial economy are critical factors in determining what role the Students should play in this litigation. (D.I. 52 at 20–21.) The Students' request to participate in opening and closing arguments, present eight additional fact witnesses, and cross-examine SFFA's expert Dr. Arcidiacono are anything but expeditious. *See Verizon New England*, 229 F.R.D. at 338 (expressing concern that "expansive participation" by amici seeking "to call their own witnesses as well as cross-examining the parties' witnesses . . . would seriously compromise judicial efficiency"). In fact, Harvard itself only disclosed seven witnesses that it "will call in person." So the role Students request at trial actually exceeds Harvard's own case and would add unnecessary complexity and cost to these proceedings.

The Students are no different from any number of groups that are interested in cases they are not parties to. Those groups do not get a seat at counsel table just because they may take a different approach if they were in control of the case. The Students likewise should not be allowed to participate in trial. Harvard and SFFA have both previously suggested appropriate outlets for the Students to share their perspectives with the Court—*e.g.*, post-trial amicus briefs. (D.I. 37 at 10; D.I. 38 at 10.) That type of involvement is more than adequate for their "voices to be heard in the proceedings." (D.I. 38 at 9.)

Dated: September 14, 2018                    Respectfully submitted,

                                             */s/ John M. Hughes*
                                             Adam K. Mortara
                                             J. Scott McBride
                                             Krista J. Perry
                                             Bartlit Beck Herman Palenchar & Scott LLP
                                             54 West Hubbard Street, Suite 300
                                             Chicago, IL 60654
                                             312.494.4400
                                             adam.mortara@bartlit-beck.com
                                             scott.mcbride@bartlit-beck.com
                                             krista.perry@bartlit-beck.com

                                             John M. Hughes
                                             Katherine L.I. Hacker
                                             Meg E. Fasulo
                                             Bartlit Beck Herman Palenchar & Scott LLP
                                             1801 Wewatta Street, Suite 1200
                                             Denver, CO 80202
                                             303.592.3100
                                             john.hughes@bartlit-beck.com
                                             kat.hacker@bartlit-beck.com
                                             meg.fasulo@bartlit-beck.com

                                             William S. Consovoy
                                             Thomas R. McCarthy
                                             Michael H. Park
                                             J. Michael Connolly
                                             CONSOVOY MCCARTHY PARK PLLC
                                             3033 Wilson Boulevard, Suite 700
                                             Arlington, Virginia 22201
                                             703.243.9423
                                             will@consovoymccarthy.com
                                             tom@consovoymccarthy.com
                                             park@consovoymccarthy.com
                                             mike@consovoymccarthy.com

                                             Patrick Strawbridge BBO #678274
                                             CONSOVOY MCCARTHY PARK PLLC
                                             Ten Post Office Square
                                             8th Floor South PMB #706
                                             Boston, MA 02109
                                             617.227.0548
                                             patrick@consovoymccarthy.com

Paul M. Sanford BBO #566318
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100 Providence,
RI 02903
617.345.3000
psanford@burnslev.com
bcaldwell@burnslev.com

*Attorneys for Plaintiff Students for Fair Admissions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 14th day of September, 2018.

*/s/ John M. Hughes*