IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,<br>　　　　Plaintiff,<br>　v.<br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br>　　　　Defendant. | Civil Action No. 1:14-cv-14176-ADB |

## SFFA'S OPPOSITION TO MOTION OF AMICI CURIAE HARVARD STUDENT AND ALUMNI ORGANIZATIONS TO PARTICIPATE IN TRIAL

Like the Student amici curiae, the Harvard student and alumni organizations request to participate in trial by making opening and closing arguments and presenting live testimony of six witnesses. Their request should be denied for many of the same reasons the Students' request should be denied. (*See* D.I. 543.) The Organizations are essentially seeking to gain status as parties in this litigation but without ever moving to intervene. That level of involvement is not necessary. The Organizations, and the students and alumni who wish to testify on their behalf, have no personal knowledge of Harvard's admissions process. As with the Students, the Organizations can share their views with the Court in the way that is typical for amici—by submitting briefs. The Organizations have no explanation for why that role is not sufficient.

The Organizations (unlike the Students) have never moved to intervene in this matter. They requested to participate as amici only within the last two months. At that time, they did not make known their desire to participate at trial. (*See* D.I. 455; D.I. 503.) They asked only to "(1) submit a brief or memorandum of law not to exceed 30 pages (exclusive of exhibits) on any dispositive motion in this case; (2) participate in oral argument on any dispositive motion in this case; and (3) submit personal declaration or affidavits in support of their memorandum of law, which may be

accorded evidentiary weight if otherwise proper." (D.I. 455 at 2 & n.2.) And the Organizations do not now attempt to satisfy the intervention requirements of Rule 24.

Instead, the Organizations focus on their interest in the "educational benefits of diversity." (D.I. 532 at 3.) Harvard shares this interest. (*Cf.* D.I. 52 at 15–16.) And of course, Harvard and the amici share an ultimate objective in this litigation of allowing Harvard to continue to rely on race in the admissions process. Harvard therefore adequately represents the Organizations' interest, and the Organizations do not suggest otherwise.[1]

The Organizations nevertheless contend that they should be allowed the rare opportunity to present testimony at trial because they have "vast institutional knowledge" that is "otherwise missing from the presentation of evidence in this case." (D.I. 532 at 6.) To the extent the Organizations have knowledge relevant to the issues in this case, Harvard could have developed that evidence. (*See, e.g.*, D.I. 52 at 17 ("Harvard is perfectly capable of gathering and presenting evidence of its students' interest and experiences.").) That Harvard in defending its own race-based admissions program chose not to do so reflects a strategic choice, which is not a sufficient reason to grant the Organizations' request. *Cf. Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004).

It is rare for amici to have any role at trial, and for good reason. "[E]xpansive participation" by amici seeking "to call their own witnesses as well as cross-examining the parties' witnesses . . . would seriously compromise judicial efficiency." *Verizon New England v. Me. Pub. Utilities Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005). Consistent with the Court's previous rulings, the

---

[1] To the extent that the Organizations suggest that their interests differ from Harvard's because they believe Harvard should use race even more extensively in the admission process (*see* D.I. 455 at 11), that difference is relatively minor and should not raise concerns about Harvard's ability to adequately represent them. (*Cf.* D.I. 52 at 19–20.) Moreover, as this Court has previously found, that interest is not protectable. (*See id.* at 12.) *See also Schuette v. Coal. to Defend Affirmative Action, Integration & Immigrant Rights & Fight for Equal. By Any Means Necessary (BAMN)*, 572 U.S. 291 (2014).

2

Organizations' proposed involvement at trial will "inevitably slow and unduly complicate the progress of this litigation." (D.I. 52 at 22.) The Organizations are not parties and should not be permitted to participate in opening and closing argument and present six additional fact witnesses as if they were.[2]

---

[2] The Organizations imply that denying their request is akin to "exclusion of [] key witnesses" or "preclusion of evidence." (D.I. 532 at 7–8.) Not so. The Organizations are not parties, and they do not have any right to participate in trial. *Nat. Res. Def. Council v. Evans*, 243 F. Supp. 2d 1046, 1047 (N.D. Cal. 2003) ("Amici, as distinguished from intervenors, may file briefs and may possibly participate in oral argument, but are not entitled to take discovery or participate at trial.").

Dated: September 21, 2018                    Respectfully submitted,

/s/ *John M. Hughes*
Adam K. Mortara
J. Scott McBride
Krista J. Perry
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
312.494.4400
adam.mortara@bartlit-beck.com
scott.mcbride@bartlit-beck.com
krista.perry@bartlit-beck.com

John M. Hughes
Katherine L.I. Hacker
Meg E. Fasulo
Bartlit Beck Herman Palenchar & Scott LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
303.592.3100
john.hughes@bartlit-beck.com
kat.hacker@bartlit-beck.com
meg.fasulo@bartlit-beck.com

William S. Consovoy
Thomas R. McCarthy
Michael H. Park
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703.243.9423
will@consovoymccarthy.com
tom@consovoymccarthy.com
park@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge BBO #678274
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
patrick@consovoymccarthy.com

Paul M. Sanford BBO #566318
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100 Providence,
RI 02903
617.345.3000
psanford@burnslev.com
bcaldwell@burnslev.com

*Attorneys for Plaintiff Students for Fair Admissions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 21st day of September, 2018.

*/s/ John M. Hughes*