IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,<br>   Plaintiff,<br> v.<br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br>   Defendant. | Civil Action No. 1:14-cv-14176-ADB |

## SFFA'S BENCH BRIEF REGARDING EXHIBITS D669 THROUGH D730

Harvard has stated that it intends to offer Exhibits D669 through D720 during its direct examination of David Card. Many, if not most, of these over sixty exhibits are not admissible summaries of voluminous evidence under Federal Rule of Evidence 1006.[1] Instead, they contain hearsay statements from Harvard's expert reports. SFFA has explained that it does not object to these being used as demonstrative exhibits, but they are not admissible into evidence as Rule 1006 summary exhibits.

"Rule 1006 allows the contents of voluminous writings . . . which cannot conveniently be examined in court [to] be presented in the form of a chart, summary, or calculation." *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) (internal quotation marks omitted). "Charts admitted under Rule 1006 are explicitly intended to reflect the contents of the documents they summarize and typically are substitutes in evidence for the voluminous originals. Consequently, they must fairly represent the underlying documents and be *accurate and nonprejudicial*." *Id.* at 398 (internal citations omitted) (emphasis added). "Most notably, Rule 1006 evidence normally is objectionable if the voluminous source material on which it is based is inadmissible." *Id.* at 396.

---

[1] Specifically, SFFA objects to the admission of D670, D682, D683, D685, pages 2 and 3 of D686, D687 through D691, pages 1 and 4 through 9 of D692, D693 through D702, page 1 of D705, D707, D709 through D711, D714 through D723, and D725 through D729.

Unlike a Rule 1006 summary exhibit that just reflects raw data, experts can use demonstratives summarizing their opinions or analysis under Federal Rules of Evidence 611 and 703. "By contrast, a pedagogical aid that is allowed under Rule 611(a) to illustrate or clarify a party's position, or allowed under Rule 703 to assist expert testimony, may be less neutral in its presentation." *Id.* at 398. "[P]edagogical charts or summaries may include witnesses' conclusions or opinions, or they may reveal inferences drawn in a way that would assist the jury." *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004). "But displaying such charts is always under the supervision of the district court under Rule 611(a), and in the end *they are not admitted as evidence.*" *Id.* (emphasis added).

The exhibits Harvard wants to offer during Dr. Card's testimony are charts and opinions taken directly from his reports. The following example shows the chart from Exhibit 17 of Dr. Card's rebuttal report summarizing his opinion about the average marginal effect of Asian-American ethnicity on the left and the chart Harvard wants to offer as D683 on the right:

| Class | Average Marginal Effect of Asian-American Ethnicity (Not Statistically Significant) | Class | Average Marginal Effect of Asian-American Ethnicity (Not Statistically Significant) |
|---|---|---|---|
| 1. 2014 | -0.43 | 1. 2014 | -0.43 |
| 2. 2015 | -0.04 | 2. 2015 | -0.04 |
| 3. 2016 | 0.06 | 3. 2016 | 0.06 |
| 4. 2017 | 0.12 | 4. 2017 | 0.12 |
| 5. 2018 | -0.43 | 5. 2018 | -0.43 |
| 6. 2019 | 0.27 | 6. 2019 | 0.27 |
| **Overall** | -0.07 | **Overall** | -0.07 |

This is not a summary of the raw data in Harvard's database like the number of applicants by ethnicity in a certain category. Instead, this reflects the various decisions Dr. Card made about what variables he should use in a regression analysis and shows his opinion about what the average marginal effect could be on Asian-American applicants based on those choices. Harvard can use tables like this as demonstratives to help Dr. Card describe his opinions under Rule 611(a). But just as his report would be inadmissible hearsay, these exhibits are also inadmissible as evidence.

In addition, Harvard has disclosed that it may plan on having Dr. Card offer substantive testimony about some of these exhibits. SFFA has explained that it has a second and separate objection to Dr. Card testifying about some of these exhibits because he has not disclosed any opinions in his reports related to the exhibits or the data contained in them.[2] Just as SFFA did with Professor Arcidiacono, Harvard can attempt to lay the foundation to admit what are truly Rule 1006 summary exhibits with Dr. Card. But if he has not disclosed any opinions relating to those exhibits, then he cannot testify further about them. *See Paolino v. JF Realty, LLC*, 830 F.3d 8, 13 (1st Cir. 2016).

---

[2] This objection applies to Exhibits D670, D672, D675, D678, D679, D682, D684, pages 1 through 4 of D688, D689, D690, pages 3 through 4 and 7 of D692, page 2 of D702, D704, pages 2 through 3 of D705, D707, D708, D710, D712, D713, and D730.

Dated: October 30, 2018                           Respectfully submitted,

/s/ *Adam K. Mortara*
Adam K. Mortara
J. Scott McBride
Krista J. Perry
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
312.494.4400
adam.mortara@bartlit-beck.com
scott.mcbride@bartlit-beck.com
krista.perry@bartlit-beck.com

John M. Hughes
Katherine L.I. Hacker
Meg E. Fasulo
Bartlit Beck Herman Palenchar & Scott LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
303.592.3100
john.hughes@bartlit-beck.com
kat.hacker@bartlit-beck.com
meg.fasulo@bartlit-beck.com

William S. Consovoy
Thomas R. McCarthy
Michael H. Park
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703.243.9423
will@consovoymccarthy.com
tom@consovoymccarthy.com
park@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge BBO #678274
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
patrick@consovoymccarthy.com

4

Paul M. Sanford BBO #566318
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100 Providence,
RI 02903
617.345.3000
psanford@burnslev.com
bcaldwell@burnslev.com

*Attorneys for Plaintiff Students for Fair Admissions, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of October, 2018.

/s/ *Adam K. Mortara*