WILMERHALE

October 30, 2018

**By ECF**

Seth P. Waxman

+1 617 526 6000 (t)
+1 617 526 5000 (f)
seth.waxman@wilmerhale.com

Honorable Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:  *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation)*, No. 1:14-cv-14176

Dear Judge Burroughs:

SFFA broadly seeks to preclude Harvard's expert Professor David Card from offering several summary exhibits into evidence on the ground that "they contain hearsay statements from Harvard's expert reports."  Dkt. No. 602 at 1.[1]  SFFA's position—which is both contrary to law and premature—should be rejected.

*First*, contrary to SFFA's assertions, the disputed summary exhibits are admissible under Federal Rule of Evidence 1006.  "The Federal Rules of Evidence offer multiple options for an attorney who wishes to summarize complex evidence and bring it to the [Court's] attention in the form of a chart."  *United States v. Milkiewicz*, 470 F.3d 390, 395 (1st Cir. 2006).  "Rule 1006 [summaries] are explicitly intended to reflect the contents of the documents they summarize and typically are substitutes in evidence for the voluminous originals."  *Id.* at 397; *see also* Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.").  As SFFA recognizes, Rule 1006 specifically "allows '[t]he contents of voluminous writings ... which cannot conveniently be examined in court [to] be presented in the form of a chart, summary, or calculation.'"  *Milkiewicz*, 470 F.3d at 396.

There is no dispute that the data on which the majority of the summary exhibits are based are voluminous—the exhibits summarize information derived from hundreds of fields of data for nearly 200,000 applicants over six separate admissions cycles.  The disputed summary exhibits are thus properly admissible as summary exhibits under Rule 1006.  *See, e.g.*, *United States v. McElroy*, 587 F.3d 73, 82 (1st Cir. 2009) ("[T]he testimony of Agent Guidoboni and Mr.

---

[1] While SFFA's brief fails to identify the specific exhibits to which it objects, during pretrial disclosures, SFFA offered objections to only DX670; DX679; DX682; DX683; DX685; DX686; DX687; DX688; DX689; DX690; DX691; DX692; DX693; DX694; DX695; DX696; DX697; DX698; DX699; DX700; DX701; DX702; DX705; DX707; DX709; DX710; DX711; DX714; DX715; DX716; DX717; DX718; DX719; DX720; DX721; DX722; DX723; DX725; DX726; DX727; DX728; DX729 (collectively, "the disputed summary exhibits").  *See* Dkt. 570-5 at 19-23 (SFFA's Objections).

WilmerHale

Honorable Allison D. Burroughs
October 30, 2018
Page 2

Johnson, as well as their exhibits, were properly admitted. Agent Guidoboni's testimony and exhibits fell within the permissible uses of Rules 1006 and 611(a) evidence …. His testimony did 'no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts.'").

*Second*, to the extent that any of the disputed exhibits is not a Rule 1006 summary as SFFA asserts, the exhibits are nonetheless admissible under Federal Rule of Evidence 611(a). Citing non-binding precedent from the Fourth Circuit, SFFA boldly asserts that summaries under Rule 611(a) "are not admitted as evidence." Dkt. 602 at 2. But it is well settled in the **First Circuit** that "a pedagogical aid that is allowed under Rule 611(a) to illustrate or clarify a party's position, or allowed under Rule 703 to assist expert testimony" may be "sufficiently accurate and reliable that they, too, are admissible in evidence, even though they do not meet the specific requirements of Rule 1006." *Milkiewicz*, 470 F.3d at 397-398; *see also* Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to … avoid wasting time.").

SFFA does not dispute that the information contained in the disputed summary exhibits may be admitted into evidence through Professor Card's testimony. Nor does SFFA contest that many of the summary exhibits contain information that was derived directly from Professor Card's reports. It thus makes little sense to waste the Court's time by forcing Professor Card to go through the exercise of reading numbers contained on the summary exhibits into the record when the summary exhibits are readily available to assist the Court in understanding his testimony. *See McElroy*, 587 F.3d at 81-82 ("Our case law permits the use of summary tools to clarify complex testimony and evidence."); *United States v. Cadden*, No. 14-CR-10363-RGS, 2017 WL 758461, at *1 (D. Mass. Feb. 27, 2017) ("It has long been the practice in state and federal courts that a witness familiar with the underlying documents may present complex records that cannot be conveniently examined in court in a summary form (typically by way of a chart). **Summaries of complex testimony are also admissible**." (emphasis added)).

*Third*, the disputed summary exhibits are admissible under Federal Rule of Evidence 703, as "the 'facts or data' underlying an expert's opinion." *United States v. DeSimone*, 488 F.3d 561, 577 (1st Cir. 2007). For example, in *DeSimone*, the First Circuit affirmed the district court's decision to admit a summary chart proffered by the government's expert which "listed complicated transactions from many sources to summarize the government's calculations concerning taxable income, an essential part of the government's case." *Id.* Many of the summary exhibits at issue here serve exactly that purpose and are thus properly admitted under Federal Rule of Evidence 703. *See, e.g.*, *United States v. Gold*, 743 F.2d 800, 816 (11th Cir. 1984) ("The information in the last two columns reflected HHS Special Agent Frank Cioffi's conclusions as to what Medicare should actually pay in each instance. Agent Cioffi was **properly qualified as an expert witness** on Medicare coverage …. Because the evidence summarized by the chart was all before

WILMERHALE

Honorable Allison D. Burroughs
October 30, 2018
Page 3

the jury in the form of ***documentary evidence or witnesses' testimony*** …, we cannot conclude that the district court abused its discretion by admitting the chart into evidence." (emphases added)).

*Fourth*, SFFA asserts—***for the first time***—that certain exhibits that merely summarize the data to which both parties had access and to which SFFA did not object during the pretrial disclosure phase are now inadmissible. Dkt. 602 at 3. As an initial matter, the time for SFFA to lodge such objections has long passed—objections were exchanged nearly two months ago and filed with the Court October 1.[2] Dr. Card may certainly proffer descriptive data about the characteristics of Harvard's applicant pool to which both parties had access and SFFA did not object. *See, e.g.*, *Harkabi v. SanDisk Corp.*, 2012 WL 2574717 (S.D.N.Y. June 20, 2012) (use of specific factual evidence "was not beyond the scope of [the expert's] Reports, and did not set forth any new or complex methodologies intended to fill a gap in his analysis," but merely "provided evidentiary details for his opinions by further illustrating and elaborating the basis and methodology underlying them"). To the extent that SFFA contends that Dr. Card is intending to offer new opinions based on these exhibits—he is not—those objections are best taken up in the context of his testimony at trial.

*Finally*, the content of the disputed summary exhibits varies greatly, such that SFFA's objections are more properly addressed on an exhibit-by-exhibit basis. For example, SFFA has objected to exhibits summarizing the annual percentage change in the share of the admitted and matriculating classes by race (DX711), as well as to exhibits that summarize the results of Professor Card's analyses of the data at issue in this case which appear verbatim in his expert reports (*see, e.g.*, DX685). Given the variation in the content of the exhibits, SFFA's objections are more properly addressed in the context of Professor Card's testimony at trial.

Accordingly, there is no basis for excluding the disputed summary exhibits, which fall squarely within the scope of Rules 1006, 611(a), and 703, and are thus admissible.

---

[2] SFFA objects to DX670, DX672, DX675, DX678, DX679, DX682, DX684, pages 1 through 4 of DX688, DX689, DX690, pages 3 through 4 and 7 of DX692, page 2 of DX702, DX704, pages 2 through 3 of DX705, DX707, DX708, DX710, DX712, DX713, and DX730. But SFFA did not object at all to the ***vast majority*** of these exhibits—DX672, DX675, DX678, DX679, DX682, DX684, pages 1 through 4 of DX688, pages 3 through 4 and 7 of DX692, pages 2 through 3 of DX705, DX708, DX712, DX713, and DX730—during the pretrial disclosure phase and SFFA withdrew its objection to DX704 last night.

WILMERHALE

Honorable Allison D. Burroughs
October 30, 2018
Page 4

Respectfully submitted,


/s/ Seth P. Waxman
Seth P. Waxman


cc: Counsel of record (via ECF)