IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,<br>   Plaintiff,<br> v.<br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br>   Defendant. | Civil Action No. 1:14-cv-14176-ADB |

## REPLY IN SUPPORT OF ADMISSION OF P438 AND P588

  Plaintiffs' Exhibits P438 and P588 contain the databases at the very heart of this case. Those files are the raw data from which SFFA's and Harvard's experts drew their conclusions about whether Harvard discriminates against Asian-American students in the admissions process. There is no question that the central issue in this case—whether Harvard's admissions practices reflect discrimination against Asian-Americans—is being determined in large part on the basis of statistical analysis of those very application files that are in the database." Harvard does not argue that these databases are irrelevant under Rule 401. Nor does Harvard challenge the authenticity or reliability of the data at issue.

  In urging the exclusion of this plainly relevant evidence, Harvard cites only Rule 1006, but that is a rule of *inclusion*, not *exclusion*. Rule 1006 provides that the "proponent" of the evidence (here, SFFA) "may" use a summary, chart, or calculation to "prove the content of" voluminous evidence that could not be conveniently examined in court. But absolutely nothing in the text of Rule 1006 purports to *limit* or *restrict* the admissibility of the underlying evidence if the proponent seeks to introduce it alongside the summary charts. For example, in *United States v. Fahnbulleh*, 752 F.3d 470, 478-79 (D.C. Cir. 2014), the D.C. Circuit affirmed the admission of "36 binders containing over 10,000 pages of raw data," as well as Rule 1006 summaries of that data.

Harvard relies heavily on the last sentence of Rule 1006, which states that "the court may order the proponent to produce [the original data] in court." But that sentence has no application here. That language, by its plain terms, addresses a situation in which the proponent seeks to introduce *only* the Rule 1006 summaries and not the underlying data. In that situation, the court may order the proponent to produce the original data to give the other party an opportunity to examine it. But it provides no basis for the other party to *oppose* production of the underlying data.

In its opposition to the admission of Plaintiffs' Exhibits 438 and 588, Harvard does not cite a single case finding that a district court erred or abused its discretion by admitting raw data as well as summaries of the data under FRE 1006. In *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1 (1st Cir. 1996), the plaintiff sought to introduce summaries under Rule 1006 even though it had not made the underlying data available to the defendant; the First Circuit affirmed the exclusion of such evidence because the plaintiff did not "make the originals or duplicates available for examination" as the plain text of Rule 1006 requires. *See id.* at 7-9. The Court noted in dicta that the evidence in Rule 1006 summaries *need not* be admitted at trial, but did not discuss the factors that would guide the court's discretion on that question n because no issues were presented in the case. *See id.* at 7 n.14.

Harvard also cites *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) for the proposition that "evidence underlying summaries need not be admitted into evidence." But the second half of the quoted sentence—which Harvard fails to cite—makes clear that "nothing in [Rule 1006] *forecloses* a party from" introducing the underlying evidence. *Id.* (emphasis added). In all events, the Court's actual holding in *Milkiewicz* addressed the interplay between Rule 1006 (summary evidence) and Rule 611 (pedagogical aides), which is irrelevant to the admission of the exhibits at issue here.

*United States v. Bakker*, 925 F.2d 728 (4th Cir. 1991), is also inapposite. Once again, this case does not involve a court *refusing to admit* the underlying data. The defendant in *Bakker* argued that the prosecution could not introduce summaries of voluminous videotapes unless the full tapes had been

2

admitted. The court rejected that argument based on the plain text of Rule 1006. But nothing in *Bakker* suggests that the underlying data is inadmissible when a party seeks to introduce the raw data *alongside* a Rule 1006 summary sheet.

Finally, Harvard argues throughout its opposition that the underlying databases should not be admitted into evidence because they contain confidential or sensitive information. But Harvard cites zero authority holding that this is a ground for excluding otherwise-admissible evidence. If Harvard believes that the databases should remain under seal after the conclusion of trial, the parties can address that issue in connection with the Court's resolution of the other confidentiality and sealing issues in this case. Indeed, SFFA does not object to the Court receiving this information under seal. But that issues is not a ground to exclude relevant evidence from the trial record.

Dated: October 30, 2018                    Respectfully submitted,

/s/ *Adam K. Mortara*
Adam K. Mortara
J. Scott McBride
Krista J. Perry
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
312.494.4400
adam.mortara@bartlit-beck.com
scott.mcbride@bartlit-beck.com
krista.perry@bartlit-beck.com

John M. Hughes
Katherine L.I. Hacker
Meg E. Fasulo
Bartlit Beck Herman Palenchar & Scott LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
303.592.3100
john.hughes@bartlit-beck.com
kat.hacker@bartlit-beck.com
meg.fasulo@bartlit-beck.com

William S. Consovoy
Thomas R. McCarthy
Michael H. Park
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703.243.9423
will@consovoymccarthy.com
tom@consovoymccarthy.com
park@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge BBO #678274
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
patrick@consovoymccarthy.com

Paul M. Sanford BBO #566318
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100 Providence, RI 02903
617.345.3000
psanford@burnslev.com
bcaldwell@burnslev.com

*Attorneys for Plaintiff Students for Fair Admissions, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of October, 2018.

/s/ *Adam K. Mortara*