UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**HARVARD'S OPPOSITION TO SFFA'S MOTION TO ADMIT P438 AND P588**

On October 25, 2018, Day 9 of trial, Plaintiff Students for Fair Admissions, Inc. ("SFFA") orally moved to admit Plaintiffs' Exhibit 438 and Plaintiffs' Exhibit 588, two thumb drives containing voluminous information from the database of the Harvard College Office of Admissions and Financial Aid.  Day 9 Tr. 8:13-15.  Federal Rule of Evidence 1006 gives this Court ample discretion to exclude those exhibits, and it should do so.

P438 contains 475 native Excel spreadsheets produced by Harvard, many of which include hundreds of data points about 200,000 applicants to Harvard.  Just one of those spreadsheets, if printed out, would span 18,000 pages.  P588 is the dataset used by Professor Arcidiacono, which contains the same individualized student data in a different format.  It comprises four gigabytes of individualized applicant data and requires specialized software to open it and specialized training to use it.

The two exhibits contain extraordinarily sensitive personal information about applicants to Harvard College.  They contain, for example, information about applicants' high schools, grades, test scores, extracurricular activities, parents' occupation and education, and the profile

1

ratings the Admissions Office assigns to various aspects of application materials. Although the students' names and dates of birth are not included, simple online searching can quickly reveal the identity of many students associated with the information in the exhibits; for example, searches will reveal students associated with specific high school sports teams or extracurricular activities. For these reasons, these exhibits have been designated HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY, and are subject to the protective order entered by the Court in this case.

There is no good reason to admit those exhibits, and ample reason to exclude them. Federal Rule of Evidence 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. *And the court may order the proponent to produce them in court.*

Fed. R. Evid. 1006 (emphasis added). As the language of the final sentence of the Rule indicates, this Court has discretion to exclude voluminous information underlying summaries that have themselves been admitted into evidence.

The First Circuit has made clear that no rule requires the Court to admit voluminous data underlying summary exhibits. As the Circuit explained in *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1 (1st Cir. 1996), "evidence underlying Rule 1006 summaries need not be admitted into evidence. Indeed, such an interpretation of the rule would negate its explicit grant of *discretion* to the trial judge to order the underlying documents produced in court." *Id.* at 7 n.14 (citations omitted). In *United States v. Milkiewicz*, 470 F.3d 390 (1st Cir. 2006), the Court reiterated its holding that "evidence underlying summaries need not be admitted into evidence" and explained that "in most cases a Rule 1006 chart will be the *only* evidence the

fact finder will examined concerning a voluminous set of documents." *Id.* at 396. *Accord United States v. Bakker*, 925 F.3d 728, 736-737 (4th Cir. 1991) (rejecting argument that Rule 1006 required admission of data underlying summary exhibits, and finding no basis for that data to be admitted when parties and district court had the summary evidence).

In this case, SFFA has introduced, without objection from Harvard, 15 charts summarizing information from the two exhibits. *See* P617-P631; Day 9 Tr. 8:16-17. Those charts, as well as Harvard's summary exhibits and the extensive expert testimony that has been presented and will be presented during the trial, provide the Court with the information that it needs to understand the parties' arguments about the Harvard admissions office data; SFFA indicated that it would rely on the summary charts to explain the underlying data, *see* Day 1 Tr. 12:19-23, and the Court explained at trial that it did not intend to inspect the underlying data, *see* Day 9 Tr. 11. The truth-seeking function of this trial would therefore not be advanced by admission of the underlying data.

By contrast, admission of the underlying data, in addition to cluttering the record with irrelevant information, would pose a risk of serious harm to the privacy interests of applicants to Harvard. These exhibits contain highly sensitive information in which students reveal personal and often identifying details about their personal lives. Applicants to Harvard expect that Harvard will maintain this information in strict confidence, and Harvard does so. That information, if admitted, will be the subject of intense, and perhaps commercial or prurient, interest by others seeking access to the data. Given the students' weighty privacy interests, and the absence of any need for the data to be admitted, P438 and P588 should be excluded.

Respectfully submitted,

/s/ Seth P. Waxman

| | |
|---|---|
| William F. Lee (BBO #291960) | Seth P. Waxman (*pro hac vice*) |
| Felicia H. Ellsworth (BBO #665232) | Paul R.Q. Wolfson (*pro hac vice*) |
| Andrew S. Dulberg (BBO #675405) | Danielle Conley (*pro hac vice*) |
| Elizabeth Mooney (BBO #679522) | Brittany Amadi (*pro hac vice*) |
| Sarah R. Frazier (BBO #681656) | Daniel Winik (*pro hac vice*) |
| WILMER CUTLER PICKERING HALE AND DORR LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 60 State Street | 1875 Pennsylvania Ave. NW |
| Boston, MA 02109 | Washington, D.C. 20006 |
| Tel: (617) 526-6687 | Tel: (202) 663-6800 |
| Fax: (617) 526-5000 | Fax: (202) 663-6363 |
| william.lee@wilmerhale.com | seth.waxman@wilmerhale.com |
| felicia.ellsworth@wilmerhale.com | paul.wolfson@wilmerhale.com |
| andrew.dulberg@wilmerhale.com | danielle.conley@wilmerhale.com |
| elizabeth.mooney@wilmerhale.com | brittany.amadi@wilmerhale.com |
| sarah.frazier@wilmerhale.com | daniel.winik@wilmerhale.com |
| | |
| | Debo P. Adegbile (*pro hac vice*) |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | 7 World Trade Center |
| | 250 Greenwich Street |
| | New York, NY 10007 |
| | Tel: (212) 295-6717 |
| | Fax: (212) 230-8888 |
| | debo.adegbile@wilmerhale.com |
| Dated:  October 26, 2018 | *Counsel for Defendant President and Fellows of Harvard College* |