

Dana Green
Senior Counsel

T 212 556 5290
Dana.green@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

November 17, 2022

**VIA EMAIL**

The Honorable Allison D. Burroughs
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College et al*, No. 14cv14176-ADB

Dear Judge Burroughs:

I am counsel to The New York Times Company and reporters Anemona Hartocollis and Adam Liptak (collectively, "The Times"). On November 11, 2022, Professor Jeannie Suk Gersen wrote to the Court, requesting that sealed sidebar transcripts in the above-referenced case be unsealed and made available to the public. The Times writes in support of Prof. Gersen's request and to further request that the Court review and make appropriately available to the public any other sealed or confidential records in this case.

As part of our national commitment to democratic government, it is well-settled that there is a First Amendment and common law right of access to judicial records and proceedings. This is because "public monitoring of the judicial system fosters important values of quality, honesty, and respect for our legal system." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9-10 (1st Cir. 1998). *See also Globe Newspaper Co. v. Superior* Court, 457 U.S. 596, 606 (1982). That commitment to transparency extends not just to trial proceedings but also to "sidebar or chambers conferences." *United States v. Smith*, 787 F.2d 111, 116 (3d Cir. 1986).

While the right of access is qualified, "the scales tilt decidedly toward transparency." *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011). The party seeking sealing—or seeking to maintain sealing—bears the burden of showing that sealing is justified by higher

values that outweigh the public's right of access and that sealing is narrowly tailored to serve that interest. *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)). *See also Poliquin v. Garden Way*, 989 F.2d 527, 533 (1st Cir. 1993) ("[O]nly the most compelling reasons can justify the non-disclosure of judicial records." (quotation and citation omitted)).

And, as courts in this district have noted, "the public interest is strongest (and the burden to overcome it the highest) for documents introduced at trial *or included in an appellate record*." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) (citations omitted) (emphasis added). Here, as Prof. Gersen noted, the transcripts at issue are part of the appellate record now before the United States Supreme Court.

On November 15, 2022, defendant Harvard University opposed unsealing, arguing, first, that the records at issue contain information designated confidential by the parties pursuant to a protective order. But the parties' agreement to a protective order is not a proper basis for sealing. *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 447-48 (D. Mass. 2015) ("[Parties] may not rely solely on their designations under a discovery protective order to support sealing motions; they must show that each document they seek to seal should be sealed under the appropriate standard.").

Harvard also opposes unsealing on the basis that the transcripts contain "personal and confidential information." Harvard does not identify what information is at issue or how it would result in a harm that outweighs the public interest. This is insufficient. *See, e.g.*, *Poliquin*, 989 F.2d at 533 ("garden-variety" claims of confidentiality or embarrassment are not a compelling reason to seal judicial records).

As You Honor is well aware, this case is of national significance with the potential to significantly alter higher education. The public therefore has a substantial interested in examining and understanding the record now before the United States Supreme Court. In contrast, as Prof. Gersen has highlighted, the passage of time makes it less likely that private interests rise to a level that would justify continued sealing.

To the extent that there are interests that continue to justify sealing, The Times respectfully requests that the Court consider whether redaction of specific portions of the sealed records may be a more appropriate remedy. *See, e.g.*, *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) ("[W]here the public's right of access competes with privacy rights, it is

proper for the district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." (quotation omitted)).

Respectfully submitted,

Dana Green