

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

November 17, 2022

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:     *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
          No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

SFFA respectfully submits this letter in response to the request by Jeannie Suk Gerson to unseal portions of the trial transcripts (Doc. 691) and Harvard's blanket opposition to this request (Doc. 692).

As SFFA has previously noted in this case, the First Amendment generally protects public access to court proceedings. *See* Docs. 388, 427. "There is a longstanding tradition of public access to trials … in our judicial system—a tradition that is protected both by the common law and the First Amendment." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (citing *Nixon v. Warner Comm'ns*, 435 U.S. 589, 597 (1978)). As a result, court records may be sealed only for "the most compelling reasons," *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002), and courts "must ensure that any sealing is narrowly tailored to shield as little from public view as possible," *Bradford & Bigelow*, 109 F. Supp. 3d at 449.

SFFA agrees with Harvard that identifying information about applicants should remain sealed, absent those applicants' consent to disclosure. We do not understand Professor Gersen to be seeking disclosure of this category of information, which the parties and Court have always treated as confidential in this case. And the only example SFFA is aware of in this category is discussed at Corrected Tr. of Bench Trial – Day 6:19-7:11.[1] The rest of the discussion Harvard cites from that portion of the transcript does not reveal any identifying information of an applicant.

SFFA disagrees, however, with Harvard's other assertions. As a general matter, because any sealing must be narrowly tailored, the handful of examples Harvard cites cannot justify sealing every sidebar discussion, especially since the trial has long

---

[1] SFFA likewise objects to the disclosure of any applicant-identifying information in any other trial documents that may become the subject of a request to unseal. *See* Doc. 693.

concluded and disclosure of the Court's on-the-record conversations with counsel cannot *today* pose any obstacle to the judicial process or the orderly presentation of evidence.

Moreover, the examples Harvard relies upon do not contain "confidential" information. One example involves information that Harvard *itself* asserted was so publicly available at the time that anyone casually investigating the subject would know.[2] Corrected Tr. of Bench Trial – Day 7 6:21-22. And the other example Harvard identifies involves discussion of documents that were produced in response to *a public records request* under the Freedom of Information Act. Corrected Tr. of Bench Trial – Day 3 at 11:21-22:19; Corrected Tr. of Bench Trial – Day 10 at 119:21-129:22. Harvard's assertion these portions of the transcript should remain sealed is without merit.

Respectfully submitted,

*/s/ Patrick Strawbridge*
Patrick Strawbridge

cc:     ECF recipients

---

[2] The Court later determined that this information was public, though not as easily ascertainable as Harvard posited. Corrected Tr. of Bench Trial Day 9 at 15:10-14.